25

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

P J COTTER,

      Plaintiff,

      v.

U.S. BANK, N.A. AS TRUSTEE FOR
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C.,

      Defendants.

Case No. 16-13080

Honorable Sean F. Cox

Magistrate Judge Anthony P. Patti

FILED

2016 OCT -7 P 1: 42

U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

---

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

---

      Plaintiff, P J Cotter, ("Cotter") learned his home is to be sold October 13,

2016 during a telephone call initiated by the Servicer on September 27, 2016.

      Pursuant to Fed. R. Civ. P. 65 and E. D. Mich. LR R 65.1 Cotter moves the

Court to issue a Temporary Restraining Order and Preliminary Injunction requiring

Defendants: Trott Law, P.C. ("Trott Law"); Ocwen Loan Servicing, LLC

("Ocwen"); and U.S. Bank National Association, as Trustee for GreenPoint

Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR4

1

(the "Trustee"), (collectively "Defendants") to issue a temporary restraining order and preliminary injunction to stay the sale of his property until one or more of the Defendants can show the Mortgagee is a valid and rightful holder of his note under Michigan's Uniform Commercial Code, § 440.1101 et seq.

In support of this motion, plaintiff relies upon the attached memorandum of points and authorities.

Respectfully submitted,

By: _P J Cotter_ _____

P J Cotter, Pro se
PO Box 131
Anchorville, MI 48004
810-459-6972
pocmich@yahoo.com

Date: September 7, 2016

2

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2016, I filed a hardcopy of the

foregoing document with the Clerk of the Court, which will send notification of

such filing to all registered recipients, and upon the following by first-class United

States mail, with postage prepaid:


Nasseem S. Ramin
**DYKEMA GOSSETT PLLC**
400 Renaissance Center, 37th Floor
Detroit, MI 48243

Paul J. Santi
**Trott Law, P.C.**
31440 Northwestern Hwy
Suite 200
Farmington Hills, MI 48334

3

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

P J COTTER,

          Plaintiff,

    v.

U.S. BANK, N.A. AS TRUSTEE FOR
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C.,

          Defendants.

Case No. 16-13080

Honorable Sean F. Cox

Magistrate Judge Anthony P. Patti

---

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

1

# CONTENTS

I.   INTRODUCTION...................................................................................5

II.  FACTUAL BACKGROUND ...............................................................5

III. ARGUMENT.......................................................................................6

IV.  LEGAL STANDARDS .......................................................................7

V.   COTTER IS ENTITLED TO A TEMPORARY RESTRAINING ORDER
AND A PRELIMINARY  INJUNCTION REQUIRING THE DEFENDANTS TO
STAY SALE. ...........................................................................................7

   A.  *Cotter will Prevail on the Merits*...................................................8

      1.  *The facts and law support Cotter's Claims* ...............................8

      2.  *The UCC and FDCPA are inextricably bound and the debt is  not
      validated.* ....................................................................................8

   B.  *Irreparable Harm: If the relief is not granted, the harm  caused  could not
   be remedied by damage* ......................................................................9

      1.  *M.C.L. § 600.3201...600.3285 brings certain irreparably harm  to Cotter
      by  depriving him of standing*..............................................................9

      2.  *If stay is not granted, the dilemma is: To maintain standing  Cotter must:
      (a) pay an entity who refused to show it is  entitled to enforce his note, or (b)
      forfeit all rights in the  property and face the subsequent collapse of
      standing...* ...................................................................................11

   C.  *Balance of Hardships: Cotter faces the greater injury lf relief  is  denied* .12

      1.  *The greater injury*...................................................................12

      2.  *The greater inequity* ...............................................................13

    D.     *Preserve Status Quo: Stay will preserve the Parties' last  peaceable uncontested status.*................................................................................................13

    E.     *Public Interest: Public interest implicated by the requested relief  is great* ..............................................................................................................14

        *1.*    *Equal access to the laws of Michigan*......................................................15

        *2.*    *Waiver or abandonment of certain legal rights in the note* .....................15

        *3.*    Possession versus an obligor's right to challenge a mortgagee/alleged holder........................................................................................................15

        *4.*    *The proper instrumentality to challenge a mortgagee/holder* .................16

VI.   CONCLUSION ........................................................................................16

## Cases

*Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001)..............................................7

*Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)...............7

*Gorbach v. U.S. Bank Nat'l Ass'n* (Mich. App., 2014)............................................11

