# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

P J COTTER,

      Plaintiff,

    v.

U.S. BANK, N.A. AS TRUSTEE FOR
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C.,

      Defendants.

Case No. 16-13080

Honorable Sean F. Cox

Magistrate Judge Anthony P. Patti

FILED

OCT 11 P 1:21

U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

---

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE AND OCWEN LOAN SERVICING, LLC'S JOINT MOTION TO DISMISS

## Table of Contents

STATEMENT OF ISSUES PRESENTED ............................................................. viii

    1.    Equal access to the laws of Michigan ..................................................... viii

    2.    Waiver or abandonment of certain legal rights in the note .................... viii

    3.    Possession versus an obligor's right to challenge a  mortgagee/alleged
holder .................................................................................................................. viii

MOST CONTROLLING AUTHORITY ................................................................. ix

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 1

ARGUMENT ........................................................................................................... 2

I. STANDARD ......................................................................................................... 2

II. THE DEFENDANTS ARE ERRANT - PLAINTIFF DID NOT PLEAD
OWNERSHIP OF THE NOTE IS REQUIRED ............................................................. 4

III. THE DEFENDANTS DID NOT RESPOND TO TIMELY, OR PROPERLY,
TO COTTER'S JULY 26-27, 2016 REQUESTS FOR VERIFICATION OF THE
DEBT ......................................................................................................................... 7

IV. PLAINTIFF'S BREACH OF CONTRACT CLAIM DOES NOT FAIL AS A
MATTER OF LAW ................................................................................................... 12

V. THE MORTGAGE DOES NOT BAR PLAINTIFF'S UNJUST
ENRICHMENT CLAIM ........................................................................................... 14

VI. PLAINTIFF'S CLAIM FOR CONVERSION - DEFENDANTS DID CONVERT PLAINTIFF'S PERSONAL PROPERTY RIGHTS ............................ 15

VII. PLAINTIFF'S SLANDER OF TITLE CLAIM DOES NOT FAIL AS A MATTER OF LAW ................................................................................................ 17

VIII. PLAINTIFF DID NOT FAIL TO STATE A MISREPRESENTATION CLAIM ............................................................................................................... 18

IX. THE DEFENDANTS FAILED TO ADDRESS "WRONGFUL FORECLOSURE" ...................................................................................................... 18

CONCLUSION ....................................................................................................... 19

RELIEF REQUESTED ........................................................................................... 20

# Cases

*Acorn Inv. Co. v. Mich. Basic Prop. Ins. Ass'n*, 495 Mich. 338, 852 N.W.2d 22

    (Mich., 2014) ...................................................................................19

*Aschroft v. Iqbal* 556 U.S. 662, 678 (2009) ...............................................4

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ..............................................4

*Barany–Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir.2008)....................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ...............................4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ........................3

*Belle Isle Grill Corp v. City of Detroit*, 256 Mich. App. 463, 476; 666 N.W.2d 271

    (2003).......................................................................................15

*Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).....................................3

*Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir.2015).....................10

*Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir.2014)..............10

*Eastway & Blevins Agency v. Citizens Ins. Co. of America*, 206 Mich.App. 299,

    302-303, 520 N.W.2d 640 (1994 .......................................................13

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007)...............................................3

*Foremost Ins. Co. v. Allstate Ins. Co.*, 439 Mich. 378, 391, 486 N.W.2d 600 (1992)

    ......................................................................................................16

*Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir.1992)..............................9

*Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 365 (6th Cir. 2014) .................6

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) ............................................3

*Harvey v. Great Seneca Fin. Corp.*,453 F.3d 324, 329 (6th Cir.2006) ....................10

*Jang v. A.M. Miller & Assoc.*, 122 F.3d 480, 483 (7th Cir.1997) ..............................9

*Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349, 792 N.W.2d 686,

    263 Ed. Law Rep. 360 (Mich., 2010)......................................................................20

*Lawrence v. Chancery Court*, 188 F.3d 687, 691 (6th Cir. 1999)...............................2

*Lawsuit Financial, LLC v. Curry*, 261 Mich.App. 579, 683 N.W.2d 233 (Mich.

