# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

P J COTTER,

    Plaintiff,

v

U.S. BANK, N.A., AS TRUSTEE
FOR GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C.

    Defendants.

Case No. 2:16-cv-13080
Judge: Sean F. Cox
Magistrate: Anthony P. Patti

## DEFENDANT TROTT LAW, P.C.'S
## RESPONSE TO PLAINTIFF'S EMERGENCY MOTION FOR
## TEMPORARY RESTRAINING ORDER AND PRELIMINARY
## INJUNCTION

NOW COMES Defendant Trott Law, P.C. (hereinafter referred to as "Trott"), by and through its attorneys, Trott Law, P.C., by Paul Santi, and for its Response to Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, states as follows:

1

This motion follows the filing of a complaint involving a mortgage foreclosure by advertisement, and Plaintiff PJ Cotter's ("Plaintiff" or the "Cotter") attempt to stay said foreclosure process. In said complaint, Plaintiff alleges multiple theories of liability against Trott, which include state and federal Fair Debt Collection Practices Act ("FDCPA"), Uniform Commercial Code ("UCC") as well as multiple counts for Breach of Contract, Unjust Enrichment, Conversion, Slander of Title, Misrepresentation, Wrongful Foreclosure, none of which state a cause of action upon which relief can be granted.

Defendant Trott denies that Cotter is entitled to a Temporary Restraining Order and/or Preliminary Injunction staying the foreclosure sale. "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the [party] is entitled to such relief." *Winter v. Nat'l Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 376 (2008). In determining whether to issue the extraordinary remedy of injunctive relief, a court must consider the following factors:

> (1) whether the movant has shown a strong likelihood of success on the merits;
> (2) whether the movant will suffer irreparable harm if the injunction is not issued;
> (3) whether the issuance of the injunction would cause substantial harm to others; and
> (4) whether the public interest would be served by issuing the injunction.

2

*Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Moreover, a movant has the "burden of proving that the circumstances clearly demand [injunctive relief]." *Id.*

Prior to filing the instant motion, Plaintiff was advised by both counsel for U.S. Bank/Ocwen and Trott that the foreclosure sale would not take place on October 13, 2014 and would continue to be adjourned during the pendency of this case in this Court (see attached "**Exhibit A**"). Thus, Plaintiff cannot demonstrate the circumstances to clearly demand injunctive relief, when the parties have already agreed to stay the sale. Furthermore, there will be no harm suffered by Plaintiff or any other party. Lastly, there is a strong likelihood that Plaintiff will NOT succeed on the merits of this case, as discussed in Defendant U.S. Bank/Ocwen's Motion to Dismiss and Defendant Trott's forthcoming Motion for Summary Judgment.

## CONCLUSION AND RELIEF REQUESTED

For all of the reasons stated, argument presented and authority cited, Trott, respectfully requests this Court deny Plaintiff's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction.

Dated: October 12, 2016            Respectfully Submitted,
                                   TROTT LAW, P.C.

                                   /s/ Paul Santi
                                   Paul Santi (P74337)
                                   Attorneys for Defendant, Trott

# EXHIBIT A

## Jackson, Delena

| | |
|---|---|
| **From:** | Paul Santi <psanti@trottlaw.com> |
| **Sent:** | Wednesday, October 12, 2016 9:29 AM |
| **To:** | Ramin, Nasseem; Jennifer_McCoy@mied.uscourts.gov |
| **Cc:** | Schehr, Thomas; J Me |
| **Subject:** | RE: 16-cv-13080-SFC-APP Cotter v. U.S. Bank, N.A. as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR4 et al |

Hello,

Furthermore, I can confirm that the sale date has been adjourned to November 10, 2016 and will continue to be adjourned as instructed below.

Please advise if you would like a formal response filed.

Thank you

**Paul Santi**
Attorney, Litigation Department

**TROTT LAW, P.C.**
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
PH: 248-723-6007
FAX: 248-205-4118
psanti@trottlaw.com
**trottlaw.com**

*Trott Law. Celebrating 40 Years of Legal Excellence.*

**If a matter needs escalation, please contact my supervising attorney, William D. Meagher, at 248-594-5404 and/or wmeagher@trottlaw.com.**

**This firm is a debt collector attempting to collect a debt. Any information we obtain will be used for that purpose.**

**To the extent your original obligation has been discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and/or is notice of the creditor's intent to enforce a lien against the property and does not constitute a demand for payment or an attempt to impose personal liability for such obligation.**

**From:** Ramin, Nasseem [mailto:NRamin@dykema.com]
**Sent:** Tuesday, October 11, 2016 5:11 PM
**To:** Jennifer_McCoy@mied.uscourts.gov
**Cc:** Paul Santi; Schehr, Thomas; J Me
**Subject:** Re: 16-cv-13080-SFC-APP Cotter v. U.S. Bank, N.A. as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR4 et al

Ms. McCoy,

1

While we disagree with the arguments in the motion, i.e., that Mr. Cotter will succeed on the merits, etc., the subject property will not be sold during the pendency of this case in this Court. The foreclosure sale continues to be adjourned and is not scheduled for October 13, contrary to what is alleged in the motion.

If the Court would like us to file a formal response with the above information, please let us know. Thank you.

Nasseem Ramin

Sent from my iPhone

On Oct 11, 2016, at 4:33 PM, "Jennifer_McCoy@mied.uscourts.gov" <Jennifer_McCoy@mied.uscourts.gov> wrote:

> Counsel,
>
> This email is regarding Case No. 16-13080, *PJ Cotter v. U.S. Bank, N.A., et. al.* Plaintiff PJ Cotter filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction on October 7, 2015. The Clerk of the Court did not enter the motion on the docket until today, October 11, 2016, due to Monday's holiday. Plaintiff has also personally delivered copies of his motion to the Court today. Plaintiff's motion represents that his home is scheduled to be sold this Thursday, October 13, 2016. When will you be able to file a response to Plaintiff's motion?
>
> Thank You,
> Jennifer McCoy
> Case Manager to the
> Honorable Sean F. Cox
> 313-234-2653

| Dykema | Nasseem S. Ramin<br>Attorney<br>NRamin@dykema.com | 313-568-5326 Direct<br>313-568-6800 Main<br>855-245-9125 Fax | 400 Renaissance Center<br>Detroit, Michigan 48243<br>www.dykema.com |

*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately. Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

---

Trott Law prides itself on excellent customer service. If you feel you have not received this service, please email your comments to complaints@trottlaw.com.

Trott Law would love to hear about employees that have gone out of their way to provide excellent customer service, so they can be recognized. If you wish to tell us about such an employee, please email us at compliments@trottlaw.com.

IMPORTANT: PRIVATE COMMUNICATION TO DESIGNATED RECIPIENT ONLY

2

This message is intended only for the use of the individual to whom it is addressed, and contains information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any unauthorized disclosure, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us and return the original message to us at the above address by reply to the sender.

# CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Thomas M. Schehr (P54391)
tschehr@dykema.com

Naseem S. Ramin (P73513)
narmin@dykema.com


, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:


P J Cotter
PO Box 131
Anchorville, MI 48004

                                      Respectfully submitted,
                                      Trott Law, P.C.


Dated: October 12, 2016      s/ Paul Santi (P74337)
                                      Trott Law, P.C.
                                      Attorneys for Defendant Trott Law, P.C.
                                      31440 Northwestern Hwy., Ste. 200
                                      Farmington Hills, MI 48334
                                      psanti@trottlaw.com
                                      (248) 723-6007/Fax (248)205-4118
                                      T#464036L02