UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PJ COTTER

    Plaintiff,

v.

U.S. BANK, N.A. as Trustee for
Greenpoint Mortgage Funding Trust
Mortgage Pass-Through Certificates,
Series 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C.

    Defendants.
_____/

Case No. 16-13080
Hon. Sean F. Cox
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

    Plaintiff originally filed this *pro se* action in St. Claire County Circuit Court. Defendants U.S. Bank, N.A., Ocwen Loan Servicing, LLC, and Trott Law, P.C., ("Defendants") subsequently removed this action to the United States District Court for the Eastern District of Michigan based upon federal question jurisdiction. (Doc. #1). Plaintiff's complaint seeks to "halt the pending foreclosure and sheriff's sale [of Plaintiff's property] because the entity that purportedly holds [Plaintiff's] Note, [Defendants], have breached and otherwise failed to abide by Michigan's Uniform Commercial Code, § 440.1101." (Doc. 1-1, at Pg ID 10).

    Plaintiff's complaint alleges the following seven counts against Defendants: (1) Breach of Contract; (2) Unjust Enrichment; (3) Conversion; (4) Slander of Title; (5) Misrepresentation; (6) Wrongful Foreclosure; and (7) violations of the Fair Debt Collections Practices Act.

    On September 1, 2016, Defendants filed a Motion to Dismiss Plaintiff's complaint. (Doc. #5). Plaintiff filed a response to the motion on October 11, 2016. (Doc. #11). The motion

is currently pending before Magistrate Judge Anthony P. Patti.

This matter is now before the Court on Plaintiff PJ Cotter's ("Plaintiff") Emergency Motion for Temporary Restraining Order and Preliminary Injunction, which was filed on October 7, 2016 and entered on October 11, 2016.  (Doc. #9, Pl. Br.).  Plaintiff's seeks to "stay the [foreclosure] sale of his property until one or more of the Defendants can show the Mortgagee is a valid and rightful holder of his note under Michigan's Uniform Commercial Code, § 440.1101 et seq."  (*Id*. at 2).

Plaintiff's motion is accompanied by a declaration, wherein Plaintiff states that on September 27, 2016, Plaintiff was advised that his property was scheduled for sale on October 13, 2016.  (Decl. at ¶¶ 3-5).  Plaintiff further states that on October 7, 2013, "Stacy of Trott Law, PC confirmed the sale was set for October 13, 2016."  (*Id*. at ¶ 8).

On October 12, 2016, this Court sent an email to Defendants' counsel, with Plaintiff cc'd, advising that Plaintiff had filed an emergency motion seeking injunctive relief.  The Court asked Defendants when a response to the motion could be filed.  Defendants have filed a response indicating that the sale of Plaintiff's property has been adjourned and will continue to be adjourned throughout the pendency of the instant case.  (Doc. #12).  Defendants have further represented to the Court that the foreclosure sale is not scheduled for October 13, 2016.

The Court shall **DENY** Plaintiff's motion for two reasons.  First, based upon Defendants' representation that the sale has been, and will continue to be, adjourned, the Court finds that Plaintiff's requested relief is moot.

Moreover, Plaintiff has not demonstrated that he is entitled to a temporary restraining order and preliminary injunction.  "Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit."

*Richardson v. Wells Fargo Bank, N.A.*, 2013 WL 3367434, at *2 (E.D. Mich. July 5, 2013).  The decision to grant a temporary restraining order or a preliminary injunction is a matter within the discretion of the court.  *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).  Plaintiff bears the substantial burden of establishing that he is entitled to preliminary injunctive relief.  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  Such relief will only be granted where the circumstances clearly demand it.  *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to grant a motion for a temporary restraining order or for a preliminary injunction, the Court must consider the following factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.  *Id.* at 573.

As to whether Plaintiff has a *strong* likelihood of prevailing on the merits in his complaint, Plaintiff has advanced an argument that is roughly one page long.  Plaintiff's conclusory position is not accompanied by any substantive analysis or applicable case law.  Plaintiff does not separately discuss the likelihood of success on the merits on any one of seven Counts in his complaint.  Notably, "[i]t is not up to the Court to devise a likelihood of success argument for the Plaintiff[] that [he has] not endeavored to develop [himself.]" *Koole v. Wells Fargo Bank, N.A.*, 2015 WL 3408944, at *3 (E.D. Mich. May 27, 2015).  The Court is therefore not persuaded that Petitioner has satisfied his heavy burden of establishing entitlement to

injunctive relief in this regard.[1]

Nor can Plaintiff establish irreparable harm where, as here, the foreclosure sale *will not take place until after the instant action is closed*.  As such, there is no imminent harm here. Moreover, even if the foreclosure of the property took place, Plaintiff admits that he will have a six-month redemption period within which to attempt to redeem his property or make other living arrangements.  In light of the redemption period, courts have determined that irreparable harm cannot be established.[2]  *See Livonia Prop. Holdings, LLC* v. 12840-12976 Farmington Road Holdings, LLC, 399 F. App'x 97, 104 (6th Cir. 2010) (finding that district court did not clearly err in concluding that the plaintiff did not face a threat of irreparable harm from impending foreclosure sale where plaintiff still had the right to redeem.); see *also Sheldon v. Vilsack*, 2011 WL 611891, at *3 (E.D. Mich. Feb. 11, 2011) ("Because Plaintiff is permitted to redeem property after the sale, she has now shown that irreparable harm will occur at the time of the foreclosure sale.") (internal citations omitted).

## CONCLUSION

For the foregoing reasons, the Court concludes that: (1) Plaintiff's emergency motion is moot and, alternatively, (2) that Plaintiff has failed to carry his heavy burden of establishing that the circumstances here clearly demand the extraordinary relief Plaintiff seeks.  As such, Plaintiff's emergency motion (Doc. #9) is **DENIED**.

---

[1] Moreover, to the extent that Plaintiff relies upon the Uniform Commercial Code (U.C.C.), is it not clear that there exists a strong likelihood that Plaintiff will prevail.  The Sixth Circuit has concluded that the U.C.C. does not apply to mortgage foreclosures.  *See Gardner v. Quicken Loans, Inc.*, 567 Fed. App'x 362, 365 (6th Cir. 2014); *see also Schare v. Mortgage Elec. Registration Sys., Inc*., 2012 WL 2031958 (E.D. Mich. June 6, 2012); *Jaboro v. Wells Fargo Bank, N.A.*, 2010 WL 5296939, at *6 (E.D. Mich. Dec. 20, 2010).

[2] Plaintiff's contrary arguments are misplaced.

**IT IS SO ORDERED**.

Dated:  October 13, 2016                              S/ Sean F. Cox
                                                                       Sean F. Cox
                                                                       U. S. District Judge

I hereby certify that on October 13, 2016, the foregoing document was served on counsel of record via electronic means and upon PJ Cotter via First Class mail at the address below:

PJ Cotter
PO Box 131
Anchorville, MI 48004

                                                                       S/ J. McCoy
                                                                       Case Manager