UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PJ COTTER,

                Plaintiff,                    Case No. 2:16-cv-13080
                                              District Judge Sean F. Cox

v.                                       Magistrate Judge Anthony P. Patti

U.S. BANK, N.A., as trustee for
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATS,
SERIES 2006-AR4, OCWEN LOAN
SERVICING, LLC, AND TROTT
LAW, P.C.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT U.S. BANK AND OCWEN'S MOTION TO DISMISS (DE 5)

**I.**    **RECOMMENDATION**:  The Court should grant Defendants' motion to

dismiss because Plaintiff's complaint fails to state a claim upon which relief can be

granted.

**II.**    **REPORT**

    **A.**    **Background**

    For the purposes of this motion to dismiss, I will accept the allegations in

Plaintiff's complaint as true.

Plaintiff, who is proceeding without the assistance of counsel, filed this action in Saint Clair County Circuit Court on August 10, 2016, and Defendants timely removed it to this Court pursuant to 28 U.S.C. § 1331. (DE 1-1.) In his complaint, Plaintiff asserts that the purpose of the lawsuit is to "halt the pending foreclosure and sheriff's sale" of his property because Defendants have failed to prove that they are the rightful holders of his note and therefore do not have a right to foreclose on the mortgage. (DE 1-1 at ¶¶ 1-2.) At issue is the property located at 6243 Church Road, Fairhaven, Michigan ("the property"), which Plaintiff purchased on June 5, 2006. (Id. at ¶¶ 21-22.) He financed the purchase by accepting a $208,000 loan from GreenPoint Mortgage Funding, Inc. ("GreenPoint"), executing a promissory note as security for the loan and giving a mortgage interest in the property as security for the note.

On May 8, 2009, Plaintiff sent a "notice of rescission" to GreenPoint, asserting that the mortgage was obtained through "wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation," because he was not provided with documents required by the Truth-in-Lending Act ("TILA"). (DE 1-1 at 53.) GreenPoint acknowledged its receipt of the notice of rescission on May 21, 2009, noting that its records showed the appropriate TILA disclosures were made. GreenPoint also informed Plaintiff that the servicer of the loan had changed to GMAC Mortgage Corporation ("GMAC"). (DE 1-1 at 55.)

Plaintiff apparently defaulted on the note for non-payment, admitting that he made his last payment in October 2011.  (Id. at ¶ 30.)  On December 12, 2011, GMAC mailed Plaintiff a default letter.  (Id. at 57.)  Plaintiff responded by sending several "demand" letters asserting that it had no legal rights to foreclose.  (Id. at ¶¶ 31-34.)  At some point, the servicer of the loan again changed to Defendant Ocwen Loan Servicing, LLC ("Ocwen").  Plaintiff also sent demand letters to the new servicer, and asserts that he received "no meaningful correspondence responsive" to those letters.  (Id. at ¶ 40.)

On June 22, 2016, Ocwen sent Plaintiff a response attempting to validate the debt owed.  (DE 1-1 at 79-82.)  Plaintiff sent another letter to Ocwen on July 26, 2016, demanding that it validate the debt pursuant to the Uniform Commercial Code ("UCC"), specifically citing Mich. Comp. Laws § 440.1101 *et seq.*, Michigan's enactment of the UCC.  (Id. at 86-120.)  Ocwen sent a second response on June 29, 2016.  (Id. at 83.)  On June 29, 2016, Trott Law, the firm representing Ocwen, mailed Plaintiff a debt collection letter.  (Id. at 77.)  According to Plaintiff, an advertisement of foreclosure sale was posted on the property on July 18, 2016. (Id. at ¶ 44.)

Plaintiff asserts claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), breach of contract, unjust enrichment, conversion, slander of title, misrepresentation, and wrongful for closure against Defendants as a result of their

actions related to the property.  Defendants U.S. Bank and Ocwen filed the instant

motion on September 1, 2016, contending that the complaint should be dismissed.

(DE 5.)  Plaintiff filed a response in opposition on October 11, 2016 (DE 10) and

Defendants U.S. Bank and Ocwen filed a reply on October 28, 2016 (DE 20).

