UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PJ COTTER,

    Plaintiff,

v.

U.S. BANK, N.A., as trustee for
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATS,
SERIES 2006-AR4, OCWEN LOAN
SERVICING, LLC, AND TROTT
LAW, P.C.,

    Defendants.
_____/

Case No. 2:16-cv-13080
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DE 13)

**I.     RECOMMENDATION**: The Court should grant Defendants' motion for judgment on the pleadings and dismiss Plaintiff's claims against Trott Law, P.C., because Plaintiff's complaint fails to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.     Background**

The Court set out the factual background in this case in its Report and Recommendation dated April 4, 2017. (DE 24.) I incorporate the April 4, 2017

Report and Recommendation and will only set out the facts necessary to dispose of the instant motion. For the purposes of this motion for judgment on the pleadings, I will accept the allegations in Plaintiff's complaint as true.

Plaintiff, who is proceeding without the assistance of counsel, filed this action to halt a pending foreclosure and sheriff's sale of his property, located at 6243 Church Road, Fairhave, Michigan ("the property"). He brings this action against three Defendants: 1) U.S. Bank, N.A., as Trustee for Greenpoint Mortgage ("U.S. Bank"); 2) Ocwen Loan Servicing ("Ocwen"), the servicer of the mortgage; and 3) Trott Law, P.C. ("Trott"), foreclosure counsel for Ocwen. Plaintiff asserts claims for breach of contract, unjust enrichment, conversion, slander of title, misrepresentation, wrongful for closure, and violations of the Fair Debt Collection Practices Act ("FDCPA") against the various Defendants as a result of their actions related to the property. I have already recommended that the Court grant U.S. Bank and Ocwen's motion to dismiss. (DE 24.)

Trott Law filed the instant motion on October 12, 2016, asserting that it is entitled to judgment on the pleadings for several reasons. First, it asserts that it owed no duty of care to Plaintiff, its legal opponent, and therefore Plaintiff's claims should be dismissed. Second, it argues that Plaintiff's FDCPA claim fails because it appropriately verified the debt pursuant to the statute and his UCC claim fails because the UCC does not apply to mortgages. Third, it maintains that

Plaintiff's complaint fails to state a claim because it is premised on the mistaken theory that Defendants were not entitled to foreclose.

Plaintiff opposes the motion. (DE 21.) He asserts that Trott Law owed him a duty to validate the debt under the FDCPA and that it breached that duty by failing to respond to Plaintiff's successive demand letters. He contends that a "cursory verification of the servicer's transaction history" does not demonstrate the holder's acquisition of the rights pursuant to the UCC. He argues that the UCC governs the note in this matter. Finally, he asserts that Defendants are required to have "100% of the rights in the note to be 'entitled' to enforce" and foreclose by advertisement. (Id. at 20.)

Trott Law timely replied and reiterated its contentions that Plaintiff failed to state a claim upon which relief can be granted. (DE 22.) I agree.

### B. **Standard**

Although styled as a motion "for summary judgment/dismissal," Trott Law relies upon Rule 12(c) ("judgment on the pleadings") and it is not necessary to go beyond the pleadings to make a dispositive ruling. Accordingly, I will construe it as a motion for judgment on the pleadings.

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526

3

F.3d 291, 295 (6th Cir. 2008). When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F. 3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482

4

F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### C. Discussion

Plaintiff mentions Trott Law in passing only in his claims for breach of contract, conversion, slander, and FDCPA violations. (DE 1-1 at ¶¶ 60, 88, 94, 125.) In his claim for breach of contract, he asserts that Trott Law sent notice of U.S. Bank's intent to foreclose the mortgage, but does not allege that Trott Law was ever a party to the contract. (Id. at ¶ 60.) In his claim for conversion, he notes that Trott law is an "agent" of U.S. Bank, and as such contributed to the "extreme and outrageous" act of ignoring his demand letters, but does not explain what those acts are or how they meet the elements of common law conversion, which is "a distinct act of dominion wrongfully exerted over the plaintiff's personal property." (Id. at ¶ 88.); *Thoma v. Tracy Motor Sales, Inc.*, 360 Mich. 434, 438 (1960). In his claim for slander of title, he asserts that Trott Law "published and advertised the foreclosure." (Id. at ¶ 94.) Finally, in his claim under the FDCPA, he notes that Trott Law "blatantly ignored [his] timely demand for validation and are still engaging in collection actions." (Id. at ¶ 125.) In sum, Plaintiff's allegations against Trott Law are sparse, conclusory, and related only to its actions taken on behalf of Ocwen during the foreclosure. "An attorney owes no duty of care to an adversary." *Drew v. Kemp-Brooks*, 802 F. Supp. 2d. 889, 894 (E.D. Mich. 2011)

5

(citing *Friedman v. Dozorc*, 412 Mich. 1, 22 (1981). In a case involving an identical factual situation to the instant matter (including the same defendant), this district has stated that "the law is clear that [a plaintiff] cannot pursue a claim against Trott because of an alleged injury which was sustained as a result of the foreclosure proceedings." *Barthlow v. Trott & Trott, P.C.*, No. 10-11902, 2010 WL 3258362, at * 3 (E.D. Mich. Aug. 17, 2010). Plaintiff disputes this and asserts that the substantial case law on this matter is "inapplicable and does not control" because his case involves a different fact pattern. (DE 21 at 16.) However, there is no difference between the fact pattern in this action and in *Drew*—the plaintiff in that case also attempted to sue the attorney handling her foreclosure. There are other cases in our district with identical fact patterns that reach the same result. *See, e.g., Barthlow*, 2010 WL 3258362 at 3; *Dardini v. Chase*, No. 12-cv-12559, 2013 WL 174825, at *4 (E.D. Mich. Apr. 23, 2013); *Hayon v. Federal Nat. Mortg. Ass'n*, No. 13-12280, 2013 WL 5291678, at *2 (E.D. Mich. Sept. 19, 2013). Even more broadly, Michigan courts have adopted the rule that "an agent is not liable for the contracts [he or she] makes on behalf of a disclosed principal." *Mickam v. Joseph Louis Palace Trust*, 849 F. Supp. 516, 520 (E.D. Mich. 1993). Plaintiff pleads in his complaint that Trott Law is an agent of disclosed principal U.S. Bank. Trott Law cannot be liable to Plaintiff for conducting the business of its clients.

Furthermore, as stated in my April 4, 2017 Report and Recommendation, Plaintiff fails to state a claim for which relief can be granted against even the principals in this action. To the extent that Trott Law had a duty pursuant to the FDCPA, it fulfilled that duty by providing Plaintiff with verification of the debt sufficient to satisfy the statute. Specifically, it timely responded to Plaintiff's verification request and provided: 1) verification that the debt was valid, and, 2) the original creditor's name and address. (DE 1-1 at 78.); *Ayers v. Flagstar Bank*, No. 10-12857, 2011 WL 2433394, at *6 (E.D. Mich. June 13, 2011) ("[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt.") (internal quotation omitted). Accordingly, I recommend that the Court grant Trott Law's motion to dismiss in its entirety. (DE 13.)

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

7

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 5, 2017               s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 5, 2017, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti

8