

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

P J COTTER,

                Plaintiff,

    v.

U.S. BANK, N.A. AS TRUSTEE FOR
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C.,

                Defendants.

Case No. 16-13080

Honorable Sean F. Cox

Magistrate Judge Anthony P. Patti

---

# PLAINTIFF'S OBJECTIONS TO
# MAGISTRATE JUDGE'S RECOMMENDATIONS

---

Plaintiff, PJ Cotter asks the Court to reconsider the Magistrate Judge's

***Report and Recommendation to Grant U.S. Bank and Ocwen's Motion to***

***Dismiss*** (DE 5) (the "Motion") and files these objections, as authorized by Federal

Rule of Civil Procedure 72(b)(2).

## A. INTRODUCTION

1. Plaintiff is PJ Cotter ("Mr. Cotter"); Defendants are U.S. BANK, N.A., as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR4, (the "Trustee") Ocwen Loan Servicing, LLC, ("Ocwen") and Trott Law, P.C. (Trott Law).

2. Plaintiff sued Defendants for violations of the violations of the Fair Debt Collection Practices Act, ("FDCPA"), breach of contract, unjust enrichment, conversion, slander of title, misrepresentation, and wrongful foreclosure.

3. On September 2, 2016, the Court transferred Defendant Ocwen and Trustee's (collectively "Defendants") Motion to Dismiss to Magistrate Judge, Anthony P. Patti for a ruling.

4. Defendant Trott Law, P.C. is not a movant on DE 5.

5. On April 4, 2017, Magistrate Judge, Anthony P. Patti ruled on the Motion and Defendants' Motion to dismiss the *Complaint* in its entirety, on the merits. (DE 5.) Alternatively, the Court should dismiss the FDCPA claim on the merits and dismiss or remand the remaining state-law claims by declining to exercise supplemental jurisdiction over them.

6. Mr. Cotter files these objections to the Magistrate Judge's ***Report and Recommendation to Grant U.S. Bank and Ocwen's Motion to Dismiss.*** ("Report.") (DE 5.)

2

## B. ARGUMENT

7. If a party timely objects to the Magistrate Judge's recommendations or findings, the district court must determine de novo any part of the objectionable portions of the recommendations or findings. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may also receive additional evidence or return the matter to the Magistrate Judge with instructions. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

## C. OBJECTIONS

8. Mr. Cotter objects to the Magistrate Judge's Report and Recommendations for the following reasons, in the format and order found in the Report:

### **Magistrate Judges Recommendation**

The Magistrate Judge recommended dismissal because the *"complaint fails to state a claim upon which relief can be granted."* and accepted the allegations as true. (DE 24. p. 1.)

### **Magistrate Judge's Background**

The Magistrate Judge's understanding of the allegations pleaded and the underlying legal theories in the pro se ***Complaint*** is distorted.

3

The Magistrate Judge properly ascertained Plaintiff alleged, *Defendants have failed to prove that they are the **rightful holders of his note** and therefore do not have a right to foreclose on the mortgage"* (emphasis added). (DE 24 p. 2. ¶1.) The Report also distinguishes between the mortgage loans documents—the note and mortgage—and identifies the purpose and nature of each with, *"executing a **promissory note** as security for the loan **and** giving a **mortgage** interest in the property as security for the note"* (emphasis added). (DE 24 p. 2. ¶1.)

The Magistrate Judge considered the timely rescission, noting the Servicer acknowledged the rescission, but does not address whether the Servicer fulfilled its statutory requirements in a timely manner, or that the rescission was of no legal effect. (DE 24 p. 2. ¶2.) Plaintiff contends the Servicer, or an interested party had twenty days to respond or waived any right to make future claims against the note. - The statute reads,

> "Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S. Code § 1635(b) - Right of rescission as to certain transactions.

While the rescission was not Mr. Cotter's primary position it is a pertinent factor related to verification, validation, and enforceability.

Mr. Cotter objects to the Magistrate Judge's generic statement, *"Plaintiff* **_apparently defaulted_** *on the note for non-payment."* (DE 24 p. 3. ¶1.) This interpretation conflates two distinct defaults. The first being Mr. Cotter's failure to make payments, and the second, the 'declaration' of default by a rightful noteholder under Mich. Comp. Laws § 440.1101 *et seq.* (UCC). Mr. Cotter recognizes that a rightful holder of his note can declare a default and pursue an enforcement action, i.e. sell his home. However, if the possessor of his note is not a legally valid holder, it does not have the right to enforce the note, or the mortgage via the Trustee.

Mr. Cotter objects to the Magistrate Judge's next inaccuracy, which reads, *"Plaintiff responded by sending several "demand" letters asserting that it had no legal right to foreclose."* (DE 24 p. 3. ¶1.) Contrary to the Report, Mr. Cotter's UCC Demand Letters did not assert the recipients of his letters, *"had no legal right to foreclose."* Clearly, Mr. Cotter's UCC Demand Letters sought proof the possessor of his note did in fact hold 100% of the rights in his note, by virtue of a fully qualifying UCC transfer, entitling it to enforce his note. Mr. Cotter's UCC Demand Letters requested information, and contain no preconceived accusatory language, contrary to the Magistrate Judge's understanding.

Mr. Cotter objects to the Magistrate Judge's oversimplification of the two timely requests for validation of the debt, which overlook important facts. (DE 24

5

p. 3. ¶2.) Mr. Cotter's initial request for validation was an incomprehensible and incoherent collection of requests. Within the 30 days allotted, Mr. Cotter withdrew his initial request replacing it with a much simpler and cohesive request for validation of the debt. Ocwen did respond to the second request, but failed to demonstrate its client had a right to enforce his note. At issue was not the amount, or the name of the person owed, rather Mr. Cotter sought proof/validation the alleged possessor/holder of his note had the enforcement rights alleged.

The Defendants sought to foreclose on the mortgage. The Defendants and Magistrate Judge's focus is on Mich. Comp. Laws § 600.1101 *et seq.* Mr. Cotter directed the focus on the underlying note, and alleged holder under Mich. Comp. Laws § 440.1101 *et seq.*

How can a Collector verify/validate a debt/obligation under the FDCPA if, it cannot, or will not show it has a right to enforce? Mr. Cotter claims they did not, that the Defendants actions are violative of the Act. This is foundational, yet the Magistrate Judge dismisses it summarily.

The balance of the Magistrate Judge's background lists Mr. Cotter claim arising from the Defendants' failure to validate by showing the Trustee was a legally valid holder of his note.

6

The Court understands the distinctions between the mortgage and note, and recognizes the distinctions between Mich. Comp. Laws § 440.1101 *et seq.* and Mich. Comp. Laws § 440.1101 *et seq.* The UCC controlling the underlying note, and the right to enforce, while the second only controls the nonjudicial process— but cannot benevolently instill enforcement rights when Mr. Cotter's exhibit show the recipients of his UCC Demand Letters failed or refused to demonstrate anyone had a right to enforce his note.

## B. Standard

Mr. Cotter's Opposition to the Motion delineated the standards he believed are applicable. (DE 11 p. 11. ¶2.)