*Ne. Ohio Coal. for Homeless & Serv. Emps. Union v. Blackwell*, 467 F.3d 999,

    1009 (6th Cir. 2006)................................................................................7

*Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008)....................7

*Rock & Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998)......7

## Rules

E. D. Mich. LR R 65.1 ..............................................................................................5

## Statutes

M.C.L. § 440.1101 et seq. .............................................................................. passim

M.C.L. § 600.3201...600.3285 ....................................................................... passim

M.C.L. § 600.3204 ....................................................................................13

M.C.L. § 600.3236 ....................................................................................10

M.C.L. § 600.3240 ....................................................................................10

M.C.L.§ 600.3241(a).....................................................................................9

4

Plaintiff, P J Cotter, ("Cotter") submits the following memorandum of points and authorities in support of his *Motion for a Temporary Restraining Order and Preliminary Injunction* (the "Motion").

## I.  INTRODUCTION

Prior to removal from the Circuit Court of Michigan, a 'Show Cause' hearing was calendared for August 29, 2016. The matter was removed August 25, 2016.

The 'Show Cause' hearing was not held.

In pertinent part, E. D. Mich. LR R 65.1 reads, *"Requests for temporary restraining orders and for preliminary injunctions **MUST** be made by a separate motion and **not by order to show cause"** (emphasis added). E. D. Mich. LR R 65.1.

With this Motion, Cotter seeks a temporary restraining order and preliminary injunction in conformance with the Local Rules.

## II.  FACTUAL BACKGROUND

On August 10, 2016, Cotter filed with the Circuit Court of Michigan his *Complaint* (Doc. # 1-1 at 4.)*; Ex Parte Motion and Brief for Temporary Restraining Order*, (Doc. # 1-1, at 124.); and *Order to Show Cause* (Doc. # 1-1 at 134.) and served all Defendants. The *Order to Show Cause* sought to restrain the Defendants from continuing with non-judicial foreclosure proceedings for the property.

On August 24, 2016, defendant Trott Law, alone, responded in the Circuit Court with its *Response to Plaintiff's Motion for an Order to Show Cause and Why a Preliminary Injunction Should Not Be Granted.* The show cause hearing was set for August 29, 2016.

On August 25, 2016, Defendant Trott Law removed the matter to U.S. District Court. (*Notice of Removal*, Doc. # 1.)

On September 1, 2016, Ocwen and the Trustee filed a joint Motion to Dismiss. Cotter is to respond on or before October 11, 2016.

## III.   ARGUMENT

Cotter is entitled to a temporary restraining order and a preliminary injunction staying the sale of his home. Cotter is likely to prevail on the merits, and certain to suffer irreparable injury if this motion is not granted. The Court must act now to prevent irreparable injury to Cotter and the public as an important issue of law under Michigan's Uniform Commercial Code, M.C.L. § 440.1101 et seq. raised in his Complaint.

Cotter contends the Defendants failed or refused to show anyone is entitled to enforce his note under M.C.L. § 440.1101 et seq. when challenged, and subsequently waived or abandoned any alleged legal rights in the note.

The prospect of harm to the Defendants is low if the motion is granted, and the public's interest strongly favors Cotter's Motion.

6

## IV.    Legal Standards

Courts are to consider "the same factors considered in determining whether to issue a TRO or a preliminary injunction." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Ne. Ohio Coal. for Homeless & Serv. Emps. Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). The moving party has the "burden of proving that the circumstances clearly demand [a TRO]." See *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

When evaluating a motion for preliminary injunction, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) (quoting *Rock & Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998)).

No single factor is controlling of the outcome, although if "there is simply no likelihood of success on the merits" that is usually "fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

## V.    Cotter Is Entitled to a Temporary Restraining Order and a Preliminary Injunction Requiring the Defendants to Stay Sale.

### A.    *Cotter will Prevail on the Merits*

While Cotter's Complaint is composed of several causes of action, the common foundation of each is the Defendant's collective inability or failure to demonstrate it is the person entitled to enforce his note when challenged under M.C.L. § 440.1101 et seq.

### 1.    *The facts and law support Cotter's Claims*

At trial Cotter will show: (a) his reliance on the laws of Michigan and the applicability of M.C.L. § 440.1101 et seq. to challenge those acting as or for the Holder of his note; (b) that he challenged the Defendants to show the holder was entitled to enforce his note under M.C.L. § 440.1101 et seq.; (c) that the Defendants unreasonably failed or refused to show they were entitled to enforce his note; and (d) that the Defendants began to enforce the note via non-judicial foreclosure proceedings without the requisite legal rights in the note.