    App., 2004)...............................................................................................................16

*Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 398 (6th Cir. 1998)............................9

*Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).....................................................2

*Purnell v. Arrow Fin. Servs., LLC*, 303 Fed.Appx. 297, 303 (6th Cir.2008).............8

*Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 909; 805 N.W.2d 183

    (2011)..........................................................................................................................5

*Scheuer v. Rhodes*, 416 U. S. 232, 236 (1974) ...........................................................3

*Skinner v. Switzer*, 562 U. S. 2011 (2011) .................................................................3

*Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031 (6th Cir.1992) ........................8

*Spokeo, Inc. v. Robins* 578 U.S. (2016) ....................................................................4

*Swierkiewicz v. Sorema N. A.*, 534 U. S. 506, 514 (2002) .........................................3

**Statutes**

12 U.S.C. § 2605(e)(1)(B) ......................................................................................11

12 U.S.C. § 2605(e)(2)............................................................................................11

12 U.S.C. §§ 2605(e)(1) & (2)................................................................................11

15 U.S.C. § 1692a ...................................................................................................10

15 U.S.C. § 1692e .....................................................................................................9

15 U.S.C. § 1692e(10) ..............................................................................................9

15 U.S.C. § 1692g(b) ................................................................................................8

M.C.L. § 440.1101 et seq............................................................................... passim

M.C.L. § 440.1304 ..................................................................................................14

M.C.L. § 440.3301 ....................................................................................................5

M.C.L. § 600.3201...600.3285 ..................................................................................6

M.C.L. 440.1102(3) ................................................................................................13

M.C.L. 440.1203 .....................................................................................................13

**Other Authorities**

Black's Law, 9th Edition .................................................................................. 12, 17

S.Rep. No. 95–382, at 4, 1977 U.S.C.C.A.N. 1695, 1698........................................10

Wright & A. Miller, Federal Practice & Procedure §1219, pp. 277—278 (3d ed.

2004 and Supp. 2010 ..............................................................................................3

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................3

Fed. R. Civ. P. 15(a)(2)...........................................................................................20

Fed. R. Civ. P. 8 ......................................................................................................3

Fed. R. Civ. P. 8(a) ..................................................................................................3

Fed. R. Civ. P. 8(b) ................................................................................................18

.

## STATEMENT OF ISSUES PRESENTED

### 1.  Equal access to the laws of Michigan

Whether a party claiming it is a mortgagee and alleged holder for the purposes of M.C.L. § 600.3201...600.3285 is required to prove it is a 'rightful' Holder under M.C.L. § 440.1101 et seq., and not just in possession when challenged? That is whether a defendant/obligor has equal access to M.C.L. § 440.1101 et seq. and a right to challenge the possessor of a note endorsed in blank?

### 2.  Waiver or abandonment of certain legal rights in the note

Whether a holder abandons or waives certain legal rights by failing or refusing to defend its alleged enforcement rights when challenged under M.C.L. § 440.1101 et seq. through written demands?

### 3.  Possession versus an obligor's right to challenge a mortgagee/alleged holder

Whether possession of a Note endorsed in blank excuses a rightful, right-less, or wrongful holder who is executing a power of sale from having to show how and when it gained its alleged enforcement rights by transfer and the extent of such rights when challenged? That is, does possession of a note supersede the balance of M.C.L. § 440.1101 et seq. and the obligor's right to challenge a mortgagee/alleged holder?

## MOST CONTROLLING AUTHORITY

Plaintiff relies on Fed. R. Civ. P. 8(a), MCL 440.3301, and 15 U.S.C. § 1692g(b) in chief, and the authorities cited in his Brief in Response Opposing the Motion to Dismiss.

Plaintiff, P J Cotter, opposes defendants U.S. Bank National Association, as Trustee and Ocwen Loan Servicing, LLC's (the "Defendants") joint motion to dismiss (the "Motion"). This opposition's headings parallel the Defendants' Motion headings for efficiency.

## INTRODUCTION

Although many facts are similar, the causes of action in this complaint arise from new claims under Michigan's Uniform Commercial Code, M.C.L. § 440.1101 et seq. and its interplay with the FDCPA. The Defendants failed or refused to validate their claim under M.C.L. § 440.1101 et seq. and the FDCPA. Cotter contends the Defendants could not verify/validate a debt because they failed or refused to show they are entitled to enforce this note under M.C.L. § 440.1101 et seq.