### B.  <u>Standard</u>

When deciding a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6), the Court must "construe the complaint in the light most favorable to

plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F. 3d 605,

608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not

contain "detailed factual allegations," but it must contain more than "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference

depends on a host of considerations, including common sense and the strength of

competing explanations for the defendant's conduct."  *16630 Southfield Ltd.,

P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

4

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### C. <u>Discussion</u>

U.S. Bank (or "trustee") and Ocwen (collectively "Defendants[1]") summarize the crux of Plaintiff's complaint as his claim that U.S. Bank does not have the right to foreclose because it is not a rightful holder of the note and therefore "does not have a right to enforce the security instrument—a Mortgage—without the legal right to enforce the Note." (DE 1-1 at ¶ 2.) Defendants make a number of arguments as to why Plaintiffs' complaint should be dismissed. First, they assert that his claims are meritless because ownership of the note is not a prerequisite to foreclosure. Second, they contend that he fails to plead a valid claim under the FDCPA because he received a timely response to his demand letters. Third, they argue that his breach of contract claim fails because Michigan does not recognize a

---

[1] Trott Law, P.C., is also named as a Defendant in this action but has filed its own motion for judgment on the pleadings. Therefore, any reference to Defendants in the instant report and recommendation is limited to U.S. Bank and Ocwen. U.S. Bank owns the loan and note as Trustee for Greenpoint Mortgage Funding and Ocwen is the servicer of the loan. (DE 1-1 at 81.)

claim for the breach of an implied covenant of good faith and fair dealing. Fourth, they contend that his unjust enrichment claim is barred by the existence of the mortgage. Fifth, they assert that his conversion claim fails because they had a right to foreclose on the property. Sixth, they argue that his slander of title claim fails because he has not alleged falsity or malice. Finally, they assert that Plaintiff has failed to plead his misrepresentation claim with particularity.

Plaintiff opposes the motion. (DE 10.) He maintains that Defendants failed to validate his debt under the mortgage and therefore lack the right to enforce the note. He takes issue with Defendants' assertion that the UCC does not apply to mortgage foreclosures, arguing that the Sixth Circuit case on point differs factually and therefore is not controlling. *See Gardner v. Quicken Loans*, 567 F. App'x 362, 365 (6th Cir. 2014). He contends that his FDCPA claim is valid because Defendants failed to demonstrate that U.S. Bank was entitled to enforce the note. He makes a similar argument with respect to his unjust enrichment claim, contending that the mortgage does not bar such a claim where Defendants are not entitled to enforce the note. Likewise, he asserts that his conversion claim must stand because Defendants have failed to show they have any rights in the note. He asserts that his breach of contract claim does not fail because of implied contractual obligations were breached. Somewhat puzzlingly, Plaintiff notes that he "did not plead RESPA violations," but goes on to argue his claims pursuant to

the Real Estate Settlement Procedures Act, 12, U.S.C. §§ 2605(e)(1) and (2).

Finally, Plaintiff attempts to explain his slander of title claim with particularity, but

does not move to amend his complaint.

Defendants filed a reply on October 28, 2016.  (DE 20.)  They assert that

Plaintiff's arguments are contrary to Michigan law. They maintain that they timely

responded to his requests for verification of the debt.  Finally, they object to

Plaintiff's attempt to add a RESPA claim in his response.  I will consider each of

Plaintiff's claims and Defendants' arguments in turn.[2]

### 1.    FDCPA

Plaintiff asserts that Defendants continue to engage in debt collection efforts

in violation of 15 U.S.C. § 1692g(b).  Pursuant to § 1692g(a), within five days

after an initial communication in connection with the collection of a debt, a debt

collector must provide the consumer with basic information including the amount

of the debt, the name of the creditor, a statement that the consumer has 30 days to

dispute the validity of the debt, a statement that the consumer may notify the debt

---

[2] I will limit my review, however, to Plaintiff's complaint and any attachments
thereto, as is proper when deciding a motion under Rule 12(b).  *See Dixon v.
Nusholtz*, 187 F. 3d 635, 635 (6th Cir. 1999) ("Although we may not consider
matters outside of the pleadings in reviewing a Rule 12(b)(6) motion, when parties
attach exhibits to a pleading the attachment become part of that pleading.").
Plaintiff's attempt to add a claim for RESPA violation in his response, while
admitting that he did not include such a claim in his complaint, will not be
considered.

collector to obtain verification of the debt, and a statement that the consumer may request in writing the name and address of the original creditor.  Plaintiff does not assert that Defendants were deficient in this statutory provision.  (DE 1-1 at 77.)