## C. Discussion

The Magistrate Judge's opening statement is spot on. "[Defendants] *summarize the **crux** of Plaintiff's complaint as his claim that U.S. Bank does not have the right to foreclose because it is not a rightful holder of the note and therefore "does not have a right to enforce the security instrument—a Mortgage— without the legal right to enforce the Note""* (emphasis added). (DE 24 p. 5. ¶2.)

The balance of the discussion is accurate, however Mr. Cotter believes a little clarity is needed regarding footnote 1 given the Magistrate Judge was

*"somewhat puzzl*[ed]". Mr. Cotter's opposition raised for the sake of argument the following. (DE 24 p. 6. ¶1.)

> Although Cotter did not plead RESPA violations, RESPA adds another layer of complexity to Cotter's demands under the UCC. His letters constituted a qualified written request for information under RESPA, 12 U.S.C. § 605(e)(l)(B). Cotter made requests for specific information, but the Servicer did not directly respond with the information requested. (DE 11 p. 11. ¶1.)
>
> This portion of his arguments showed that Servicer had duties to comply

with his request above and beyond those found in the FDCPA.

## 1. FDCPA

Mr. Cotter objects to the Magistrate Judge's analysis of the FDCPA claim by relying only upon the discombobulated July 8, 2016 request for verification/validation. The analysis does not include the second timely requests made with his July 26, 2016 request for validation. This request requires substantiation under the UCC. (DE 1-1 p. 88.) The copy in the record is of poor quality. The pertinent text reads.

*"Renewed and Revised*

**REQUEST FOR VERIFICATION-VALIDATION OF THE DEBT
UNDER THE FDCPA**
**Substantiated Under Michigan's Uniform Commercial Code, § 440.1101
et seq.**

*I am in receipt of your 30 day § 1692 notice dated June 29, 2016. I have withdrawn my prior request for verification because it was unclear, convoluted, and complex.*

*This is notice pursuant to the FDCPA that your claim is disputed and meaningful validation is requested. This is NOT simply a request for "verification" or proof of my mailing address, but rather a request for **VALIDATION**. I respectfully request that your offices provide competent evidence that I have a legal obligation to pay you or your client.*

*Please provide me with the following:*

- *What the money you say I owe is for;*

- *Explain and show how you calculated what you say I owe;*

- *Provide copies of any papers that show I agreed to pay what you say I owe;*

- *Provide copies of any papers that show your client has the **right** to declare a default and initiate an enforcement action in full accordance with § 440.1101 et seq."* (no emphasis added.) (DE 1-1 p. 88.)

Again, how can a Collector verify/validate a debt/obligation under the FDCPA if, it cannot, or will not show it has a right to enforce? Mr. Cotter claims they did not, that the Defendants' actions are violative of the Act?

The Magistrate Judge acknowledged Mr. Cotter's contention, *"but Plaintiff asserts that the reply did not substantiate his claim"* (emphasis added). (DE 24 p. 8. ¶1.) Mr. Cotter objects to the Magistrate Judge's oversimplification and dilution of his substantive rights found in the FDCPA. (DE 24 p. 8. ¶2.)

While the Magistrate Judge's caselaw shows the bare minimum a Collector may be proffer, the Report is devoid of caselaw showing Mr. Cotter cannot use the FDCPA by itself or in conjunction with the UCC to challenge an alleged holder of a note to substantiate the full validity of its claim.

9

For the sake of argument, the Magistrate Judge's argument and caselaw would allow any wrongful Creditor or note holder to pillage the unsuspecting by naming the Creditor and providing an accurate accounting, whether or not the Creditor had a legal right to enforce the obligation.

Before making his recommendation regarding the FDCPA claim, the Magistrate Judge expresses his failure to grasp the gist of Mr. Cotter's FDCPA claim with, *"It is not at all clear what Plaintiff expects Defendants to do in order to sufficiently verify the debt."* (DE 24 p. 9. ¶1.) Mr. Cotter objects to any recommendation the Magistrate Judge makes related to the FDCPA first given the court understood the crux of his ***Complaint*** and the nature of the record sought under the FDCPA and UCC, given the spot on opening sentence of the discussion. "[Defendants] *summarize the **crux** of Plaintiff's complaint as his claim that U.S. Bank does not have the right to foreclose because it is not a rightful holder of the note and therefore "does not have a right to enforce the security instrument—a Mortgage—without the legal right to enforce the Note""* (emphasis added). (DE 24 p. 5. ¶2.)

Mr. Cotter objects to the dismissal of his FDCPA claim, and subsequent remanding of the matter back to the St. Clair County Court. The Defendants chose this forum to hear all claims.

The Magistrate Judge concluded, *"Plaintiff has failed to state a claim upon which relief can be granted on his state claims as well."* The Mr. Cotter, pro se, objects and should be permitted to amend his **Complaint** to provide clarity and comply with the pleading requirements of the federal venue.

## 2. Breach of Contract

The Magistrate Judge properly opens the section with, *"Plaintiff asserts that Defendants breached their **written**, **statutory**, and implied contractual obligations by refusing to demonstrate that U.S. Bank was the rightful holder of the note, by assessing late fees, and by initiating foreclosure proceedings."* (DE 24 p. 11. ¶1.) The Magistrate Judge's legal reasoning centered on implied contractual obligations which was supplemented with footnote 4.

Cotter objects to the Court's failing to recognize the note was the 'written' contract breached. The Defendants maintain the Trustee was the Note Holder. The opening sentence of section *3 **Unjust Enrichment*** below, appears to unwind some of the legal logic of this section, *2 **Breach of Contract***. It reads, *"Plaintiff's unjust-enrichment claim fails as a matter of law because an express contract relating to the disputed subject matter exists between the parties."* (DE 24 p. 14. ¶1.)

Moving on we see, the Note reads, ***"Notice of Default.** If I am in default, the note holder may send me a written notice telling me that if I do not pay the overdue*

11

*amount by a certain date, the Note Holder may . . ."* (DE 1-1 p. 24. ¶7.C.) Mr.

Cotter, relying on the Note itself and the statutory scheme of the UCC challenged

the alleged Note Holder with his clear and well-articulated UCC Demand Letters

on June 17, 2013, (Ocwen UCC Demand Letter, DE 1-1 p. 59.); (Orlans

Associates, P.C. UCC Demand Letter (prior foreclosing law firm), DE 1-1 p. 66.)

Receiving no meaningful response, On February 2, 2014 Mr. Cotter sent

reminder letters. (Ocwen reminder letter, DE 1-1p 73.); (Orlans reminder, DE 1-1

p. 74.)

A second timely request for validation, which was to be substantiated by the

Collector showing the Creditor was in fact entitled to enforce his Note.

The bidirectional correspondence is preserved in the record spanning DE 1-1

pp. 59-120. This includes four reminders and Mr. Cotter's letters clearly

articulating the deficiencies of any responses he received such as his letter found at

DE 1-1 p. 86.

No Defendant entered records showing any person was entitled to enforce

his note.

The caselaw found in footnote 4 is not controlling, first because there is a

written contract between the parties and a statutory duty of good faith under the

UCC as pleaded in the opposition. Mr. Cotter objects on the basis that the

Magistrate Judge has failed to take an account the applicability of the UCC over the parties' dispute.