### 2.    *The UCC and FDCPA are inextricably bound and the debt is not validated.*

At trial Cotter will show Trott Law and the Trustee failed to meaningfully validate the debt by showing the collector/holder is a rightful holder with 100% of the rights.

The enforcement of notes and protections afforded Cotter under M.C.L. M.C.L. § 440.1101 et seq. and the FDCPA are inextricably intertwined. The

Defendants refused, or are unable, to show the mortgagee is a rightful holder by virtue of negotiation and a qualifying transfer.

The Defendants worked in concert to collect an obligation that they refused to show any entity has a legal right to collect/enforce. A simple proving of the alleged rights in the note would show the Defendants are not misrepresenting the status, character, nature, or legal status of the obligation it is seeking to enforce.

Cotter, as a prudent person, sought substantiation of the alleged enforcement rights from the holder and its agents under M.C.L. § 440.1101 et seq. and the FDCPA.

Cotter has received no meaningful responses.

### B. Irreparable Harm: If the relief is not granted, the harm caused could not be remedied by damage

#### 1. M.C.L. § 600.3201...600.3285 brings certain irreparably harm to Cotter by depriving him of standing

Michigan's six-month redemption period begins upon sale. The *Notice of Mortgage Foreclosure Sale* reads,

> The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with M.C.L.§ 600.3241(a), in which case the redemption period shall be 30 days from the date of such sale. (Notice of Mortgage Foreclosure Sale, Doc. # 1-1 at 85.)

This places Cotter in a precarious position. First, he would be required to conjure up funds to redeem the property, which is unlikely. Second, through the

mechanics of M.C.L. § 600.3201...600.3285, Cotter would have to redeem the property to maintain standing in this action against the Defendants. If Cotter cannot redeem the property due to an inability to secure funding, he loses standing to prosecute his claims. This is not based on merits or jurisdiction this court has now, but rather for technical reasons.

Pursuant to M.C.L. § 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months. It is a legal impossibility to fully litigate his complaint in six months.

> "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." M.C.L. § 600.3236.

If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942).

The eventual loss of standing due to the inability to finance the redemption would cause irreparable harm. Cotter is attempting to defend his property from a rightless possessor of his note.

10

**2.**   ***If stay is not granted, the dilemma is: To maintain standing
Cotter must: (a) pay an entity who refused to show it is
entitled to enforce his note, or (b) forfeit all rights in the
property and face the subsequent collapse of standing***

We hold plaintiffs lost standing when the redemption period expired without

a court order staying it. *Gorbach v. U.S. Bank Nat'l Ass'n* (Mich. App., 2014).

The workings of M.C.L. § 600.3201...600.3285 presumes mortgagees are the

rightful holders of a note. The statutory scheme does not address Cotter's M.C.L. §

440.1101 et seq. challenges to show it is entitled to enforce.

On April 9, 2013, Cotter sent UCC demand letters to Ocwen and Orlans,

Trott Law's predecessor. (Doc. # 1-1 at 59 & 66.) On June 17, 2012, Cotter sent

reminder letters to Ocwen and Orlans. (Doc. # 1-1 at 73 & 74.) Then on February

21, 2014, Cotter sent his third letters to Ocwen and Orlans. (Doc. # 1-1 at 75 &

76.) On July 27, 2016, Cotter sent a fourth demand/request letter to Ocwen at two

(2) addresses. (Doc. # 1-1 at 109 & 115.) On July 26, 2016 Cotter sent a UCC

personalized UCC demand letter to Trott Law. (Doc. # 1-1 at 89.) Cotter also

advised Trott Law that its predecessor failed to respond to any of his UCC

demands and provided a copy of such. (Doc. # 1-1, at 86.) On July 27, 2016, Cotter

also sent a UCC demand letter to the Trustee. (Doc. # 1-1 at 94 & 104.) All

Defendants were fully aware of the outstanding requirements, but failed to respond

meaningfully.

Cotter contends he will be irreparably harmed by both horns of the dilemma: (a) loose standing and the ability to prosecute his action, or (b) redeem his property from one who refuses to show it has the right to foreclose. Redemption would be paid to one without demonstrated authority under M.C.L. § 440.1101 et seq. This harsh exaction and subsequent irreparable harm is derived from holding M.C.L. § 600.3201...600.3285 in higher esteem than M.C.L. § 440.1101 et seq. for judicial economy.