Cotter contends this is a matter of first impression.

## BACKGROUND

Under the heading, ***Plaintiff Stops Making Loan Payments***, the Defendants make two accurate statements, "*Plaintiff "**denies his Note is in default**,"*" and "*the Loan was 56 payments **delinquent** and due for the November 1, 2011 Payment*" (emphasis added). (Motion at 2, ¶ 1.) Cotter's delinquency is not the equivalent of the Trustee's – or some other holder's undemonstrated right – to declare a default and its entitlement to enforce the note under M.C.L. § 440.1101 et seq.

1

Under the heading, ***Plaintiff's Third Lawsuit***, the defendants accurately assess Cotter's complaint with, *"Although the Complaint is in seven counts, the **crux** of Plaintiff's claims is that the Trustee "cannot initiate or prosecute a foreclosure **because it is not a rightful Holder of the Note, and <u>does not have a right to enforce the security instrument – a Mortgage</u> – without the legal right to enforce the Note"*** (emphasis added). (Motion at 5, ¶ 2.) The Defendants were challenged under M.C.L. § 440.1101 et seq. and the FDCPA but failed to show the Trustee was entitled to enforce the note meaning it couldn't meet the threshold to become a valid Mortgagee. Without the requisite rights to enforce the note all of the defendants actions were wrongful and unsupported by Michigan's laws.

## ARGUMENT

### I. STANDARD.

This Court should deny Defendants' Motion in its entirety. A motion under Rule 12(b)(6) is based on the assumption that the facts alleged in the complaint are true but legally insufficient. "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [this Court] ***must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff***" (emphasis added). *Lawrence v. Chancery Court*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). In that same vein, "[w]hen an allegation is capable of more than

2

one inference, it must be construed in [Cotter's] favor." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

Fed. R. Civ. P. 8's "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Fed. R. Civ. P. 12(b)(6) should be read in conjunction with Fed. R. Civ. P. 8(a), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); see also Fed. R. Civ. Proc. 8; *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting same).

Thus, the question before this Honorable Court is:

Because this case was resolved on a motion to dismiss for failure to state a claim, the question below was "not whether [Cotter] will ultimately prevail" on his ... claim, see *Scheuer v. Rhodes*, 416 U. S. 232, 236 (1974), but whether his complaint was sufficient to cross the federal court's threshold, see *Swierkiewicz v. Sorema N. A.*, 534 U. S. 506, 514 (2002). [Cotter's] complaint is not a model of the careful drafter's art, but under the Federal Rules of Civil Procedure, a complaint need not pin plaintiffs claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible "short and plain" statement of the plaintiffs claim, not an exposition of his legal argument. See 5 C. Wright & A. Miller, Federal Practice & Procedure §1219, pp. 277—278 (3d ed. 2004 and Supp. 2010).

*Skinner v. Switzer*, 562 U. S. 2011 (2011)

3

Cotter's initial Complaint easily crosses the requisite threshold.

This Court should carefully consider Cotter's initial Complaint, which need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570).

In order to survive dismissal for lack of standing, the plaintiffs' complaint must contain sufficient factual allegations of an injury resulting from the defendants' conduct, accepted as true, to state a claim for relief that is plausible on its face. *Aschroft v. Iqbal* 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The alleged injury must be concrete and not just a procedural violation divorced from any harm. *Spokeo, Inc. v. Robins* 578 U.S. (2016). The Defendants' actions taken to sell his property without a showing the Trustee is entitled to enforce his note are concrete.

Cotter's initial Complaint contains *extensive* factual allegations that are heavily supported by exhibits attached to it and matters of public record; if anything, Cotter's initial Complaint is pleaded with *extensive* factual specificity. Thus, Defendants' Joint Motion should be denied in its entirety.

## II.    THE DEFENDANTS ARE ERRANT - PLAINTIFF DID NOT PLEAD OWNERSHIP OF THE NOTE IS REQUIRED.

4

Cotter **did not** assert that one of the Defendants must 'own' the note. The Defendants in citing the Complaint at ¶¶ 88, 97, 111, & 114 has conflated a single incidental use of the word "*owner*" at ¶ 111, with Cotter's clearly articulated requirement for the holder to have, "*the authority to enforce the Note*" at ¶ 88; "*the legal capacity to enforce the Note*" at ¶ 97; and "*legal authority under § 440.1101 et seq.*" and "*rightful owner and Holder of the indebtedness*" at ¶ 111.