After receiving this initial communication, Plaintiff exercised his right to obtain verification of the debt by sending a request to Defendant Trott Law, P.C. on July 8, 2016.  (Id. at ¶ 42.)  Trott Law, P.C. replied on July 14, 2016, but Plaintiff asserts that the reply did not substantiate his claim.  (Id. at ¶ 43.)

If a consumer timely exercises his or her right to dispute the debt, the debt collector "shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(b).  "'[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt.'"  *Ayers v. Flagstar Bank*, No. 10-12857, 2011 WL 2433394, at *6 (E.D. Mich. June 13, 2011) (quoting *Chaudhry v. Gallerizzo*, 174 F. 3d 394, 406 (4th Cir. 1999)).  This requirement is

"only intended to eliminate the problem of debt collectors dunning[3] the wrong person or attempting to collect debts which the consumer has already paid." *Nikiforuk v. CitiMortgage, Inc.*, No. 11-10815, 2011 WL 711 3469, at *7 (E.D. Mich. Dec. 27, 2011), *report and recommendation adopted*, 2012 WL 262531 (E.D. Mich. Jan. 30, 2012) (internal quotations omitted); *see also Chaudhry*, 174 F. 3d at 406. The statute does not set forth an obligation to "forward copies of bills or other detailed evidence of the debt." *Id.* Nor does it require the verification to be in the form of the mortgage and note. *Ayers*, 2011 WL 2433394 at *6.

Here, the attachments to Plaintiff's complaint show that Trott Law, P.C. timely responded to Plaintiff's verification request and provided: 1) verification that the debt was valid, and, 2) the original creditor's name and address. (DE 1-1 at 78.) Trott Law, P.C. attached to its verification letter similar responses sent from Ocwen to Plaintiff on June 22, 2016 and June 29, 2016. (Id. at 79-84.) In those letters, Ocwen details the history of the loan, including its origination with GreenPoint, confirmation of Ocwen's servicing rights, confirmation that U.S. Bank as Trustee owned and held the note, the negative escrow balance, and the late charges owed. The June 29, 2016 letter also specified that, as of that date, the loan was 56 payments delinquent, noting that payments stopped on November 1, 2011. (Id. at 83.) This is consistent with Plaintiff's allegation that he made his last

---

[3] "[D]emanding payment from (a delinquent debtor)." *Black's Law Dictionary*, (7th Ed.) at 518.

payment on the loan "on or about October 2011." (Id. at ¶ 30.) The information provided to Plaintiff was sufficient to verify the debt. Plaintiff does not dispute the amount owed under the mortgage or assert that he already paid the loan. Nor does he allege that Defendants are "dunning the wrong person." *Nikiforuk*, 2011 WL 7113469 at *7. It is not at all clear what Plaintiff expects Defendants to do in order to sufficiently verify the debt. Nevertheless, Plaintiff's amorphous standards do not govern here—the statute does, and it does not require any additional verification than that provided to Plaintiff multiple times. Accordingly, Plaintiff's claim under the FDCPA should be dismissed.

If the Court agrees that Plaintiff's FDCPA claim should be dismissed, it may decline to exercise supplemental jurisdiction over the remaining state claims and remand this matter back to St. Clair County Court. The case was removed to this court pursuant to 28 U.S.C. § 1331 on the basis of Plaintiff's FDCPA claim. Under 28 U.S.C. § 1367, the Court also retains jurisdiction over Plaintiff's supplemental state law claims, but that statue additionally provides that courts have discretion to decline supplemental jurisdiction if "the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(4). The Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining jurisdiction only in cases where the interests of judicial economy and the avoidance of multiplicity of

litigation outweigh our concern over needlessly deciding state law issues."

*Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir.

2011) (internal quotations omitted).  In the alternative, and in the interest of

judicial economy, I conclude that Plaintiff has failed to state a claim upon which

relief can be granted on his state claims as well.