Beginning with page 12, the Magistrate Judge broaches the **heart and soul** of the ***Complaint*** with, "*. . . the first step for the Court is to determine whether Plaintiff's allegations with respect to **Defendants' ability to enforce the note** are sufficient to survive a motion to dismiss.*" (DE 24 p. 12. ¶1.)

After crafting the important *"first step"*, the Magistrate Judge makes a hard left focusing exclusively on the **mortgage**—as opposed to the note. All of the caselaw offered holds the mortgage in high esteem and central to Michigan's foreclosure laws. This is quite evident with just a cursory analysis of the caselaw, which follows.

Quoting, *"the Sixth Circuit explains that "the UCC does not apply to mortgage foreclosures." Gardner v. Quicken Loans Inc. . . . Although Plaintiff suggests that the "fact pattern of Gardner and the catalog of cases do not fit the fact pattern [of] this case, and therefore are not controlling," he does not offer any factual distinction"* (internal citation omitted.) (DE 24 p. 12. ¶1.) Mr. Cotter objects because in his ***Complaint*** he is not contended that the UCC applies to *"mortgage foreclosures."* He contends the domain under which the note falls is the UCC. Further, he contends the Defendants were given many opportunities under

13

the FDCPA to show the Trustee was entitled to enforce the mortgage after it showed it was entitled to enforce the note under the UCC.

For the sake of argument, even if Mr. Cotter had not made his second timely FDCPA request for validation of the debt, the Trustee, and Codefendants had a duty to respond to his UCC Demand Letters. Having failed or refused to comply with his inquiry/requests Mr. Cotter believes he would have alternate claims regardless of in artfully express them as a pro se.

The Magistrate Judge illuminates the fact that Mr. Cotter stated *Gardner v. Quicken* is a different fact pattern. (DE 24 p. 12. ¶1.) Mr. Cotter objects that the Magistrate Judge perceives that he *"attempted to forestall [his] mortgage foreclosure by alleging. . ."* Mr. Cotter demanded of the Defendants with his UCC letters that the holder or its agent show it was entitled to enforce." The fact pattern Gardner does not show she sent UCC Demand Letters fashioned as Mr. Cotter's, or that she sent a timely FDCPA request to validate the debt to be substantiated by the UCC.

Next, in his Report, Magistrate Judge brings into focus Mich. Comp. Laws § 600.3204(a)(d) which, *"provides that is serving said agent of the mortgage loan has the authority to foreclose a mortgage by advertisement."* (DE 24 p. 13. ¶1.) This is cobbled with Mr. Cotter's recognition that Ocwen is the Servicer of the

mortgage loan. Mr. Cotter objects because Magistrate Judge conflated the Servicer's role—Servicer—and its statutory authority to foreclose under Mich. Comp. Laws § 600.3204(a)(d) with entitlement to enforce the note under the UCC by virtue of a qualifying transfer, which all Defendants have failed or refused to show when legitimately challenged.

The Magistrate Judge believes the breach-of-contract claim fails. (DE 24 p. 13. ¶1.) The Report fails to cite any caselaw showing Mr. Cotter did not have the right to challenge the Trustee and its agents under the FDCPA, UCC, or his note.

Breach of contract analysis continues with a second argument related to *"authority to foreclose by advertisement."* Mr. Cotter objects as this is a variation of the prior mortgagee argument which failed to address the rights of a note holder must possess to be entitled to enforce. This logic implies the mortgage carries with it magical enforcement rights sufficient overflow onto the note. However, the Trustee and other Defendants failed to produce records in response to his UCC Demand Letters or second timely request for validation. Mr. Cotter received a copy of the note and mortgage but did not receive sufficient records to show the Trustee had more than mere rightless possession. Again Mr. Cotter objects because the Magistrate Judge's caselaw does not show the Collector did not have to respond meaningfully to his request for validation, that the mortgage foreclosure laws supersede the UCC, or provide the mechanics by which the mortgagee acquires the

enforcement rights in a note, and that it does not have to show if, when, and how it came to gain those rights to the notes maker and counterparty when challenged.

This section closes,

> *In sum, Plaintiff contends that Defendants lacked authority to foreclose on the property because they did not have "<u>100% of the rights in the note.</u>" (DE 11 at 14.)* **Defendants do not argue that they have "100% rights." <u>Instead</u>,** *they properly assert that they are* **entitled to foreclose <u>because</u> of their <u>ownership</u> of <u>legal title to the security lien</u>,** *which is consistent with Michigan law. Accordingly, Plaintiff's argument is without merit and this claim should be dismissed* (emphasis added). (DE 24 p. 13. ¶2.)

Mr. Cotter objects to the Magistrate Judge's finale for the section. Mr. Cotter's breach of contract cause of action is not founded on the ownership of the note or mortgage. As argued above, the applicability or inapplicability of the UCC in relation to Mr. Cotter's claims is not been addressed. The Magistrate Judge recognizes the Defendants did not defend any alleged rights in the note, and as such may have waived any legal rights the holder may have possessed.

The Magistrate Judge and Defendants have not shown Mr. Cotter does not have a right to know the proper person is enforcing his note. No caselaw or statutory authority shows otherwise.

### 3. Unjust Enrichment

The pro se Plaintiff should be permitted to amend his *Complaint* and clarify his claims.   Ocwen, the Servicer received a benefit of Mr. Cotter via the acquisition of servicing rights in the mortgage loan. From this position, the Defendants created an inequity by virtue of their positions as Servicer. Mr. Cotter does not have an express contract with the Servicer. Mr. Cotter alleges Defendant Ocwen used its superior position to support the alleged noteholder's enforcement efforts.

The Magistrate Judge raises, *"Plaintiff executed two contracts related to the subject matter of his claim: the note and the mortgage"* (emphasis added). (DE 24 p. 14. ¶2.) Mr. Cotter does not have an express contract with Servicer Ocwen and objects to the Magistrate Judge's legal reasoning and inapplicable caselaw.

### 4. Conversion

Mr. Cotter object to the magistrates determination that the claim for conversion fails, based on the following:

Mr. Cotter believes the Magistrate Judge's caselaw fails to carry the desired result. The Report nuances the conversion claim by quoting, *"Michigan courts take precautions to "avoid confusing contract and tort law.""* From this step, we learn Mr. Cotter's remedies—if any—may be contractual. *"Where a plaintiff claims only*

*monetary losses stemming from a written contract, the plaintiff is limited to*
*contractual remedies. "* From the inverse, Mr. Cotter learns, *"if a relation exists*
*that would give rise to **a legal duty** without enforcing the contract promise itself,*
***the tort action will lie**, otherwise it will not"* (emphasis added) (all internal
quotations omitted.) (DE 24 p. 15. ¶1.)

The Magistrate Judge drives his positional caselaw home with the holding
*Ulrich v. Fed. Land Bank of St. Paul, "("[T]here can be no tort liability unless the*
*plaintiff alleges and proves the violation of a legal duty separate and distinct from*
*the obligations owed by defendant under the contract" (internal quotations*
*omitted)). "* (DE 24 p. 15. ¶1.)

The capstone of the Report's logic is, *"Plaintiff is therefore seeking*
*monetary losses stemming from a written contract and **any** legal duty would be*
***based on enforcing the contract promise itself.** "* (DE 24 p. 15. ¶2.)