M.C.L. § 600.3201...600.3285 facilitates efficiency for the mortgagee. Both parties rely on M.C.L. § 440.1101 et seq.: (a) the mortgagee, to show it is a holder if it is not the original obligee, (b) the borrower/obligor/maker, to defend against one who is at best a holder in wrongful possession or is in possession without the rights of a holder. As a collective, the Defendants failed to show the possessor of his note is not a holder in wrongful possession or is in possession without the rights of a holder.

To redeem the property from a rightless possessor of his note would be an injustice, prejudicial, and an irreparable harm to Cotter.

### C.    *Balance of Hardships: Cotter faces the greater injury lf relief is denied*

#### 1.    *The greater injury*

In addition to the reasons stated in Section B - *Irreparable Harm,* the redemption extraction would reduce his ability to prosecute this action and defend

12

his home. If the sale proceeds, Cotter's predictable loss of standing will cut-off his UCC challenges and well-pled causes of action.

Minimally, the sale should be stayed until the Defendants demonstrate one of the collective is legitimately entitled to enforce the note, fully meeting all the elements to become a rightful and valid holder.

### 2.   The greater inequity

If the party foreclosing is not the original **mortgagee**, a record **chain of title** must exist prior to the sale date evidencing the **assignment of the mortgage** to the party foreclosing (emphasis added). M.C.L. § 600.3204.

Michigan's power of sale statutes do not weigh the rights of a maker of a note. The statutes presume default without definition or test. As the maker of a note, Cotter finds himself alone, faced by three entities armed with the untested presumptions of default, holder status, and M.C.L. § 600.3201...600.3285.

Once challenged under M.C.L. § 440.1101 et seq., the person(s) seeking foreclosure by advertisement should show it is more than a mere "assignee of a mortgage" and is indeed a rightful holder of the note.

No redress is availed to Cotter outside the courts, and without a stay, all of his rights are cut off.

### D.   Preserve Status Quo: Stay will preserve the Parties' last peaceable uncontested status

13

Stay will preserve the Parties' last peaceful status, which was that of a homeowner and Servicer.

Non-peaceful and contested status began when the Defendants acted as, or for, an alleged holder. The contest escalated because the Defendants will not meaningfully respond to Cotter's UCC demand letters.

If the Parties are permitted to retain their current status – that is Cotter preserves his rights in his property and note – the Defendants can fulfill their 'current' duties and obligations to Cotter under the federal statutes regulating servicers, debt collection, and Michigan's M.C.L. § 440.1101 et seq.

Prior to sale, the Defendants have opportunity and duty to show the person enforcing the note 'is' entitled to enforce, rather than conducting the sale and having them show the person enforcing the note 'was' entitled to enforce.

Post-sale injuries will result if sale occurs and the Defendants cannot or do not show a valid and rightful holder enforced the note.

If the Defendants would demonstrate with verifiable records that a person entitled to enforce is conducting the sale, Cotter would immediately surrender the property efficaciously.

The status of the Parties must be maintained.

E. **Public Interest: Public interest implicated by the requested relief is great**

14

Cotter asserts the stay centers around four central issues of grave importance to all obligors in Michigan and those conducting business within the State. These questions are:

### 1. *Equal access to the laws of Michigan*

Whether a party claiming it is a mortgagee and alleged holder for the purposes of M.C.L. § 600.3201...600.3285 is required to prove it is a 'rightful' Holder under M.C.L. § 440.1101 et seq., and not just in possession when challenged? That is whether a defendant/obligor has equal access to M.C.L. § 440.1101 et seq. and a right to challenge the possessor of a note endorsed in blank?

### 2. *Waiver or abandonment of certain legal rights in the note*

Whether a holder abandons or waives certain legal rights by failing or refusing to defend its alleged enforcement rights when challenged under M.C.L. § 440.1101 et seq. through written demands?

### 3. Possession versus an obligor's right to challenge a mortgagee/alleged holder

Whether possession of a Note endorsed in blank excuses a rightful, right-less, or wrongful holder who is executing a power of sale from having to show how and when it gained its alleged enforcement rights by transfer and the extent of such rights when challenged? That is, does possession of a note supersede the

15

balance of M.C.L. § 440.1101 et seq. and the obligor's right to challenge a

mortgagee/alleged holder?