At the beginning of page 8 the Defendants argue the Trustee has authority to foreclose by advertisement by being, "*(2) the **owner** of **an interest** in the indebtedness*" (emphasis added). (Motion at 8, ¶ 1.)

The Defendants are incorrect. The UCC requires more than "***an interest***" in the indebtedness. Michigan law recognizes three distinct categories of parties who have the authority to enforce by entitlement. See M.C.L. § 440.3301. A person must have 100% of the rights in the note to be 'entitled' to enforce the note and rightfully foreclose by advertisement – not an interest. The Defendants myopic reliance on M.C.L. § 600.3204(1)(d) and *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 909; 805 N.W.2d 183 (2011) does not address all of the requirements under Michigan's laws.

M.C.L. § 440.1101 et seq. requires the person seeking to enforce the note hold 100% of the rights in the indebtedness/note. Without the right to enforce the note, the trustee lacks the authority to act as Mortgagee. Cotter's exhibits show the

5

Defendants failed or refused to demonstrate the Trustee holds even 1% of the rights in the note when challenged under the UCC and in response to his request for validation of the debt.

The Defendants' Motion conflates M.C.L. § 600.3201...600.3285 with M.C.L. § 440.1101 et seq. and avoids or circumvents the legal basis of the plaintiff's claims. The defendants utterly failed to address the applicability of M.C.L. § 440.1101 et seq. with their motion, preferring to cling to an un-raised ownership theory as the basis of its motion to dismiss.

Beginning at the top of page 9, the Defendants offer, *"as confirmed by the Sixth Circuit, "the UCC does not apply to mortgage foreclosures." Gardner v. Quicken Loans, Inc.,* 567 F. App'x 362, 365 (6th Cir. 2014) (citations omitted)."

The fact pattern of *Gardner* and the catalog of cases do not fit the fact pattern as this case, and therefore are not controlling. Cotter contends he has a right under M.C.L. § 440.1101 et seq. and the FDCPA to challenge the alleged holder of his note. The Defendants did not argue otherwise.

Cotter contends the three Defendants, as a collective: (a) failed or refused to show the Trustee has the legal right to enforce this note and; (b) failed to defend any rights it may have had; and (c) waived or abandoned any enforcement rights it may have had.

Cotter's initial Complaint contains extensive factual allegations that are

supported by exhibits showing his reliance on the UCC and FDCPA. Cotter's

initial Complaint is pleaded with *excessive* factual and statutory specificity. Thus,

Defendants' Joint Motion should be denied in its entirety.


### III.   THE DEFENDANTS DID NOT RESPOND TO TIMELY, OR PROPERLY, TO COTTER'S JULY 26-27, 2016 REQUESTS FOR VERIFICATION OF THE DEBT.

Cotter articulated specific factual allegations in his initial verified Complaint

which begin on April 9, 2016, (Complaint at ¶ 32 and span though July 27, 2016, ¶

51.)

At ¶ 54, Cotter stated, *"As of the date of the filing of this Complaint, Plaintiff*

*has not received a meaningful response to any of his UCC Demand Letters or request*

*for validation of the debt substantiated under Michigan's Uniform Commercial*

*Code, § 440.1101 et seq."* (Doc # 1-1 at 10.)

The Defendants direct the court to their June 22, 2016 and June 29, 2016

verifications in response to plaintiff's July 8, 2016 request for verification. The

Defendants failed to address Cotter's July 26, 2016 and July 27, 2016 requests for

validation which were sent within 30 days of having received Trott Law's FDCPA

notice. (See Complaint ¶ 45 - ¶ 51) **(See specifically Ptf Exhibits 19 & 20, Doc #**

**1-1 at 86 & 88.)** Exhibit 20 clearly shows Cotter withdrew his July 8, 2016 request

for validation, *"because it was unclear, convoluted, and complex."* He did this within 30 days of Trott Law's June 29, 2016 FDCPA notice.