## 2.    Breach of Contract

Plaintiff asserts that Defendants breached their written, statutory, and

implied contractual obligations by refusing to demonstrate that U.S. Bank was the

rightful holder of the note, by assessing late fees, and by initiating foreclosure

proceedings.  (DE 1-1 at ¶ 66.)  Defendants first point out that Michigan does not

recognize a separate cause of action for the breach of the implied covenant of good

faith and fair dealing.  *See Bell Isle Corp. v. City of Detroit*, 256 Mich. App. 463,

476 (2003) (stating that "Michigan does not recognize a claim for breach of an

implied covenant of good faith and fair dealing.")  Plaintiff maintains that he also

alleged written and statutory breaches, but Defendants assert that these claims must

also fail because they are based on Plaintiff's contention that U.S. Bank does not

have the ability to enforce the note.[4]

---

[4] In his complaint, Plaintiff does not point to any contractual duty, obligation, or
provision that he alleges was breached by Defendants.  He refers only to "statutory
and implied covenant of good faith and fair dealing." (DE 1-1 at ¶ 67.)  However,
the implied covenant of good faith and fair dealing "does not provide the basis for
a cause of action independent of a valid existing contract."  *Van Arnem Co. v.*

Accordingly, the first step for the Court is to determine whether Plaintiff's allegations with respect to Defendants' ability to enforce the note are sufficient to survive a motion to dismiss.  The crux of Plaintiff's complaint relates to his contention that Defendants' actions in attempting to foreclose by advertisement were invalid because U.S. Bank failed to show that it was the rightful owner and holder of the note pursuant to the UCC.  (*See*  DE 1-1 at ¶¶ 66, 88, 97, 11, and 114.)   However, the Sixth Circuit explains that "the UCC does not apply to mortgage foreclosures."  *Gardner v. Quicken Loans Inc.*, 567 F. App'x 362, 365 (6th Cir. 2014).  Although Plaintiff suggests that the "fact pattern of Gardner and the catalog of cases do not fit the fact pattern [of] this case, and therefore are not controlling," he does not offer any factual distinction.  (DE 11 at 15).  In fact, the cases seem remarkably similar: the plaintiff in *Gardner* also attempted to forestall her mortgage foreclosure by alleging that the defendants did not "lawfully initiate the foreclosure because they [could not] show that they are the holder of the note," which she "couche[d] as a failure to comply with Article 3 of the UCC," the presentment provision on which Plaintiff also relies.  *Id.* (DE 1-1 at ¶ 112.)

---

*Manufacturers Hanover Leasing Corp.*, 776 F. Supp. 1220, 1223 (E.D. Mich. 1991); *see also Stephenson v. Allstate Ins. Co.*, 141 F. Supp. 2d 784, 790 (E.D. Mich. 2001) ("The covenant of good faith and fair dealing . . . cannot be employed, in interpreting a contract, to override express contract terms."  (quotations and citation omitted)); *Hubbard Chevrolet Co. v. Gen. Motors Corp.*, 873 F.2d 873, 876–877 (5th Cir. 1989) ("The implied covenant of good faith and fair dealing essentially serves to supply limits on the parties' conduct when their contract defers decision on a particular term, omits terms or provides ambiguous terms.").

Further, Michigan law provides that the servicing agent of the mortgage loan has the authority to foreclose a mortgage by advertisement.  Mich. Comp. Laws § 600.3204(a)(d).  Plaintiff alleges in his complaint that Ocwen is "the servicing agent for GreenPoint Mortgage Funding . . . ."  (DE 1-1 at ¶ 11.)  Accordingly, Plaintiff's contention that Defendants breached their contract by "failing or refusing to act in good faith to respond to show U.S. Bank was the rightful holder of Plaintiff's Note in response to his UCC Demand Letters . . ." is insufficient to state a claim.  (DE 1-1 at ¶66a.)  I recommend that Defendants' motion be granted as to the breach of contract claim.

Likewise, Plaintiff's overarching contention that Defendants did not have authority to foreclose by advertisement also fails.  The mortgage was assigned to U.S. Bank and the assignment was recorded on November 2, 2015.  (DE 1-1 at 56.)  This interest in indebtedness—"i.e., the ownership of legal title to a security lien whose existence is wholly contingent on the satisfaction of the indebtedness"— authorized Defendants to foreclose by advertisement under Mich. Comp. Laws § 600.3204(1)(d).  *Residential Funding Co. v. Saurman*, 490 Mich. 909, 909 (2011); *see also Hargrow v. Wells Fargo Bank, N.A.*, 491 F. App'x 534, 537 (6th Cir. 2012) (where the interest is validly assigned, the record-holder of the mortgage has the right to foreclose by advertisement under § 600.3204(1)(d)).  In sum, Plaintiff contends that Defendants lacked authority to foreclose on the property because

13

they did not have "100% of the rights in the note." (DE 11 at 14.) Defendants do not argue that they have "100% rights." Instead, they properly assert that they are entitled to foreclose because of their ownership of legal title to the security lien, which is consistent with Michigan law. Accordingly, Plaintiff's argument is without merit and this claim should be dismissed.