On one hand, the Magistrate Judge asserts, Mr. Cotter does not have a right
to challenge the alleged holder of his note given the holder does not have a duty to
validate its claim under the FDCPA and UCC. On the other hand, some unknown
duty lies in the enforcement of the contract/Note. And because there is a written
contract, the claim fails.

Mr. Cotter objects because, he contends the Defendants had statutory and noncontractual legal duties under the FDCPA to validate the Note Holder was entitled to enforce his note—not just confirm the name of the Creditor and double-check the math.

Mr. Cotter also contends the Defendants failed in its statutory duties under the UCC as elaborated within his **Complaint** and **Opposition** to the Defendants' Motion.

The Magistrate Judge appears to support Mr. Cotter's argument in **6 Misrepresentation** with the legal reasoning, *"Plaintiff's assertion that Defendant's failure or refusal "to show" that it was the rightful holder of the note does not indicate tortious conduct, but at best a **breach of a contractual or statutory duty**."* (DE 24 p. 18. ¶2.)

Turning to the Magistrate Judge's legal reasoning close the section, *"Moreover, any conversion action over Plaintiff's real property is meritless because "[o]nly personal property may be the subject of an action for conversion""* (emphasis added). (DE 24 p. 16. ¶1.)

Plaintiff's property—subject to conversion—was his rights and protections found in the UCC and the note itself. This is/was Mr. Cotter's personal property.

Mr. Cotter did not raise express terms in the note or mortgage. Defendants violated Plaintiff's rights, not terms of an express agreement.

Mr. Cotter object to the entire section and should be allowed to amend his *Complaint* if further clarification is needed for Court's understanding.

### 5. Slander of Title

Upon examining the allegations and facts, the Magistrate Judge found,

> "*Plaintiff asserts that he has sufficiently pleaded the element of falsity because Defendants "advertised his property without the legal right to do so[.] (DE 11 at 26.)* **As addressed above**, *U.S. Bank was* **entitled to foreclose** *by advertisement* **under Michigan law and Plaintiff concedes that he stopped making payments** *on the mortgage*" (emphasis added). (DE 24 p. 17. ¶1.)

This section of logic daisy chains from the flawed understanding or logic raised by Cotter when assessing the Magistrate Judge's background section. (supra p. 3. ¶2.) Mr. Cotter objected to the Magistrate Judge's generic statement,

"*Plaintiff* **apparently defaulted** *on the note for non-payment.*" (DE 24 p. 3. ¶1.)

This interpretation conflates two distinct defaults. The first being Mr. Cotter's failure to make payments, and the second, the 'declaration' of default by a rightful noteholder under Mich. Comp. Laws § 440.1101 *et seq.* (UCC). Mr. Cotter recognizes that a rightful holder of his note can declare a default and pursue an enforcement action, i.e. sell his home. However, if the possessor of his note is not a

20

legally valid holder, it does not have the right to enforce the note, or the mortgage via the Trustee.

Michigan's foreclosure laws do not GRANT automatic entitlement to enforce a mortgage note. The body law presumes the Mortgagee is authorized to foreclose. Nothing in the body of law prevented Mr. Cotters challenges under the UCC and FDCPA.

Mr. Cotter alleged: (a) he sent his second request for verification/validation and his UCC Demand Letter; (b) he sought proof of the Note Holder's entitlement to enforce his Note; (c) all Defendants failed or refused to respond meaningfully to show the Trustee was entitled to enforce his note; and (d) a person in wrongful possession, or one in possession but without the rights of a holder was enforcing his note.

Mr. Cotter contends that if the Defendants could have shown the Trustee was a rightful holder, the claim would collapse, but absent proof, Mr. Cotter must object to the Magistrate Judge's determination that Plaintiff failed to show the first element of falsity.

### 6. Misrepresentation

The Magistrate Judge recognized Mr. Cotter made general allegations, but asserts the pro se Plaintiff did not plead with adequate specificity. While general

allegations are in place, the Magistrate Judge recommends the claim fail, because the **_Complaint_** lacks specific statements relating to details such as 'who' and 'when'.

This is a reason to permit Plaintiff to amend. The Defendants removed this action to this forum. He pleaded to what he believed were the State Court's requirements.

As if 'out of the blue' the Misrepresentation section closes, *"Furthermore, Plaintiff's assertion that Defendant's failure or refusal "to show" that it was the rightful holder of the note does not indicate tortious conduct, but at best a breach of a contractual or statutory duty. As explained above, no such breach has been shown on these pleadings"* (emphasis added). (DE 24 p. 18. ¶2.) In other word, some plausible claim lies within. The recognition of this *breach of a contractual or statutory duty* was addressed in other sections above.

Mr. Cotter object to the Magistrate Judge's recommendation.

### 7. Wrongful Foreclosure

The Magistrate Judge references Mr. Cotter's UCC Demand Letters and discounts the Defendants' failure to respond. No caselaw or statutory authority was given to show the Defendants did not have a duty to respond to the UCC Demand Letters or request for verification requiring substantiation under the UCC.

Again citing *Gardner*, the Report proclaims/pronounces, *"As addressed above, Defendants* [sic (plural)] *were **entitled to foreclose** by advertisement pursuant to Michigan law and the UCC does not apply to mortgage foreclosures."* It was Mr. Cotter's understanding the Trustee was holding itself out as the Note Holder—not the collective.

Mr. Cotter argued the addressed the fact pattern of Gardner above and likes the argument applies to this section. Therefore, Mr. Cotter objects to the recommendation to dismiss the claim.

## D. Conclusion

Mr. Cotter contend the Magistrate Judge's Report and Recommendation does not encompass the totality and weight of the Plaintiff's claims, and as such fails to properly apply the law as found in the UCC and FDCPA to his facts.

The Magistrate Judge acknowledges, [T]he Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Mr. Cotter should be permitted to amend his Complaint.

(End of Magistrate Judge's format and numbering.)

23

**9.** Because the Magistrate Judge's findings and recommendations are

erroneous, Mr. Cotter asks the Court to reject the Ocwen and

Trustee's Motion to Dismiss.


Respectfully submitted,

By: _P J Cotter_____

P J Cotter, Pro se
PO Box 131
Anchorville, MI 48004
810-459-6972
pocmich@yahoo.com


Date: April 21, 2017

24

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2017, I filed a hardcopy of the foregoing

document with the Clerk of the Court, which will send notification of such filing to

all registered recipients via the ECF, and upon the following by first-class United

States mail, with postage prepaid:


Nasseem S. Ramin
**DYKEMA GOSSETT PLLC**
400 Renaissance Center, 37th Floor
Detroit, MI 48243

Paul J. Santi
**TROTT LAW, P.C.**
31440 Northwestern Hwy
Suite 200
Farmington Hills, MI 48334

P J Cotter, Pro se
PO Box 131
Anchorville, MI 48004

April 9, 2013        Certified Mail: _  7009 0820 0001 8085 6462 ____

When <u>you</u> are responding to this letter, please designate that  you  are  specifically  responding  to  the  letter designated: <u>2013-04-09-E.</u>

Number <u>your</u> responses to the individual paragraphs below, so that I can tell which requests you are fulfilling, ignoring, or refusing.