### 4.    *The proper instrumentality to challenge a mortgagee/holder*

Whether Michigan's statutory and case leaves Cotter and others: (a) without

a concise method to test a mortgagee's legal status; (b) finding property can be sold

without a demonstration of alleged rights by a mortgagee even when challenged by

the property owner; and (c) with the insurmountable task of litigating post-sale in a

narrow and quickly dissipating six-month window. In other words, if they do not

have access to M.C.L. § 440.1101 et seq. as makers of a note, what

instrumentalities and protections are availed to those prudent persons who seek to

test a mortgagee/holder?

## VI.   CONCLUSION

It would be unreasonable to permit sale when Cotter can show that as a

prudent person, he demanded proof from those who attempted to enforce his note.

The recipients of his demands ignored his requests and proceeded to sale. The

Defendants offer no statutory exemption denying his right to challenge those who

acted as of for the holder of his note.

16

If the sale were to proceed, the balance of statutory and judicial power shifts to the Defendants. Without a reasonable means to test a mortgagee/holder prior to sale, Cotter finds he is prejudiced.

Cotter's inquiry/demand letters were the Defendant's opportunity to put him at ease and fulfill the holder's 'good faith' duties under M.C.L. § 440.1101 et seq.

For the reasons set forth above, Cotter respectfully requests that the Court issue a temporary restraining order and preliminary injunction to stay the sale of his property until one or more of the Defendants can show the mortgagee is a valid and rightful holder of his note.


Respectfully submitted,


By: _P J Cotter_____
P J Cotter, Pro se
PO Box 131
Anchorville, MI 48004
810-459-6972
pocmich@yahoo.com



Date: September 7, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2016, I filed a hardcopy of the

foregoing document with the Clerk of the Court, which will send notification of

such filing to all registered recipients, and upon the following by first-class United

States mail, with postage prepaid:


Nasseem S. Ramin
**DYKEMA GOSSETT PLLC**
400 Renaissance Center, 37th Floor
Detroit, MI 48243

Paul J. Santi
**Trott Law, P.C.**
31440 Northwestern Hwy
Suite 200
Farmington Hills, MI 48334

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

P J COTTER,

        Plaintiff,

     v.

U.S. BANK, N.A. AS TRUSTEE FOR
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C.,

        Defendants.

Case No. 16-13080

Honorable Sean F. Cox

Magistrate Judge Anthony P. Patti

---

## DECLARATION OF P J COTTER IN SUPPORT OF HIS EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

I, P J Cotter, declare:

1. That I am the Plaintiff in this action. I am over the age of 18 years. I have personal knowledge of the facts contained in this declaration, and if called upon to testify I could and would testify competently as to the truth of the facts stated herein.

1

2.  I make this Declaration in support of my ***Emergency Motion for Temporary Restraining Order and Preliminary Injunction*** and Brief in Support.

3.  On September 27, 2016, at approximately 12:05 PM, I received a telephone call from Ocwen Loan Servicing, LLC.

4.  Ocwen is the Servicer of my mortgage loan and a Defendant in this matter.

5.  Ms. Jawana McNeal, Relationship Manager, informed me that my property was, scheduled for sale on October 13, 2016.

6.  On October 7, 2016, I attempted to contact Nasseem S. Ramin, of Dykema Gossett, PLLC to confer and advise the Defendants of my fear of sale and intent to move for a temporary restraining order and preliminary injunction.

7.  On October 7, 2016, I contacted Stacey, of Trott Law, PC to confer and advise the Defendant of my fear of sale and intent to move for a temporary restraining order and preliminary injunction.

8.  Stacy of Trott Law, PC confirmed the sale was set for October 13, 2016.

9.  Prior to filing motion, I provided the Defendants actual notice of the filing, including courtesy copies of all pleadings and papers via email at the addresses below.

2

I declare under penalty of perjury under the laws of the State of Michigan that the foregoing is true and correct and that this Declaration is executed on October 7, 2016, 201 at the County of Saint Clair Michigan.

Respectfully submitted,

By: _P J Cotter_
P J Cotter, Pro se
PO Box 131
Anchorville, MI 48004
810-459-6972
pocmich@yahoo.com

Date: September 7, 2016

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2016, I filed a hardcopy of the foregoing document with the Clerk of the Court, which will send notification of such filing to all registered recipients, and upon the following by first-class United States mail, with postage prepaid:


Nasseem S. Ramin
**DYKEMA GOSSETT, PLLC**
400 Renaissance Center, 37th Floor
Detroit, MI 48243
Email: nramin@dykema.com

Paul J. Santi
**TROTT LAW, P.C.**
31440 Northwestern Hwy
Suite 200
Farmington Hills, MI 48334
Email: psanti@trottlaw.com