The Defendants' Motion to dismiss ignores Cotter's preeminent fact. Within 30 days of Trott Law's Notice Cotter withdrew his first discombobulated and incoherent request for validation and proffered a simple request for 'validation' requiring substantiation that the debt was in fact "valid" and that the alleged holder held all of the rights alleged.

To simply provide amounts, the name of the creditor, and other extraneous data did not verify/validate the creditor's alleged authority to enforce the note under M.C.L. § 440.1101 et seq. Whether the creditor fully meets the statutory requirements of M.C.L. § 440.1101 et seq. is material.

As a prudent person Cotter had a right under the FDCPA and M.C.L. § 440.1101 et seq. to challenge the holder of his note, and no case law or statutory authority states otherwise.

The Sixth Circuit has held that there is no time limit for a debt collector to **validate** the debt under section 15 U.S.C. § 1692g(b). *Purnell v. Arrow Fin. Servs., LLC,* 303 Fed.Appx. 297, 303 (6th Cir.2008). "In fact, [761 F.Supp.2d 637] 15 U.S.C. § 1692g(b) **does not require** the debt collector to **validate** the debt at all, **as long as it <u>ceases</u> any collection activity**" (emphasis added). *Id.* (citing *Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1031 (6th Cir.1992)). "That is, the debt

8

collector has a choice: it either may choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume the collection activities once the requested validation has been provided." *Purnell,* 303 Fed.Appx. at 304 (citing *Jang v. A.M. Miller & Assoc.,* 122 F.3d 480, 483 (7th Cir.1997)).

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to [e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 398 (6th Cir. 1998). (quoting Fair Debt Collection Practices Act § 802(e), 15 U.S.C. § 1692e (1994)).

As the Sixth Circuit has noted, "the FDCPA is 'extraordinarily broad,' crafted in response to what Congress perceived to be a widespread problem." *Barany–Snyder v. Weiner,* 539 F.3d 327, 333 (6th Cir.2008) (citing *Frey v. Gangwish,* 970 F.2d 1516, 1521 (6th Cir.1992)).

Under the Fair Debt Collection Practices Act (FDCPA), "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Nor may the debt collector "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692e(2)(A) (which prohibits a "false representation of ... the character ... of any debt") or 15 U.S.C. § 1692e(10) (which

prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt"). "Courts use the 'least sophisticated consumer' standard, an objective test, when assessing whether particular conduct violates the FDCPA." *Ibid.* (citing *Harvey v. Great Seneca Fin. Corp.,*453 F.3d 324, 329 (6th Cir.2006)).

"The Act protects 'all consumers,' the 'shrewd' as well as the gullible, from practices that would mislead the 'reasonable unsophisticated consumer,' one with some level of understanding and one willing to read the document with some care." *Buchanan v. Northland Grp., Inc.,* 776 F.3d 393, 396 (6th Cir.2015) (internal citations omitted).

Congress enacted the FDCPA to eliminate "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692a. "The ***Act prohibits a wide array of specific conduct, but it also prohibits***, in general terms, any harassing, unfair, or deceptive debt collection practice, which enables 'the courts, where appropriate, to proscribe ***other improper conduct which is not specifically addressed.***' " *Currier v. First Resolution Inv. Corp.,* 762 F.3d 529, 533 (6th Cir.2014) (citing S.Rep. No. 95–382, at 4, 1977 U.S.C.C.A.N. 1695, 1698).

Cotter contends the Defendants failure or refusal to demonstrate the Trustee was a valid person entitled to enforce his note under M.C.L. § 440.1101 et seq. was violative of the FDCPA and M.C.L. § 440.1101 et seq. The interplay between these

10

laws **cannot be disentangled**. The Defendants could not show they were collecting a valid debt as Mortgagee under the FDCPA without a showing of rightful entitlement to enforce Cotter's note under M.C.L. § 440.1101 et seq.

Although Cotter did not plead RESPA violations, RESPA adds another layer of complexity to Cotter's demands under the UCC. His letters constituted a qualified written request for information under RESPA, 12 U.S.C. § 2605(e)(1)(B). Cotter made requests for specific information, but the Servicer did not directly respond with the information requested.