### 3.   Unjust Enrichment

Plaintiff's unjust enrichment claim fails as a matter of law because an express contract relating to the disputed subject matter exists between the parties. In order to sustain a claim of unjust enrichment under Michigan law, a plaintiff must establish: 1) the receipt of a benefit by the defendant from the plaintiff; and 2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. *Bell Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003). If the plaintiff establishes these elements, "the law will imply a contract in order to prevent unjust enrichment." *Id.* "However, a contract will be implied only if there is no express contract covering the same subject matter." *Id.* Here, Plaintiff executed two contracts related to the subject matter of his claim: the note and the mortgage. *See, e.g., Mohlman v. Long Beach Mortg.*, No. 12-10120, 2013 WL 490112, at *3 (E.D. Mich. Feb. 8, 2013) (finding that the existence of a note and mortgage was sufficient to bar a claim for unjust enrichment). Plaintiff's claim for unjust enrichment should therefore be dismissed.

### 4.    Conversion

Likewise, Plaintiff's claim for conversion also fails.  Conversion is a tort, not a contractual cause of action, and Michigan courts take precautions to "avoid confusing contract and tort law."  *Huron Tool & Eng'g Co. v. Precision Consulting Serv., Inc.*, 209 Mich. App. 365, 374 (1995).  "Where a plaintiff claims only monetary losses stemming from a written contract, the plaintiff is limited to contractual remedies."  *Oak St. Funding, LLC v. Ingram*, 749 F. Supp 2d 568, 578 (E.D. Mich. 2010) (citing *Rinaldo's Constr. Corp. v. Michigan Bell Tel., Co.*, 454 Mich. 65, 84 (1997)).  Put another way, "if a relation exists that would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise it will not."  *Ulrich v. Fed. Land Bank of St. Paul*, 192 Mich. App. 194, 199 (1991); *see also Brackens v. Mortg. Elec. Registration Sys., Inc.*, No. 14-14835, 2016 WL 1242361, at *5 (E.D. Mich. Mar. 30, 2016) ("[T]here can be no tort liability unless the plaintiff alleges and proves the violation of a legal duty separate and distinct from the obligations owed by defendant under the contract." (internal quotations omitted)).

Here, Plaintiff's claims that Defendants converted his property in violation of his rights "enjoyed under [the] Note" and seeks monetary damages.  (DE 1-1 at ¶ ¶86 and 90.)  As addressed above, the note is an express contract between Plaintiff and Defendants.  Plaintiff is therefore seeking monetary losses stemming

from a written contract and any legal duty would be based on enforcing the contract promise itself.

Moreover, any conversion action over Plaintiff's real property is meritless because "[o]nly personal property may be the subject of an action for conversion." *Collins v. Wickersham*, 862 F. Supp. 2d 649, 656 (E.D. Mich. 2012) (citing *Eadus v. Hunter*, 268 Mich. 233, 237 (Mich. 1934). For the sake of argument, even if he could properly allege a claim for conversion of real property, the parties agree that the sheriff's sale has not yet occurred in this matter, meaning that any potential claim for conversion is not ripe for review. *Janisse v. Wells Fargo Bank, N.A.*, No. 12-cv-13755, 2012 WL 5874846, at *3 (E.D. Mich. Oct. 24, 2012), *report and recommendation adopted*, No. 2012 WL 5875009 (E.D. Mich. Nov. 20, 2012). Accordingly, Plaintiff's claim for the tort of conversion fails as a matter of law.