P J Cotter
6243 Church Road
Fair Haven, MI 48023  <<<  Please note the proper City for mailing

Ocwen Loan Servicing, LLC
Attention: Customer Care
3451 Hammond Ave.
Waterloo, IA 50704-0780

```
┌─────────────────────┐
│        Case         │
│  Cotter v US Bank   │
│                     │
│      Exhibit        │
│      Ptf 10         │
└─────────────────────┘
```

        RE: Loan Number: 0307722389
        Property Address: 6243 Church Road, Fair Haven, MI 48023
                        (located in IRA Township)

Dear Madam or Sir,

    Please read this carefully.  You are attempting to foreclose on my home without authority under the U.C.C.  I fear you are engaged in a wrongful foreclosure.

    During the foreclosure process, you <u>have acted as the agent of, or have acted as an alleged noteholder and or holder and owner</u>. You and or the alleged note holder, servicers, and/or other agents have sent documents to me as notices of intent to accelerate, a notice of default and/or sale, and subsequent references to a default.

    The  warnings  by  different  parties  and  the  subsequent  Notice  of Default/Foreclosure/Sale (the "Notice") and references to such in the public record have created confusion as to the status of the parties now and then.  In a letter, I
                                                            Page 1 of 7

was told I allegedly defaulted on an obligation, and as of **February 16, 2013** the **default was $231,879.01.**

I do not know any of you, and do not know if any of you have, or had, the undiminished legal rights alleged in the Notice or subsequent foreclosure action.

Before you foreclose on the note or attempt to sell my home, I need to determine whether the **Notice** had any legal validity.  I do not want to make payments to the wrong person or to let the wrong person take or sell my Home.

Please, therefore, provide within **fifteen (15)** calendar days from the date of this letter the below-requested information and any additional information or documents you think establishes your right to make the demands or to carry out the threats of the Notice.

**Your compliance with this request will not require much time or effort if, in fact, you have or had such rights and you verified same before sending the Notice to me.**

**Respond fully to the sections below that apply to you.**  For clarification, let me know which parts you believe do not apply to you.  Failure to eliminate any particular level of involvement will be deemed as your admission that you are claiming responsibility for such regarding my mortgage loan.

If you have a document that is responsive to this request, please provide a copy of the entire document, including exhibits.

A summary, abstract, or comment about a document is not acceptable, and will not be treated as genuine evidence supporting whatever position you claim regarding my mortgage loan and Home.

Page 2 of 7

Silence, or an incomplete response will be deemed as your admission that the Notice was improperly issued and that your office has, or had, no right to enforce my mortgage loan pursuant to the <u>Michigan Compiled Laws, Chapter 440, Uniform Commercial Code, § 440.1101 et seq</u>. and, therefore, have no right to foreclose on my Home.

1.      If you claim to be a trustee or agent appointed to conduct a non-judicial foreclosure of my Home:

     a.      Please specify your appointed role as an agent, trustee or functioned in some other appointed role.

     b.      Please provide the name, address, and phone number of the company and the person(s) at that company who instructed you to commence this foreclosure process. I deem your receipt of this letter to be receipt by your customer, also, and I require responses by you and your customer accordingly.

     c.      Please describe the portion or text of any document I executed regarding my mortgage loan that authorizes you to perform the foreclosure services you have agreed to perform regarding my Home.

     d.      If you claim you received only a verbal instruction to initiate this foreclosure process, please identity the date of that instruction and the name, address, employer, and phone number of the person who gave that instruction to you.

     e.      Please explain everything you did to assure yourself that the company or person who instructed you to initiate the foreclosure process was, in fact, authorized to do so by law. Further, please provide a copy of each document, digital or hardcopy, you reviewed when making that assessment.

     f.      Please provide a copy of the contract or agreement, and each of them if more than one, by which you were engaged to act as trustee regarding the foreclosure of my Home.

     g.      Please provide a copy of all communications, whether email, fax, letter, or otherwise, that you have received or sent regarding my Home.

Page 3 of 7

h.  If you have an office manual or policy statement about how and when you engage in and prosecute foreclosures, please provide a copy.

i.  Your failure to provide the requested information will be deemed your admission that you have engaged in this foreclosure process without authority and in violation of the terms of my mortgage loan documents and the laws of the state in which the Home is located.

2.  **If you are the attorney representing a company that is involved with the demands and foreclosure related threats of the Notice.**

Identify your client or clients with name, address, phone number, and a description of client's relationship to my mortgage loan and Home. Further, identify your contact person for each such identified client, including his or her name, address, employer, and phone number. I deem your receipt of this letter to be receipt by your client and I require responses by you and your client(s) accordingly.

3.  **If you claim that you are <u>entitled to enforce</u> my mortgage loan according to the Uniform Commercial Code, and not in the capacity as a servant for whomever might be that person.**

Then explain and identify the circumstances by which you obtained that right and when.  In addition, please provide the explanations and documents requested below:

a.  If you claim to have physical possession of the Note I executed, please let me know when you will make the Note available for inspection and copying.  The place you select must be close to my Home, unless we all agree otherwise.

b.  Please provide a complete accounting of the amount alleged due under my Note from its inception to the current time, including every credit and debit.  Please account for each and any insurance proceeds, claim settlement, or warranty payments made regarding my note and Home. If you maintain that no insurance, claim settlement, or warranty payments have been sought or received that involve, directly or indirectly, my mortgage loan and Home, please state so in an affidavit under oath executed by one of your officers who is also your employee.

c.  Please provide a complete history of each transfer of the physical Note and each sale, transfer, exchange or assignment of the mortgage loan,

Page 4 of 7

in full or part, from its creation to the current time, including but not limited to the name, address, and phone number of each transferor and each transferee in that chain. Further, for each transfer or transaction please provide, in addition to any resulting assignment or conveyance instrument, the contract(s) or agreement(s) involved with the respective transfer or transaction, as made by the parties to each respective transfer or transaction. Also, please identify the source or sources of your information regarding that chain of activity regarding my mortgage loan.

d.    Please provide a copy of each email, fax, letter, or other communication you sent to or received from any person or company regarding my mortgage loan since its inception.

4.    **If you work for a company that claims the right to enforce my mortgage loan pursuant to the Uniform Commercial Code.**

Then identify that company with its name, address, and phone number, and identify the person or persons at that company to whom you report.

a.    If you are an agent or servant, I deem that your receipt of this letter constitutes receipt by the company for which you are working, and we require that company to respond as if it received this letter directly rather than through you.

b.    Please provide the contract, agreement, or document by which you were engaged to provide services for that company respecting my Home. If more than one contract or agreement is involved, please provide complete copies of each.

c.    Please admit that you hold no economic interest in my mortgage loan or Home. If you maintain otherwise, please explain and provide each and all documents that you assert create an economic interest in my mortgage loan or Home.

d.    Please have the company you claim hired you respecting my Home to provide by the hand of one of its employees, directly to me, its affirmation of your engagement and authority to represent it respecting my Home and the Notice, and all of its documents regarding my mortgage loan.

e.   Please provide a copy of the document or documents by which that company declared a default under my mortgage loan and instructed you or some other person to commence collection actions regarding same.  If you claim that instruction was verbal, please identify the person who gave it to you and include the date of that instruction and that person's name, address, employer, and phone number.