The federal Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2605(e)(1) & (2), sets forth in specific detail how a mortgage servicer such as Ocwen must respond to such an information request. The statute, 12 U.S.C. § 2605(e)(2), states as follows: "**(e) Duty of loan servicer to respond to borrower inquiries (2) Action with respect to inquiry.** Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of **any qualified written request** under paragraph . . ." (Emphasis added).

Cotter's claims rest solidly in the fact that he is not received any meaningful responses from the Defendants in response to his UCC demand letters.

Cotter clearly sought validation/proof the trustee was a rightful and valid holder of his note. The defendants believe they satisfied this request with **<u>mere</u> <u>words</u>** when stating within the bulleted list on page 11 that Cotter was provided,

11

"**Confirmation** that the Trustee **owns** the Loan and **holds** the Note." Cotter sought

proof – not consolation. No exhibits support the "Confirmation" statement.

Whether the Defendants properly verified the debt under the FDCPA, and its

interplay with the UCC, is a matter of disputed fact and law. The claim must not be

dismissed.


## IV. PLAINTIFF'S BREACH OF CONTRACT CLAIM DOES NOT FAIL AS A MATTER OF LAW.

When summarizing the count, the Defendants **excluded** pertinent wording of

¶ 66 which reads, *"All Defendants breached its **written, statutory,** and implied*

*contractual obligations to Plaintiff."* The Defendants' Motion places laser focus on

**'implied** contractual obligations'.

Black's Law takes us to,

> ***implied covenant*** *of good faith and fair dealing. (1924)* An implied
> covenant to cooperate with the other party to an agreement so that both
> parties may obtain the full benefits of the agreement; an implied
> covenant to refrain from any act that would injure a contracting party's
> right to receive the benefit of the contract .• **Breach of this covenant is
> often termed** *bad faith*. (Black's Law, 9th Edition.)

The Trustee claims it is the holder and counterparty to Cotter's note. By failing

to respond to the Cotter's UCC demand letters or validate the debt by showing it was

entitled to enforce the note, the Defendants breached any implied covenant.

The Defendants' also breached statutory duties because the UCC explicitly provides that "[e]very contract or duty within this act imposes an obligation of good faith in its performance or enforcement." M.C.L. 440.1203.

Moreover, the parties could not waive this obligation: The effect of provisions of this act may be varied by agreement, except as otherwise provided in this act and except that *the obligations of good faith, diligence, reasonableness and care prescribed by this act may not be disclaimed by agreement* but the parties may by agreement determine the standards by which the performance of such obligations is [sic] to be measured if such standards are not manifestly unreasonable. [M.C.L. 440.1102(3) (emphasis added).] Given the plain language of the statute, we conclude that, unlike cases involving an implied common-law duty of good faith and fair dealing, M.C.L. 440.1203 did not become inoperable in the face of an express contractual provision and that the trial court erred in so concluding. Compare *Eastway & Blevins Agency v. Citizens Ins. Co. of America,* 206 Mich.App. 299, 302-303, 520 N.W.2d 640 (1994).

The Defendants meander from the count and argue a second time that a mortgagee has ""an interest" with a right to foreclose under Michigan law." The partial interest argument was dealt with above.

13

The Defendants focus on the Mortgagee's presumed right to foreclose rather than address M.C.L. § 440.1101 et seq. to show that they did not have a good-faith duty to Cotter under the UCC.

The Complaint at ¶ 65 reads, "M.C.L. § 440.1304 ~~added~~ [sic] reads, ***"Every contract or duty within*** *this act* ***imposes an obligation of good faith in*** *its performance and* ***enforcement"*** (emphasis in the Complaint, strikethrough added.)

The Defendants did not address their written and statutory obligations under this count. The cause of action should not be dismissed and the Defendants should be made to answer the verified Complaint

## V.   THE MORTGAGE DOES NOT BAR PLAINTIFF'S UNJUST ENRICHMENT CLAIM.

The Defendants' motion attempts to isolate this cause of action from ¶ 65 and ¶ 70, which reads, *"The proceeding paragraphs are incorporated herein by reference."* (Doc # 1-1 at 12 & 13.)

Until the Defendants demonstrate the Trustee was a fully vested note holder and entitled to enforce, the argument that the mortgage bars the claim of unjust enrichment is moot.