### 5. Slander of Title

Plaintiff's claim for slander of title should also be dismissed. He asserts that Defendants are liable for slander of title for publishing and advertising the foreclosure without first demonstrating that U.S. Bank is the valid holder of the note. (DE 1-1 at ¶ 94.) "Slander of title claims in Michigan have both a common-law and statutory basis." *Keyes v. Deutsche Bank Nat. Trust, Co.*, 921 F. Supp. 2d 749, 762 (E.D. Mich. 2013) (internal quotations omitted). To state a claim for slander of title, a Plaintiff must show: 1) falsity; 2) malice; and, 3) special

damages, "i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages."  *Id.*

Plaintiff asserts that he has sufficiently pleaded the element of falsity because Defendants "advertised his property without the legal right to do so[.] (DE 11 at 26.)  As addressed above, U.S. Bank was entitled to foreclose by advertisement under Michigan law and Plaintiff concedes that he stopped making payments on the mortgage.  *See* Mich. Comp. Laws § 600.3204(1)(d)).  Plaintiff has therefore failed to show the first element of falsity.  Plaintiff's claim should be dismissed.

### 6.   Misrepresentation

The elements of fraudulent representation in Michigan are as follows:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Collins v. CitiMortgage, Inc.*, 974 F. Supp. 2d 1034, 1039-40 (E.D. Mich. 2013) (citing *Titan Ins. Co. v. Hyten*, 491 Mich. 547)).  Further, Federal Rule of Civil Procedure 9(b) requires that a plaintiff plead this claim with particularity.  *See also Mrla v. Fed. Nat'l Mortg. Ass'n*, No. 15-cv-13370, 2016 WL 3924112, at *8 (E.D. Mich. July 21, 2016) ("Although state law controls the elements of a common-law fraud claim, the Federal Rules of Procedure still dictate whether a fraud claim was

sufficiently pleaded in federal court.").  More specifically, the allegations must "describe specific statements, identify the speaker, specify when and where the statements were made, and explain why the statements were fraudulent," adequate to "place[] the defendant on sufficient notice of the misrepresentation."  *Thill v. Ocwen Loan Servicing, LLC*, 8 F. Supp. 3d 950, 956 (E.D. Mich. 2014) (internal quotations omitted).

Plaintiff asserts that it is sufficient to plead his misrepresentation claim generally because he is alleging negligent and not fraudulent misrepresentation. However, even negligent misrepresentation claims must be pleaded with particularity.  *McLean v. Countrywide Home Loans, Inc.*, No. 09-cv-11239, 2009 WL 5171842, at *3 (E.D. Mich. Dec. 22, 2009).

In his complaint, Plaintiff contends that Defendants "made misrepresentations regarding material information regarding the mortgage loan to the Plaintiff and in the public record," and "failed or refused to show" that U.S. Bank was the rightful folder of the note.  (DE 1-1 at ¶¶101-102.)  This general assertion is not sufficient to place Defendants on notice as to the specific statements giving rise to the claim, does not identify the speaker, specify when and where the statements were made, or explain why the statements were fraudulent. Plaintiff has therefore failed to plead his misrepresentation claim (either fraudulent or negligent) with the level of particularity required by Rule 9(b) and this claim

should be dismissed. Furthermore, Plaintiff's assertion that Defendant's failure or refusal "to show" that it was the rightful holder of the note does not indicate tortious conduct, but at best a breach of a contractual or statutory duty. As explained above, no such breach has been shown on these pleadings.

### 7. **Wrongful Foreclosure**

Plaintiff asserts that U.S. Bank did not have the authority to foreclose by advertisement because it failed to show that it was the rightful owner and holder of the indebtedness. He again points to Defendants' alleged failure to respond to his demand letters pursuant to the UCC. As addressed above, Defendants were entitled to foreclose by advertisement pursuant to Michigan law and the UCC does not apply to mortgage foreclosures. *Gardner*, 567 F. App'x at 365. Plaintiff's bare assertions to the contrary are insufficient to state a claim upon which relief can be granted and this claim should be dismissed.

### D. <u>Conclusion</u>

In sum, Plaintiff has failed to state a claim upon which relief can be granted against Defendants U.S. Bank and Ocwen. In the interest of judicial economy, I recommend that the Court grant Defendants' motion to dismiss the complaint in its entirety, on the merits. (DE 5.) Alternatively, the Court should dismiss the FDCPA claim on the merits and dismiss or remand the remaining state law claims by declining to exercise supplemental jurisdiction over them.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.* If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated: April 4, 2017                    s/Anthony P. Patti

                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record
on April 4, 2017, electronically and/or by U.S. Mail.

                                        s/Michael Williams

                                        Case Manager for the
                                        Honorable Anthony P. Patti