You are welcome to answer that you have no such information with which to reply to any particular request.

If you need more time to provide the requested information and documents, I would be amenable to an extension of the time subject to a reciprocal extension, day-for-day, of each deadline stated in the Notice(s).

Further, during such additional time, if granted per this paragraph, your delay in providing the required answers and documentation will be nevertheless deemed your admission, pending proof to the contrary, that the Notice was issued by mistake and that neither you nor the company you claim to represent, if applicable, actually has, or had, the right by law to make the demands and threats included in the Notice.

Not only am I now demanding you meet the requirements of the **Uniform Commercial Code** as adopted and delineated in the Michigan Compiled Laws, Chapter 440, Uniform Commercial Code, § 440.1101 et seq., but I am also relying on you to fulfill this request as a Request to the Servicer under TILA § 1641(f)(2) and a Request for records under RESPA § 2605(e).

A noteholder, servicer, or agent should not be relieved of its obligations under the UCC or any Act simply because a written request is sent while litigation is pending between the parties.  Nothing in the UCC, TILA, RESPA, Regulation X, or and other ACT precludes a written UCC demand from being sent during litigation or while a borrower's bankruptcy is pending, even if the information sought might be obtained under applicable discovery rules.

Page 6 of 7

Collectively any noteholder, servicer, or agent has a fiduciary duty to me and is bound by UCC, TILA, RESPA, and other Acts.

**PLEASE MAKE SURE** YOUR RESPONSES REFERENCE THE PARTICULAR SECTIONS (1, 2, 3, or 4) and the sub sections addressed (a, b . . .), and reference letter 2013-04-09-E.

I expect a response from your offices addressing this letter.

Each alleged holder, person, entity, agent, servant, or representative that sent me a Notice or took part in 'enforcing the note' received its own copy of this demand. Each person is to answer its equivalent letter.

Sincerely,

P J Cotter

June 17, 2013        Certified Mail:    7012 1010 0001 3186 4838

P J Cotter
6243 Church Road
Fair Haven, MI 48023   <<< Please note the proper City for mailing

Orlans Associates, P.C.
P.O. Box 5041
Troy, MI 48007-5041

| | |
|---|---|
| RE: | Loan Number 0307722389 |
| My letter sent/designated: | **2013-04-09-B** |
| Property Address: | 6243 Church Road, Fair Haven, MI 48023 |
| | (Located in IRA Township) |
| Your File#: | 703.1727 |

Dear Sir or Madam:

More than sixty (60) days have passed and I have not received a response from You concerning my letter dated April 09, 2013, designated 2013-04-09-B. In the letter I specifically asked You to reference 2013-04-09-B when making any responses. The designation is to keep each recipient's response in order and to avoid misinterpretation or confusion as to the role of each party with an alleged nexus to my note.

It is important that You respond to the questions asked of You concerning Your nexus to me and Your authority to act under the Michigan Compiled Laws, Chapter 440, Uniform Commercial Code, § 440.1101 et seq. ("U.C.C.").

Further, since no other Person has responded for You advising me that they were addressing the letter designated 2013-04-09-B for You, I have to assume You have failed or refused to respond.

Although litigation is engaged, I need to be in receipt of Your response to my letter 2013-04-09-B by **July 08, 2013**. This will give You fourteen (14) more days to comply with my request. As an alleged holder of my note or an agent of such, your duty and obligation under the U.C.C. is not discharged or superseded because of concurrent litigation.

**For expediency, I have included a copy of my letter designated 2013-04-09-B**

Sincerely,

*P J Cotter*

P J Cotter

Case
Cotter v US Bank

Exhibit
Ptf 13

February 21, 2014          Certified Mail: _____ 7006 0100 0006 6688 2882

P J Cotter
6243 Church Road
Fair Haven, MI 48023          [Please note the proper City for mailing]

Orlans Associates, P.C.
P.O. Box 5041
Troy, MI 48007-5041

| | |
|---|---|
| RE: | Loan Number 0307722389 |
| My letter sent/designated: | **2013-04-09-B** sent April 9, 2013 |
| Property Address: | 6243 Church Road, Fair Haven, MI 48023 |
| | (Located in IRA Township) |

Dear Sir or Madam:

More than ten months have passed and I have not received a response concerning my letter dated April 09, 2013 which was designated 2013-04-09-B. It is important that GMAC Mortgage respond to the questions asked of GMAC Mortgage concerning GMAC Mortgage's nexus to me and its authority to act, or have acted, under Michigan Compiled Laws, Chapter 440, Uniform Commercial Code, § 440.1101 et seq.

Since no other Person has responded advising that they were addressing the letter sent to GMAC Mortgage, I have to assume GMAC Mortgage has failed or refused to respond.

As an alleged holder of my note, or as an agent or principal of such, your duty and obligation to respond under the U.C.C. is not discharged or superseded because of concurrent litigation.

## DO NOT MISTAKE MY APRIL 9, 2013 LETTER FOR A GENERIC QWR OR CONSUMER PROTECTION LETTER SUCH AS A REQUEST FOR VALIDATION OR FDCPA DISPUTE.

Nothing under § 440.1101 et seq., RESPA, or Regulation X precludes a qualified written request or an inquiry into the status of a note holder from being sent during litigation or while a borrower's bankruptcy is pending, even if the information sought might be obtained under applicable discovery rules.

Sincerely,

*P. J. Cotter*

P J Cotter

| |
|---|
| **Case** |
| **Cotter v US Bank** |
| |
| **Exhibit** |
| **Ptf 15** |

Enclosure: Copy of the unanswered letter dated April 9, 2013 and designated 2013-04-09-B

Certified Mail 7015 0640 0007 0199 6056

July 26, 2016                          VIA    Certified Mail and First Class Mail
                                              Fax at 248.642.5576 *
                                              Email to trott_general@trottlaw.com *
                                              (* less enclosures)

P. J. Cotter                 [Residence]
6243 Church Rd.
Ira, MI 48023-1215

P. J. Cotter                 [Mailing address]
P.O. Box 131
Anchorville, MI 48004-0131

Trott Law, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-5422

        Trott File #:        464036F01
        Ocwen #:             307722389
        Property Address:    6243 Church Rd. Ira MI 48023-1215

Attention: Jeffrey Raff and Andrew C. Wayne, Senior Attorney

Dear Sirs:

I see your offices intend to conduct a sale of my home on August 11, 2016. The purpose of this
letter is to inform you of outstanding requirements.

                                    ISSUE ONE

On April 9, 2013, I sent a demand letter to your predecessor, Orlans Associates, P.C. *See enclosed*
Orlans did not respond and so I sent a reminder letter on June 17, 2013. *See enclosed* The second
letter was ignored so I sent a third letter dated February 18, 2014. *See enclosed* I received no
response – meaningful or otherwise – from your predecessor.

I am confident you have incorporated the records of your predecessor into your case management
system. Please conduct a search of your records and forward copies of any response Orlans may
have made. If I am in error, please accept my apologies.