Cotter's allegations are based in the Defendants exploiting their superior position when acting as, or for, the alleged note holder. The validity of the Trustee's status was challenged and undefended. The Defendants argue as though there is a

valid nexus between the parties. This was challenged but unsupported. The Defendants fail to argue ' how' they can achieve this contractual status but avoid a showing of the Trustee's alleged enforcement rights.

The Defendants case law *Belle Isle Grill Corp v. City of Detroit*, 256 Mich. App. 463, 476; 666 N.W.2d 271 (2003) does not fit the fact pattern of this case and does not control. Cotter alleged all **three** defendants received a benefit. The' Motion works to excuse only the Mortgagee from the claim of unjust enrichment. This leaves the defendants, Ocwen and Trott Law, unaccounted for in the Motion.

The cause should not be dismissed and the Defendants must be made to answer.

## VI. PLAINTIFF'S CLAIM FOR CONVERSION - DEFENDANTS DID CONVERT PLAINTIFF'S PERSONAL PROPERTY RIGHTS.

The Defendants have conflated Cotter's 'personal property rights' in his note with the 'real property' central to this action.

The Defendants' case law supports Cotter's claims and their reliance on I*n Re Bradley* is misplaced and inapplicable.

The Defendants argue the *"Plaintiff's conversion claim should be dismissed because it is based in contract and cannot form the basis of a tort claim."*

The Defendants open the argument with, "Conversion is defined as "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Foremost Ins. Co. v. Allstate Ins. Co.*, 439

Mich. 378, 391, 486 N.W.2d 600 (1992). *Lawsuit Financial, LLC v. Curry*, 261 Mich.App. 579, 683 N.W.2d 233 (Mich. App., 2004)"

Cotter's Complaint alleges the Defendants exerted domain wrongfully over his note, which is his personal property, by failing or refusing to show that they have any rights in said note. The Defendants' argument presumes the existence of a contract, i.e. the Mortgage. Cotter contends Defendants failed or refused to demonstrate anyone has the right to enforce his note – i.e. the controlling contract – not the Mortgage. The Mortgage was assigned to the Trustee, which may possess the note. However, under the UCC they have failed to demonstrate anyone has a legitimate nexus – contract – and a right to enforce the note. The Mortgage is ancillary to the note.

The balance of Defendants' case law does not show (a) the Trustee can exert dominion over Cotter's personal property, (b) and that Cotter has no right to demand proof of the Trustee's rights in his note that permit rightful dominion.

Had the Defendants responded properly to Cotter's UCC demand letters and request for validation this cause would collapse. The unrebutted facts show no defendant satisfied the requirements of the UCC or the FDCPA, which would have demonstrated a valid nexus.

The cause should not be dismissed and the Defendants must be made to answer.

## VII. PLAINTIFF'S SLANDER OF TITLE CLAIM DOES NOT FAIL AS A MATTER OF LAW.

The Defendants' motion directs the court to. ¶¶ 92-95 of the Complaint. This is incorrect.

Cotter alleged the Defendants advertised his property for sale even though they would not, or could not, show they had a legal right to sell his property. The defendants believe the claim is deficient for the elements of **falsity** and **malice**.

Cotter contends the defendants did not respond to his UCC demand letters because they could not demonstrate they had a legal right to enforce his note. To advertise his property without the legal right to do so is a **falsity**. Concerning the elements of **'malice'**, Cotter's statement of facts show the Defendants actions fully meet the definition of malice as defined in Black's Law.

> malice, *n.* (14c) 1. The intent, without justification or excuse, to commit a wrongful act. 2. **Reckless disregard of the law or of a person's legal rights.** 3. Ill will; wickedness of heart.• This sense is most typical in nonlegal contexts (emphasis added) (Black's Law, 9th Edition.)

Cotter has certain legal rights in his real property and the note. The Defendants' negligent and reckless disregard for Cotter's rights in both his real and personal property meets the element of malice. The claim should not be dismissed and the Defendants made to answer.

## VIII.  PLAINTIFF DID NOT FAIL TO STATE A MISREPRESENTATION CLAIM.

Fed. R. Civ. P. 8(b) READS, In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Cotter's misrepresentation claim does not state that the Defendants intentionally set out to deceive or defraud him. Fed. R. Civ. P. 8(b) states, *"conditions of a person's mind may be alleged generally."* The count taken in light of ¶ 100 of the complaint, which reads, *"The preceding paragraphs are incorporated herein by reference"* shows a callous and negligent disregard for the UCC and FDCPA.