                                My request demand

If you find that Orlans did not make a meaningful response, I am demanding you respond
**meaningfully to my UCC demand letter.** The UCC demand letter was sent under separate cover.
The copies of the letter will email and fax contemporaneously.

Case
Cotter v US Bank

Exhibit
Ptf 19

Certified Mail 7015 0640 0007 0159 7656

## ISSUE TWO

On June 29, 2016, your offices sent and FDCPA notice advising I had 30 days to request validation of the debt. I quickly responded with a complex and convoluted request. On July 14, 2016 the unsigned response incorporated some generic information from the servicer of the loan, Ocwen.

Here in lies the difficulty. In addition to sending your predecessor the UCC demand letter on April 9, 2013, I also sent a similar letter to Ocwen. As far as I can tell, Ocwen and did not respond – meaningfully or otherwise. They too, received two reminder letters contemporaneous to the letters your predecessor received. Your offices are relying on the information of the servicer to verify the debt. It is my contention your Ocwen cannot verify the debt without being able to meaningfully respond to my letter.

### My concession and demand

Since 30 days have not passed since you sent your FDCPA letter, I am withdrawing my prior request for verification of the debt and substituting my renewed and revised demand for validation and verification of the debt. The new request for validation is UCC centric.

### The legal basis for my demand

The UCC and FDCPA are incapable of being disentangled or untied. After all, how can Trott, U.S. Bank National Association, or any other associated entity collect a debt that it cannot show the Note Holder has a right to enforce under § 440.1101 et seq.?

If Trott cannot show the U.S. Bank National Association or its principal is a rightful Holder under the UCC, it is indicative Trott and the U.S. Bank National Association are violating the FDCPA by falsely representing the character, amount, or legal status of a debt.

The foregoing is why I am demanding you verify validate the debt to show your claim is valid with non-conflictive evidence. The renewed and revised request for validation will arrive under separate cover.

Nothing under Michigan's Uniform Commercial Code § 440.1101 et seq., FDCPA, RESPA, or Regulation X, or any other Act precludes a Qualified Written Request OR an inquiry regarding the status of a Note Holder from being sent during litigation or while a borrower's bankruptcy is pending, even if the information sought might be obtained under applicable discovery rules.

Respectfully,

P J Cotter

P J Cotter

Enclosures.

April 9, 2013 UCC demand letters to: 1) Orlans Associates, P.C. and 2) Ocwen Loan Servicing, LLC
June 17, 2013 reminder letters to 1) Orlans Associates, P.C. and 2) Ocwen Loan Servicing, LLC
February 21, 2014 second reminder letters to 1) Orlans Associates, P.C. and 2) Ocwen Loan Servicing, LLC

July 26, 2016                                    Certified Mail: 7015 0640 0007 0199 6065

P. J. Cotter                    [Residence]
6243 Church Rd
Ira, MI 48023-1215

P. J. Cotter                    [Mailing address]
P.O. Box 131
Anchorville, MI 48004-0131

Trott Law, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-5422

          Trott File #:        464036F01
          Ocwen #:             307722389
          Property Address:    6243 Church Rd, Ira MI 48023-1215

### Renewed and Revised
## REQUEST FOR VERIFICATION-VALIDATION OF THE DEBT UNDER THE FDCPA
### Substantiated Under Michigan's Uniform Commercial Code, § 440.1101 et seq.

I am in receipt of your 30 day § 1692 notice dated June 29, 2016. I have withdrawn my prior request for verification because it was unclear, convoluted, and complex.

This is notice pursuant to the FDCPA that your claim is disputed and meaningful validation is requested. This is NOT simply a request for "verification" or proof of my mailing address, but rather a request for **VALIDATION**. I respectfully request that your offices provide competent evidence that I have a legal obligation to pay you or your client.

Please provide me with the following:

- What the money you say I owe is for;
- Explain and show how you calculated what you say I owe;
- Provide copies of any papers that show I agreed to pay what you say I owe;
- Provide copies of any papers that show your client has the right to declare a default and initiate an enforcement action in full accordance with **§ 440.1101 et seq.**

If your offices are able to provide the proper irrefutable documentation as requested, I will require at least 30 days to investigate this information.

Sincerely,

P. J. Cotter

PS: I am seeking 'account level documents' and records to show the evolutionary path of the Note's negotiations and all transfers of rights from inception. This request will not be satisfied with a proffering of the note showing a blank indorsement.

Case
Cotter v US Bank

Exhibit
Ptf 20

Certified Mail 7015 0640 0007 0199 6100

# FOURTH REQUEST

Nothing under <u>Michigan's Uniform Commercial Code, § 440.1101 et seq</u>., FDCPA, RESPA, or Regulation X, or any other Act precludes a Qualified Written Request **OR** <u>an inquiry regarding the status of a Note Holder</u> from being sent during litigation or while a borrower's bankruptcy is pending, even if the information sought might be obtained under applicable discovery rules.

### History

On April 9, 2013, I sent you a UCC Demand Letter very similar to the body of this letter. You did not respond. On June 17, 2013, I sent a reminder letter. The second letter was ignored. On February 21, 2014, I sent a third Demand Letter/Inquiry. I received have received no meaningful response from person or entity working in concert with you to enforce my note.

### Nature of Demand/Inquiry

I am seeking records showing the complete evolutionary path of the Note. That is, all negotiations of the Note and transfers of any rights, from its inception through today. This request will not be satisfied with a proffering of the note and allonge showing a blank indorsement and assignment of Mortgage.

### Consequences of Not Responding in Full

IF MY HOME IS SOLD BEFORE I RECEIVE A COMPLETE AND MEANINGFUL RESPONSE FROM YOU, I WILL FILE A FORMAL COMPLAINT WITH THE CONSUMER FINANCIAL PROTECTION BUREAU AND YOU WILL BE NAMED IN A WRONGFUL FORECLOSURE ACTION. It is my contention I have a legal right to challenge the holder of my Note.

July 27, 2016

P J Cotter
P.O. Box 131
Anchorville, MI 48004-0131

Ocwen Loan Servicing, LLC - Research
P.O. Box 24736
West Palm Beach, FL 33416-4736

      Ocwen #:         307722389
      Property Address:    6243 Church Rd. Ira MI 48023-1215

Dear Madam or Sir:

You and others have either declared a default on my Note, or initiated a foreclosure action without demonstrated authority under <u>Michigan's Uniform Commercial Code, § 440.1101 et seq</u>.. (UCC).

```
Case
Cotter v US Bank


Exhibit
Ptf 24
```

Certified Mail 7015 0640 0007 0199 6100

# FOURTH REQUEST

A note holder with the aid of its agents and servicers sent various documents to me as notices of intent to accelerate, a notice of default, and subsequent references to the default. You acted as the note holder or an agent who sent documents which made references to a default.

Different parties presented warnings, threats, notices, and ultimately issued a notice of Default (the "**Notice**") then initiated a foreclosure action. This and all other references to such in the public record, if any, have created confusion as to the status of the parties now and then.

I do not know if you had the legal rights alleged in the **Notice**.

Since you initiated or aided others in seeking to enforce my Note, I need to determine whether the **Notice** had any legal validity. I believe you are working in concert with others to initiate wrongful foreclose on my home.