Cotter cannot show the Defendants intended to defraud him, but he can show the Defendants made negligent representations by advertising his property for sale, but failed to show they had a right to enforce his note.

## IX.  THE DEFENDANTS FAILED TO ADDRESS "WRONGFUL FORECLOSURE."

Cotter **is amenable** to permitting the Defendants amending its Motion to correct its inadvertent oversight. He is confident the Defendants would extend the same courtesy. Cotter is **not amenable** to any adjustments related to the other counts, introductory, factual, historical, or conclusory verbiage.

## CONCLUSION

The overarching issue is not whether a Mortgagee is 'capable' of enforcing a Mortgage, but whether it had the requisite enforcement rights in the underlying note and 'verified' it had such rights when 'specifically' requested in Cotter's request for validation and UCC demand letters.

A "waiver is the intentional relinquishment or abandonment of a known right." *Acorn Inv. Co. v. Mich. Basic Prop. Ins. Ass'n*, 495 Mich. 338, 852 N.W.2d 22 (Mich., 2014). The Trustee is attempting to enforce the note as its holder under MCL 440.3301. Cotter challenged the holder and its agents and has not waived any rights under the UCC.

Cotter believes this is a matter of first impression and that none of the Defendants' case law is applicable or controlling.

Cotter's simple causes of action alleges plaintiff is attempting to collect a debt it has refused to show it has a right to enforce and therefore cannot be a valid Mortgagee 'capable' of conducting a foreclosure by advertisement.

The Supreme Court majority articulated its new standing doctrine as follows: Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large or if the

statutory scheme implies that the Legislature intended to confer standing on the litigant. *Lansing Sch. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349, 792 N.W.2d 686, 263 Ed. Law Rep. 360 (Mich., 2010)

## <u>RELIEF REQUESTED</u>

Plaintiff, P J Cotter, respectfully asks the court to not grant the Defendants motion to dismiss in whole or any individual counts.

If the court finds Cotter's Complaint is deficient, it should find that the allegations contained within a cause of action support its other causes of action and permit him to correct and amend its Complaint under Fed. R. Civ. P. 15(a)(2).

Cotter reserves the right to motion the court to amend his initial Complaint sometime after the Defendants amend or supplement their Motion to Dismiss to address Cotter's Count 6 - Wrongful Foreclosure.

Respectfully submitted,

By: _____
P J Cotter, Pro se
PO Box 131
Anchorville, MI 48004
810-459-6972
pocmich@yahoo.com

Date: October 11, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2016, I filed a hardcopy of the foregoing

document with the Clerk of the Court, which will send notification of such filing to

all registered recipients, and upon the following by first-class United States mail,

with postage prepaid:


Nasseem S. Ramin
**DYKEMA GOSSETT PLLC**
400 Renaissance Center, 37th Floor
Detroit, MI 48243

Paul J. Santi
**TROTT LAW, P.C.**
31440 Northwestern Hwy
Suite 200
Farmington Hills, MI 48334

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

P J COTTER,

        Plaintiff,

    v.

U.S. BANK, N.A. AS TRUSTEE FOR
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C.,

        Defendants.

Case No. 16-13080

Honorable Sean F. Cox

Magistrate Judge Anthony P. Patti

---

## ORDER

The Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR4 (the "Trustee") (collectively Defendants") having moved this Court for an Order dismissing Plaintiff's claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint fails to state a claim upon which the Court can grant relief, and having reviewed the motion and Plaintiff's response and having been otherwise sufficiently advised:

**IT IS HEREBY ORDERED** that the Motion is **DENIED.**

---

Respectfully submitted,

By: _____

P J Cotter, Pro se
PO Box 131
Anchorville, MI 48004
810-459-6972
pocmich@yahoo.com


Date: October 11, 2016

Copies to:

Nasseem S. Ramin
**DYKEMA GOSSETT, PLLC**
400 Renaissance Center, 37th Floor
Detroit, MI 48243


Paul J. Santi
**TROTT LAW, P.C**.
31440 Northwestern Hwy
Suite 200
Farmington Hills, MI 48334

2