**AS SALE IS IMMINENT**, I am demanding you provide within **SEVEN (7)** calendar days from the **DATE OF RECEIPT** of this letter, the information requested below and any additional information or documents you think established your right to make the demands or carry out the threats of the **Notice**.

Your compliance with this request will not require much time or effort if, in fact, you have or had such rights and you verified the same before sending the Notice to me.

1. **Respond fully to the <u>Sections</u> below that apply to <u>You</u>.**

2. For clarification, let me know which parts you believe do not apply to you. Failure to eliminate any particular level of involvement will be deemed as your admission that you are claiming responsibility for such regarding the mortgage loan.

3. If you have a document that is responsive to this request, please provide a copy of the entire document, including exhibits.

A summary, abstract, or comment about a document is not acceptable, and will not be treated as genuine evidence supporting whatever position you claim regarding the mortgage loan and Home.

Silence or an incomplete response will be deemed as your admission that the **Notice** was improperly issued and that your office had no right to enforce the mortgage loan pursuant to UCC and therefore, have no right to foreclose on my Home.

2

Certified Mail 7015 0640 0007 0199 6100

# FOURTH REQUEST

## SECTION 1

**IF YOU CLAIM** to be a trustee or agent appointed to conduct a foreclosure of my Home:

a. Please specify your appointed role as an agent, trustee, or function in some other appointed role.

b. Please provide the name, address, and phone number of the company and the person(s) at that company who instructed you to commence this foreclosure process. I deem your receipt of this letter to be receipt by your customer, also, and I require responses by you and your customer accordingly.

c. Please describe the portion or text of any document I executed regarding the mortgage loan that authorizes you to perform the foreclosure services you have agreed to perform regarding my Home.

d. If you claim you received only a verbal instruction to initiate this foreclosure process, please identify the date of that instruction and the name, address, employer, and phone number of the person who gave that instruction to you.

e. Please explain everything you did to assure yourself that the company or person who instructed you to initiate the foreclosure process was, in fact, authorized to do so by law. Further, please provide a copy of each document, digital or hardcopy, you reviewed when making that assessment.

f. Please provide a copy of the contract or agreement, and each of them if more than one, by which you were engaged to act as trustee regarding the foreclosure of my Home.

g. Please provide a copy of all communications, whether email, fax, letter, or otherwise, that you have received or sent regarding my Home.

h. If you have an office manual or policy statement about how and when you engage in and prosecute foreclosures, please provide a copy.

i. Your failure to provide the requested information will be deemed your admission that you have engaged in this foreclosure process without authority and in violation of the terms of the mortgage loan documents and the laws of the state in which the Home is located.

## SECTION 2

**IF YOU ARE** an attorney or law firm that represented a company that was involved with the demands and foreclosure related threats of the Notice:

3

Certified Mail 7015 0640 0007 0199 6100

## **FOURTH REQUEST**

a. Identify your client or clients with name, address, phone number, and a description of client's relationship to the mortgage loan and Home.

b. Identify your contact person for each such identified client, including his or her name, address, employer, and phone number.

c. I deem your receipt of this letter to be receipt by your client and I require responses by you and your client(s) accordingly.

# **SECTION 3**

**IF YOU CLAIM** that you were entitled to enforce the mortgage loan according to the Uniform Commercial Code as adopted by Michigan, and not in the capacity as a servant for whomever might be that person:

a. Then explain and identify the circumstances by which you obtained that right and when.

b. If you claim to have physical possession of the Note I executed, please let me know when you will make the Note available for inspection and copying. The place you select must be close to my Home, unless we all agree otherwise.

c. Please provide a complete accounting of the amount alleged due under the Note from its inception to the current time, including every credit and debit. Please account for each and any insurance proceeds, claim settlement, or warranty payments made regarding the note and my Home.

d. If you maintain that no insurance, claim settlement, or warranty payments have been sought or received that involve, directly or indirectly, the mortgage loan and Home, please state so in an affidavit under oath executed by one of your officers who is also your employee.

e. Please provide a complete history of each transfer of the physical Note and each sale, transfer, exchange or assignment of the mortgage loan, in full or part, from its creation to the current time, including but not limited to the name, address, and phone number of each transferor and each transferee in that chain.

f. Further, for each transfer or transaction please provide, in addition to any resulting assignment or conveyance instrument, the contract(s) or agreement(s) involved with the respective transfer or transaction, as made by the parties to each respective transfer or transaction.

g. Also, please identify the source or sources of your information regarding that chain of activity regarding the mortgage loan.

4

Certified Mail 7015 0640 0007 0199 6100

# FOURTH REQUEST

h.  Please provide a copy of each email. fax,.letter. or other communication you sent to or received from any person or company regarding the mortgage loan since its inception.

# SECTION 4

**IF YOU work for a company that claimed the RIGHT TO ENFORCE** the mortgage loan pursuant to the Uniform Commercial Code as adopted by Michigan:

a.  Then identify that company with its name, address, and phone number. and identify the person or persons at that company to whom you report.

b.  If you are an agent or servant. I deem that your receipt of this letter constitutes receipt by the company for which you are working. and we require that company to respond as if it received this letter directly rather than through you.

c.  Please provide the contract, agreement. or document by which you were engaged to provide services for that company regarding my Home

d.  If more than one contract or agreement is involved. please provide complete copies of each.

e.  Please admit that you hold no economic interest in the mortgage loan or Home. If you maintain otherwise, please explain and provide each and all documents that you assert create an economic interest in the mortgage loan or Home.

f.  Please have the company you claim hired you regarding my Home to provide by the hand of one of its employees, directly to me, its affirmation of your engagement and authority to represent it respecting my Home and the Notice, and all of its documents regarding the mortgage loan.

g.  Please provide a copy of the document or documents by which that company declared a default under the mortgage loan and instructed you or some other person to commence collection actions regarding same.

h.  If you claim that instruction was verbal. please identify the person who gave it to you and include the date of that instruction and that person's name, address, employer, and phone number.

You are welcome to answer that you have no such information with which to reply to any particular request.

5

Certified Mail 7015 0640 0007 0199 6100

# **FOURTH REQUEST**

Any delay in providing the required answers and documentation will be deemed your admission, pending proof to the contrary, that the **Notice** was issued by mistake and that neither you nor the company you claim to represent, if applicable, actually had, the right by law to make the demands and threats included in the **Notice** or initiate an action against my home.

Respectfully,

P J Cotter

6

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

P J COTTER,

        Plaintiff,

    v.

U.S. BANK, N.A. AS TRUSTEE FOR
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C.,   Defendants.

Case No. 16-13080

Honorable Sean F. Cox

Magistrate Judge Anthony P. Patti

## ORDER ON PLAINTIFF'S OBJECTIONS
## TO MAGISTRATE JUDGE'S RECOMMENDATIONS

After considering Plaintiff's objections to the Magistrate Judge's Report and

Recommendations, and Ocwen and the Trustee's Response, the Court,

**SUSTAINS** the objections and **GRANTS** the Plaintiff twenty (20) days to amend

his Complaint.

SIGNED on _____, 2017

                                   _____
                                   U.S. DISTRICT JUDGE

1

APPROVED & ENTRY REQUESTED:


_____
PJ Cotter