## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

P J COTTER,

           Plaintiff,

    v.

U.S. BANK, N.A. AS TRUSTEE FOR
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C.,

           Defendants.

Case No. 16-13080

Honorable Sean F. Cox

Magistrate Judge Anthony P. Patti

---

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION
## TO GRANT DEFENDANT, TROTT LAW'S
## MOTION FOR JUDGMENT ON THE PLEADINGS (DE 13)

---

Plaintiff, PJ Cotter asks the Court to reconsider the Magistrate Judge's

***Report and Recommendation to Grant Defendant, Trott Law's Motion for***

***Judgment on the Pleadings (DE 13)*** (the "Motion") and files these objections, as

authorized by Federal Rule of Civil Procedure 72(b)(2).

## A. INTRODUCTION

1

1. Plaintiff is PJ Cotter ("Mr. Cotter"); Defendants are U.S. BANK, N.A., as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR4, (the "Trustee"); Ocwen Loan Servicing, LLC, ("Ocwen"); and Trott Law, P.C. ("Trott Law").

2. Plaintiff sued Defendants for violations of the Fair Debt Collection Practices Act, ("FDCPA"), breach of contract, unjust enrichment, conversion, slander of title, misrepresentation, and wrongful foreclosure.

3. On September 2, 2016, the Court transferred Defendant Ocwen and Trustee's (collectively "Defendants") Motion to Dismiss to Magistrate Judge, Anthony P. Patti for a ruling.

4. Defendant Ocwen and the Trustee are not movants on the Motion. (DE 13.)

5. On April 4, 2017, Magistrate Judge, Anthony P. Patti recommended Trott Law's Motion in its entirety. (DE 13.)

6. Mr. Cotter files these objections to the Magistrate Judge's ***Report and Recommendation to Grant Defendant, Trott Law's Motion for Judgment on the Pleadings (DE 13.)*** ("Report.")

## B. ARGUMENT

7. If a party timely objects to the Magistrate Judge's recommendations or findings, the district court must determine de novo any part of the

2

objectionable portions of the recommendations or findings. 28 U.S.C.

§636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may then accept,

reject, or modify the recommendations or findings, in whole or in part. 28

U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court may also

receive additional evidence or return the matter to the Magistrate Judge with

instructions. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3).

## C. OBJECTIONS

8. Mr. Cotter objects to the Magistrate Judge's ***Report*** for the following

reasons, in the format and order as found in the ***Report***:


**I.    RECOMMENDATION:** The Magistrate Judge recommended, *"grant*[ing]

*Defendants' motion for judgment on the pleadings and dismiss Plaintiff's claims*

*against Trott Law, P.C., because Plaintiff's complaint fails to state a claim upon*

*which relief can be granted."* (DE 25. p. 1.)

**II.    REPORT**

### A.    Background

The Magistrate Judge informed the Court that its ***Report*** (DE 25) is fully

integrated with the ***Report and Recommendation*** of April 4, 2017. (DE 24.) Mr.

Cotter made multiple objections on April 21, 2017 to **Report** (DE 24)[1]. Mr. Cotter contends the Magistrate Judge's findings and recommendations are erroneous, Mr. Cotter asks the Court to reject Ocwen and the Trustee's Motion to Dismiss.

In the prior and underlying **Report** (DE 24), the Magistrate Judge ascertained the Plaintiff alleged, *Defendants* [plural] *have failed to prove that they* [plural] *are the **rightful holders** [plural] **of his note** and therefore do not have a right to foreclose on the mortgage"* (emphasis added). (DE 24 p. 2. ¶1.) Mr. Cotter asserts only one person can be 'rightfully' entitled to enforce his Note.

The **Report** also distinguishes between the mortgage loans documents—the Note and Mortgage[2]—and identifies the purpose and nature of each with, *"executing a **promissory note** as security for the loan **and** giving a **mortgage** interest in the property as security for the note"* (emphasis added). (DE 24 p. 2. ¶1.)

In the **Report** (DE 25) the Magistrate Judge summarizes Trott Law's basis for its Motion. Trott contends: (1) it owes no duty to Mr. Cotter; (2) it verified the

---

[1] Mr. Cotter contemporaneously filed his Amended Objection to the April 21, 2017 **Report**. (DE 24). The Amended Objection conforms the Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d), requiring that" Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc. "*

[2] Security instrument, i.e. whether a mortgage or deed of trust.

debt and the UCC does not apply to mortgages; and (3) Mr. Cotter is mistaken *"that Defendants* [sic (plural)] *were not entitled to enforce."* (DE 25 p. 2. ¶ 2.)

### Objection No. 1

The Magistrate Judge's summation of Mr. Cotter's claims is not fully accurate. The first errant summation reads, *"He asserts that Trott Law owed him a duty to validate the debt under the FDCPA and that it breached that duty by failing to respond to Plaintiff's successive demand letters."* (DE 25, p. 3. ¶ 1.)

Mr. Cotter contends:

1. Trott Law had a duty to verify the debt under the FDCPA.

2. Trott Law's duty exceeded the mere identification of the original creditor and that the debt was valid because he sought substantiation of the Holder's legal status under Mich. Comp. Laws § 440.1101 *et seq.* ("UCC").

3. Mr. Cotter's *"successive demand letters"* were not extensions of his FDCPA request for verification/validation of the debt.

4. His UCC Demand Letters were a parallel effort in his quest to challenge the alleged Holder of his note.

5. He sent a cascading series UCC Demand Letters to all those who acted as or for the holder of his note in the enforcement action, i.e. the initial UCC

Demand Letters (DE 1-1 p. 89), Reminders (DE 1-1 p. 74), through Fourth

Reminders Letters (DE 1-1 p. 109).

6. He also engaged in bi-directional correspondence wherein he delineated the

    deficiencies of any response he received. (DE 1-1 p. 86.)

Mr. Cotter agrees with the balance of the summation with the exception of shared

Holdership that reads,

> *"He contends that a "cursory verification of the servicer's*
> *transaction history" does not demonstrate the holder's acquisition of*
> *the rights pursuant to the UCC.*
>
> *He argues that the UCC governs the note in this matter.*
>
> *Finally, he asserts that Defendants* [plural] *are required to have*
> *"100% of the rights in the note to be 'entitled' to enforce" and*
> *foreclose by advertisement." (DE 25, p. 3. ¶ 1.)*

**Objection No. 2**

Mr. Cotter contends he stated claims upon which relief can be granted.

**B.     Standard**

 Mr. Cotter acquiesces to the standards of review with the reservation that

the Court is cognizant of his efforts to plead are those of a pro se.

Given Mr. Cotter's extensive set of exhibits and the Parties' disputed law

and fact, Amending the Complaint is justified since the Magistrate Judge raises,

> "However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). (DE 25, p. 3. ¶ 1.)

Mr. Cotter asks the Court to Amend for the benefit of 'notice' to the Defendants, and clarification for the Magistrate Judge's understanding of his facts and applicable laws—violated, or controlling.

## C.    Discussion

**Objection No. 3**

The Magistrate Judge reports, *"Plaintiff mentions Trott Law in passing only in his claims for breach of contract, conversion, slander, and FDCPA violations. (DE 1-1 at ¶¶ 60, 88, 94, 125.)"* (DE 25, p. 5. ¶ 1.)

In reading the **Complaint**, the Magistrate Judge was able to discern the gist of Mr. Cotter's claims. At a minimum the notice-pleading requirement was met, and supported with extensive exhibits. The caselaw provided in the **Report at B. Standard** reads,

> When deciding a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F. 3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." 16630 *Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). (DE 25, p. 4. ¶ 1.)

Without belaboring the point, the pro se Plaintiff should be permitted to amend.

**Objection No. 4**

The *Report* reads,

> *"In his claim for breach of contract, he asserts that Trott Law sent notice of U.S. Bank's intent to foreclose the mortgage, but does not allege that Trott Law was ever a party to the contract."*

Mr. Cotter never intended to allege Trott Law was a party to the contract. If Trott Law was a party to the contract, Trott Law would be a Creditor—not a Collector. The sentence creates legal mayhem. The "notice" was the impetus for Mr. Cotter's request for validation and UCC Demand Letters.

Trott Law did not breach a contract, but it did violate its duties under the
FDCPA and UCC to Mr. Cotter.

**Objection No. 5**

The ***Report*** reads,

> In his claim for conversion, he notes that Trott law is an "**agent**" of
> U.S. Bank, and as such contributed to the "extreme and outrageous"
> act of ignoring his demand letters, but does not explain what those
> acts are or how they meet the elements of common law conversion,
> which is "a distinct act of dominion wrongfully exerted over the
> **plaintiff's personal property**" (emphasis added). (DE 25, p. 5. ¶ 1.)

As Collector, Trott Law is an "*agent*" of U.S. Bank, the Trustee. Mr. Cotter
made claims of common-law conversion against the Trustee. Trott Law aided the
Trustee, and as such, Defendants are culpable.

The quote above, "a distinct act of dominion wrongfully exerted over the
plaintiff's **personal property**" shows that Mr. Cotter did not conflate real and
personal property in his ***Complaint*** as the magistrate judge did in the prior ***Report
and Recommendation*** which reads,

> Turning to the Magistrate Judge's legal reasoning close the section,
> *"Moreover, any conversion action over Plaintiff's <u>real property</u> is
> meritless because <u>"[o]nly personal property</u> <u>may be the subject of an
> action for conversion</u>""* (emphasis added). (DE 24 p. 16. ¶1.)

Given the prior **Report** (DE 24), provides the foundation for this **Report**, we can see the Magistrate Judge failed to grasp the underlying claims and their relationship to Trott Law.

Further it appears the Magistrate Judge as cherry-picked sentences to support his finding rather than viewing the entirety of exhibits and the **Complaint** in a light most favorable to the pro se Plaintiff.

**Objection No. 6**

The **Report** reads, *"In his claim for slander of title, he asserts that Trott Law "published and advertised the foreclosure."* (DE 25, p. 5. ¶ 1.)

The Magistrate Judge failed to isolate any factual or legal deficiency of this particular claim. Mr. Cotter contends this is a collection activity Trott Law undertook before it verified/validated the debt. This act was a slander of his title.

**Objection No. 7**

The **Report** reads, *"Finally, in his claim under the FDCPA, he notes that Trott Law "blatantly ignored [his] timely demand for validation and are still engaging in collection actions.""* (DE 25, p. 5. ¶ 1.)

Since the first paragraph of the discussion spans two full pages, Mr. Cotter objects because he cannot determine whether this sentence hangs in isolation,

unaddressed like the slander of title claim, or if it is the subject of the balance of the two-page paragraph.

**Objection No. 8**

The **Report** reads, *"In sum, Plaintiff's allegations against Trott Law are sparse, conclusory, and related only to its **actions** taken on **behalf of** [agency (common law), and role as Collector for the Note Holder under the FDCPA] **Ocwen** during the foreclosure"*(clarifying insertions added). (DE 25, p. 5. ¶ 1.)

Mr. Cotter objects because the Magistrate Judge has isolated Trott Law from the larger picture wherein entity, U.S. Bank as Trustee, holds itself out as Mortgagee and alleged Note Holder. Regardless of who was its direct client, Trott Law had a statutory duty under the FDCPA to verify/validate the debt.

The **Report** when assessing the so-called verification of the debt only shows that those required to verify the debt under the FDCPA were 'timely' and provided the minimum required generic records—not records to show the Trustee was entitled to enforce his Note.

**Objection No. 9**

As an extension to Objection 8, Mr. Cotter objects because he was only required to provide reasonable 'notice' of his claims in his **Complaint.** At this early

11

stage, he was not required to provide every shard of evidence or expose all of his legal theories.

Mr. Cotter contends Trott Law did not substantiate the claims of its client or validate the debt with its proffering of the Servicer's records and copies of the Note and Mortgage. The records were non-responsive to his demands. (DE 1-1 p. 86.)

**Objection No. 10**

Mr. Cotter objects to Magistrate Judge conflating Trott Law's failure to fulfill its statutory duties under the FDCPA and the subsequent injuries, experienced and anticipated, resulting from Trott Law's failure to meaningfully verify/validate its clients claims, under both the FDCPA and UCC.

Further Mr. Cotter objects to the Magistrate Judge proffering caselaw, which supposedly is controlling, due to its *"identical factual situation to the instant matter"*; *"there is no difference between the fact pattern in this action and in Drew"* ; and *"There are other cases in our district with identical fact patterns that reach the same result."* (DE 25, p. 5. ¶ 1.) A careful examination of each of these caselaws show the fact patterns are very different. Some of the cases show that the statute of limitation had expired. Others show that a judgment for foreclosure was already in place and Trott Law were merely working to recover the property. In

each of these cases the FDCPA was misapplied. Further, these Plaintiffs had not

challenged the foreclosing law firm, or Trott Law, to verify the debt and

validate/substantiate their client's claims under the UCC. The cases may be

close—but no cigar.

> For example, the ***Report*** reads,
>
> ""An attorney owes no duty of care to an adversary." *Drew v. Kemp-Brooks*, 802 F. Supp. 2d. 889, 894 (E.D. Mich. 2011) (citing *Friedman v. Dozorc*, 412 Mich. 1, 22 (1981).In a case involving an **identical factual situation** to the instant matter (including the same defendant), this district has stated that "the law is clear that [a plaintiff] cannot pursue a claim against Trott because of an alleged injury which was **sustained as a result of the foreclosure proceedings**" (emphasis added). *Barthlow v. Trott & Trott, P.C.*, No. 10-11902, 2010 WL 3258362, at * 3 (E.D. Mich. Aug. 17, 2010). (DE 25, p. 5. ¶ 1.)

Barthlow shows that the ***Report's*** caselaw is not of an identical factual

situation. In this case, Federal Home Loan Mortgage Corporation, as the purchaser

of the Plaintiff's home, was granted a judgment of possession by the 46th District

Court of Michigan in May 2008. Mr. Cotter's home has not been sold. Mr. Cotter

has anticipated injuries and will have actual damages if his home is sold by

someone who was enforcing his note that did not have the rights of a legitimate

Holder.

Further, Mr. Cotter is not in the same position as Ms. Gabriella Barthlow as he brought suit well before a statute of limitations had passed or he suffered a judicial or nonjudicial foreclosure.

Mr. Cotter contends Trott Law was to forward his UCC Demand Letter to the client for substantiation. Trott Law proffers no exhibit showing any effort was made to forward his inquiry/requests made in his UCC Demand Letters. Trott Law had a professional duty to validate claims of its clients under the professional code.

**Objection No. 11**

Mr. Cotter wholeheartedly objects to the following statement in the ***Report.***

> Furthermore, as stated in my April 4, 2017 Report and Recommendation, Plaintiff fails to state a claim for which relief can be granted against even the principals in this action. **To the extent that Trott Law had a duty pursuant to the FDCPA**, it fulfilled that duty by providing Plaintiff with verification of the debt sufficient to satisfy the statute. Specifically, it **timely** responded to Plaintiff's verification request and provided: 1) **verification that the debt was valid, and, 2) the original creditor's name and address.**

The Magistrate Judge does not address the "revised and renewed" request for validation within the 30-day window because of its heightened burden. That burden being, validate your client's **"right"** to collect/enforce under the UCC. (DE 1-1 p. 88.)

A cursory verification of the servicer's transactional history does not, and cannot, demonstrate the holder's acquisition of rights through a qualifying transfer under the UCC. Trott Law's failure to proffer records indicates its inability to do so. Cotter's UCC Demand Letters and renewed request for validation was Trott Law's opportunity to comply with its statutory requirements. (DE 1-1 p. 88.) No legal authority excuses Trott Law or the defendants from having to respond meaningfully to Cotter's UCC Demand Letters.

Further Trott Law did not show they could avoid Cotter's intertwining of the UCC and FDCPA. After all, **how can one validate a debt it fails or refuses to show it has a right to enforce**? The Creditor's/Holder's entitlement to enforce is a disputed material fact. The application of the law is also subject to review.

### Objection No. 12

As a furtherance of Objection No. 11, Mr. Cotter acknowledges that, "*the UCC does not apply to mortgage foreclosures,*" but the UCC does govern commercial paper and notes. Cotter has not attempted to insert the UCC into MCL § 600.1101 et seq., rather he shows the statutory scheme of MCL § 440.1101 et seq. is a threshold for a note-holder to gain access to MCL § 600.1101 et seq.

Trott Law stated, "*As explained above, co-defendants have a right to proceed with foreclosure and Trott has **complied** with **all applicable laws***

15

*regarding the FDCPA, __UCC__ and MCL § 600.3201 et seq."* (emphasis added). (Motion at 9 ¶ 1.) No exhibits in the record show Trott Law complied with all applicable laws.

The Defendants in their Motions, as well as the Magistrate Judge in his ***Reports*** stated, the Defendants— plural—had a right to enforce the note. A person—singular— must have 100% of the rights in the note to be 'entitled' to enforce the note and rightfully foreclose by advertisement—not an interest— shared or otherwise.

What is the allocation of enforcement rights that are split between the three Defendants? Each of the Motions and ***Reports*** eloquently stated the "Defendants" were entitled to enforce. The Defendants failed or refused to demonstrate the Trustee holds even 1% of the rights in the note when challenged under the initial UCC Demand Letters (DE 1-1 p. 89), Reminders (DE 1-1 p. 74), through Fourth Reminders Letters (DE 1-1 p. 109) and his timely Renewed Request for Validation of Debt. (DE 1-1 p. 88.)

> The right to enforce the Note may not be bifurcated or shared under the UCC.
>
> If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains **no rights** under this article and has only the rights of a partial assignee (emphasis added). MCL § 440.3203(4).

Trott Law must prove the Trustee obtained the right to enforce the note from the transferor. Trott Law has not proven the identity of its alleged transferor, but even if it had identified the transferor, the Trustee would not have the right to enforce the Note under Article 3 of the UCC until it proved compliance with MCL § 440.3203(4).

This requires proving how, when, from who, and under what terms the Trustee's alleged possession of the note occurred. Like application of MCL § 440.3201 (negotiation) this all-or-nothing provision of the UCC is protection against a claimant who stole, found, borrowed or counterfeited the Note. MCL § 440.3201 helps **protect the borrower** from claims made by persons having no genuine enforcement rights.

The Court is asked to consider Mr. Cotter's ***Memorandum of Law Specific to the UCC*** found in his ***Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant Trott Law's Motion for Summary Judgement/Dismissal*** which begins at page 12. (DE 21, p. 25, ¶ 5.) This will be central to any appellate review.

Trott Law: (a) failed to properly support its Motion with records to support its assertion that it validated debt in response to Cotter's Renewed Request for Validation of Debt; (b) provides no authorities excusing it failure respond to

17

Cotter's UCC Demand Letters; and (c) failed to show the Trustee was a valid Creditor/Mortgagee/Holder by virtue of a qualifying UCC negotiation and transfer.

## D. Conclusion

Mr. Cotter contends the Magistrate Judge's ***Report*** and Recommendation does not encompass the totality and weight of the Plaintiff's claims, and as such fails to properly apply the law as found in the UCC and FDCPA to his facts.

The Magistrate Judge acknowledges, [T]he Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Mr. Cotter should be permitted to amend his ***Complaint***.

Mr. Cotter differentiated the distinctions between the Note and Mortgage. Trott Law relies exclusively on alleged possession of the Note and Mortgage and MCL § 600.1101 et seq. Neither Trott Law, nor the Report articulate why Mr. Cotter could not rely on the UCC to protect himself, from a wrongful holder or person in possession, without the rights of a holder.

Mr. Cotter contends the statutory law is clear and the caselaw must conform. Trott Law' mortgage centric rulings are inapplicable to resolve Mr. Cotter's UCC unaddressed challenges.

18

**9.**   Because the Magistrate Judge's findings and recommendations are
erroneous, Mr. Cotter asks the Court to reject the ***Motion for
Judgment on the Pleadings***.

Respectfully submitted,

By:  _____

P J Cotter, Pro se
PO Box 131
Anchorville, MI 48004
810-459-6972
pocmich@yahoo.com

Date: April 24, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2017, I filed a hardcopy of the foregoing

document with the Clerk of the Court, which will send notification of such filing to

all registered recipients via the ECF, and upon the following by first-class United

States mail, with postage prepaid:


Nasseem S. Ramin
**DYKEMA GOSSETT PLLC**
400 Renaissance Center, 37th Floor
Detroit, MI 48243

Paul J. Santi
**TROTT LAW, P.C.**
31440 Northwestern Hwy
Suite 200
Farmington Hills, MI 48334

P J Cotter, Pro se
PO Box 131
Anchorville, MI 48004

20

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

P J COTTER,

        Plaintiff,

   v.

U.S. BANK, N.A. AS TRUSTEE FOR
GREENPOINT MORTGAGE
FUNDING TRUST MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR4; OCWEN LOAN
SERVICING, LLC; and TROTT LAW,
P.C., Defendants.

Case No. 16-13080

Honorable Sean F. Cox

Magistrate Judge Anthony P. Patti

## ORDER ON PLAINTIFF'S OBJECTIONS
## TO MAGISTRATE JUDGE'S RECOMMENDATIONS (DE 25)

After considering Plaintiff's objections to the Magistrate Judge's Report and

Recommendations, and Ocwen and the Trustee's Response, the Court,

**SUSTAINS** the objections and **GRANTS** the Plaintiff twenty (20) days to amend

his Complaint.

SIGNED on _____, 2017

                                     _____
                                     U.S. DISTRICT JUDGE

1

APPROVED & ENTRY REQUESTED:


_____

PJ Cotter

June 17, 2013       Certified Mail:_____ 7012 1010 0001 3186 4838

P J Cotter
6243 Church Road
Fair Haven, MI 48023    <<< Please note the proper City for mailing

Orlans Associates, P.C.
P.O. Box 5041
Troy, MI 48007-5041

| | |
|---|---|
| RE: | Loan Number 0307722389 |
| My letter sent/designated: | **2013-04-09-B** |
| Property Address: | 6243 Church Road, Fair Haven, MI 48023 |
| | (Located in IRA Township) |
| Your File#: | 703.1727 |

Dear Sir or Madam:

    More than sixty (60) days have passed and I have not received a response from You concerning my letter dated April 09, 2013, designated 2013-04-09-B. In the letter I specifically asked You to reference 2013-04-09-B when making any responses. The designation is to keep each recipient's response in order and to avoid misinterpretation or confusion as to the role of each party with an alleged nexus to my note.

    It is important that You respond to the questions asked of You concerning Your nexus to me and Your authority to act under the Michigan Compiled Laws, Chapter 440, Uniform Commercial Code, § 440.1101 et seq. ("U.C.C.").

    Further, since no other Person has responded for You advising me that they were addressing the letter designated 2013-04-09-B for You, I have to assume You have failed or refused to respond.

    Although litigation is engaged, I need to be in receipt of Your response to my letter 2013-04-09-B by **July 08, 2013**. This will give You fourteen (14) more days to comply with my request. As an alleged holder of my note or an agent of such, your duty and obligation under the U.C.C. is not discharged or superseded because of concurrent litigation.

    **For expediency, I have included a copy of my letter designated 2013-04-09-B.**

Sincerely,

*[signature]*

P J Cotter

Case
Cotter v US Bank

Exhibit
Ptf 13

February 21, 2014          Certified Mail: _____ 7006 0100 0006 6688 2882

P J Cotter
6243 Church Road
Fair Haven, MI 48023        [Please note the proper City for mailing]

Orlans Associates, P.C.
P.O. Box 5041
Troy, MI 48007-5041

RE:                          Loan Number 0307722389
My letter sent/designated:   **2013-04-09-B** sent April 9, 2013
Property Address:            6243 Church Road, Fair Haven, MI 48023
                             (Located in IRA Township)

Dear Sir or Madam:

More than ten months have passed and I have not received a response concerning my letter dated April 09, 2013 which was designated 2013-04-09-B. It is important that GMAC Mortgage respond to the questions asked of GMAC Mortgage concerning GMAC Mortgage's nexus to me and its authority to act, or have acted, under Michigan Compiled Laws, Chapter 440, Uniform Commercial Code, § 440.1101 et seq.

Since no other Person has responded advising that they were addressing the letter sent to GMAC Mortgage, I have to assume GMAC Mortgage has failed or refused to respond.

As an alleged holder of my note, or as an agent or principal of such, your duty and obligation to respond under the U.C.C. is not discharged or superseded because of concurrent litigation.

## DO NOT MISTAKE MY APRIL 9, 2013 LETTER FOR A GENERIC QWR OR CONSUMER PROTECTION LETTER SUCH AS A REQUEST FOR VALIDATION OR FDCPA DISPUTE.

Nothing under § 440.1101 et seq., RESPA, or Regulation X precludes a qualified written request or an inquiry into the status of a note holder from being sent during litigation or while a borrower's bankruptcy is pending, even if the information sought might be obtained under applicable discovery rules.

Sincerely,

*P. J. Cotter*

P J Cotter

Enclosure: Copy of the unanswered letter dated April 9, 2013 and designated 2013-04-09-B

> Case
> Cotter v US Bank
>
> Exhibit
> Ptf 15

Certified Mail 7015 0640 0007 0199 6056

July 26, 2016                              VIA:   Certified Mail and First Class Mail
                                                  Fax at 248.642.5576 *
                                                  Email to trott_general@trottlaw.com *
                                                  (* less enclosures)

P. J. Cotter                    {Residence}
6243 Church Rd.
Ira, MI 48023-1215

P. J. Cotter                    {Mailing address}
P.O. Box 131
Anchorville, MI 48004-0131

Trott Law, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-5422

              Trott File #:          464036101
              Ocwen #:               307722389
              Property Address:      6243 Church Rd. Ira MI 48023-1215

Attention: Jeffrey Raff and Andrew C. Wayne, Senior Attorney

Dear Sirs:

I see your offices intend to conduct a sale of my home on August 11, 2016. The purpose of this
letter is to inform you of outstanding requirements.

ISSUE ONE

On April 9, 2013, I sent a demand letter to your predecessor Orlans Associates, P.C. *See enclosed.*
Orlans did not respond and so I sent a reminder letter on June 17, 2013. *See enclosed.* The second
letter was ignored so I sent a third letter dated February 18, 2014. *See enclosed.* I received no
response – meaningful or otherwise – from your predecessor.

I am confident you have incorporated the records of your predecessor into your case management
system. Please conduct a search of your records and forward copies of any response Orlans may
have made. If I am in error, please accept my apologies.

My request demand

If you find that Orlans did not make a meaningful response, I am demanding you respond
**meaningfully to my UCC demand letter.** The UCC demand letter was sent under separate cover.
The copies of the letter will email and fax contemporaneously.

Case
Cotter v US Bank

Exhibit
Ptf 19

Certified Mail: 7015 [illegible]

## ISSUE TWO

On June 29, 2016, your offices sent and FDCPA notice advising I had 30 days to request validation of the debt. I quickly responded with a complex and convoluted request. On July 14, 2016 the unsigned response incorporated some generic information from the Servicer of the loan, Ocwen.

Here in lies the difficulty. In addition to sending your predecessor the UCC demand letter on April 9, 2013, I also sent a similar letter to Ocwen. As far as I can tell, Ocwen and did not respond – meaningfully or otherwise. They too, received two reminder letters contemporaneous to the letters your predecessor received. Your offices are relying on the information of the servicer to verify the debt. It is my contention your Ocwen cannot verify the debt without being able to meaningfully respond to my letter.

### My concession and demand

Since 30 days have not passed since you sent your FDCPA letter, I am withdrawing my prior request for verification of the debt and substituting my renewed and revised demand for validation and verification of the debt. The new request for validation is UCC-centric.

### The legal basis for my demand

The UCC and FDCPA are incapable of being disentangled or untied. After all, how can Trott, U.S. Bank National Association, or any other associated entity collect a debt that it cannot show the Note Holder has a right to enforce under § 440.1101 et seq.?

If Trott cannot show the U.S. Bank National Association or its principal is a rightful Holder under the UCC, it is indicative Trott and the U.S. Bank National Association are violating the FDCPA by falsely representing the character, amount, or legal status of a debt.

The foregoing is why I am demanding you verify/validate the debt to show your claim is valid with non-conflictive evidence. The renewed and revised request for validation will arrive under separate cover.

Nothing under Michigan's Uniform Commercial Code § 440.1101 et seq., FDCPA, RESPA, or Regulation X, or any other Act precludes a Qualified Written Request OR an inquiry regarding the status of a Note Holder from being sent during litigation or while a borrower's bankruptcy is pending, even if the information sought might be obtained under applicable discovery rules.

Respectfully,

*P J Cotter*

P. J. Cotter

Enclosures:

April 9, 2013 UCC demand letters to: 1) Orlans Associates, P.C., and 2) Ocwen Loan Servicing, LLC
June 17, 2013 reminder letters to 1) Orlans Associates, P.C., and 2) Ocwen Loan Servicing, LLC
February 2[?], 2014 second reminder letters to 1) Orlans Associates, P.C., and 2) Ocwen Loan Servicing, LLC

2

July 26, 2016                                    Certified Mail: 7015 0640 0007 0199 6065

P. J. Cotter                    [Residence]
6243 Church Rd.
Ira, MI 48023-1215


P. J. Cotter                    [Mailing address]
P.O. Box 131
Anchorville, MI 48004-0131


Trott Law, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-5422


        Trott File #:          464936F01
        Ocwen #:               307722389
        Property Address:      6243 Church Rd. Ira MI 48023-1215


                               Renewed and Revised
        REQUEST FOR VERIFICATION-VALIDATION OF THE DEBT UNDER THE FDCPA
               Substantiated Under Michigan's Uniform Commercial Code, § 440.1101 et seq.

I am in receipt of your 30 day § 1692 notice dated June 29, 2016. I have withdrawn my prior request for
verification because it was unclear, convoluted, and complex.

This is notice pursuant to the FDCPA that your client is required and meaningful validation is requested. This is
NOT simply a request for "verification" or proof of my mailing address, but rather a request for VALIDATION. I
respectfully request that your offices provide competent evidence that I have a legal obligation to pay one of your
client.

Please provide me with the following:

*       What the money you say I owe is for;
*       Explain and show how you calculated what you say I owe;
*       Provide copies of any papers that show I agreed to pay what you say I owe;
*       Provide copies of any papers that show your client has the right to declare a default and initiate an
        enforcement action in full accordance with § 440.1101 et seq.

If your offices are able to provide the proper irrefutable documentation as requested, I will require at least 30 days
to investigate this information.

Sincerely,

P. J. Cotter

PS: I am seeking "account level documents" and records to show the evolutionary path of the Note's negotiations
and all transfers of rights from inception. This request will not be satisfied with a proffering of the note showing a
gap in endorsement.

Case
Cotter v US Bank

Exhibit
Ptf 20

Certified Mail 7015 0640 0007 0199 6049

Nothing under Michigan's Uniform Commercial Code, § 440.1101 et seq., FDCPA, RESPA, or Regulation X, or any other Act precludes a Qualified Written Request OR an inquiry regarding the status of a Note Holder from being sent during litigation or while a borrower's bankruptcy is pending, even if the information sought might be obtained under applicable discovery rules.

AS SALE IS IMMINENT, I am demanding you respond meaningfully within SEVEN (7) calendar days from the DATE OF RECEIPT of this letter, OR suspend sale.

---

July 26, 2016

VIA:   Certified Mail and First Class Mail
        Fax at 248.642.5576 *
        Email to trott-general@trottlaw.com *
        (* less enclosures)

P. J. Cotter                              [Residence]
6243 Church Rd.
Ira, MI 48023

P. J. Cotter                              [Mailing address]
P.O. Box 131
Anchorville, MI 48004-0131

Trott Law, P.C.
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-5422

Trott File #:          464036F01
Ocwen #:               307722389
Property Address:      6243 Church Rd. Ira MI, 48023-3715

Dear Madam or Sir:

You and others have either declared a default on my Note, or initiated a foreclosure action without demonstrated authority under Michigan's Uniform Commercial Code, § 440.1101, et seq., 440.3301.

A note holder with the aid of its agents and servicers sent various documents to me as notices of intent to accelerate, a notice of default, and subsequent references to the default. You acted as the note holder or an agent who sent documents which made references to a default.

Different parties presented warnings, threats, notices, and ultimately issued a notice of Default (the "Notice") then initiated a foreclosure action. This and all other references to such in the public record, if any, have created confusion as to the status of the parties now, and then.

I do not know if you had the legal rights alleged in the Notice

Case
Cotter v US Bank

Exhibit
Ptf 21

Certified Mail 70 5 0640 0007 0199 6039

Since you initiated or aided others in seeking to enforce my Note, I need to determine whether the **Notice** had any legal validity. I believe you are working in concert with others to initiate wrongful foreclose on my home.

**AS SALE IS IMMINENT**, I am demanding you provide with a **SEVEN (7)** calendar days from the **DATE OF RECEIPT** of this letter, the information requested below and any additional information or documents you think established your right to make the demands or carry out the threats of the **Notice**.

Your compliance with this request will not require much time or effort if, in fact, you have or had such rights and you verified the same before sending the Notice to me.

1. Respond fully to the <u>Sections</u> below that apply to <u>You</u>

2. For clarification, let me know which parts you believe do not apply to you. Failure to eliminate any particular level of involvement will be deemed as your admission that you are claiming responsibility for such regarding the mortgage loan

3. If you have a document that is responsive to this request, please provide a copy of the entire document, including exhibits.

A summary, abstract, or comment about a document is not acceptable, and will not be treated as genuine evidence supporting whatever position you claim regarding the mortgage loan and Home.

Silence or an incomplete response will be deemed as your admission that the Notice was improperly issued and that your office had no right to enforce the mortgage loan pursuant to UCC and therefore, have no right to foreclose on my Home.

# SECTION 1

**IF YOU CLAIM** to be a trustee or agent appointed to conduct a foreclosure of my Home:

a. Please specify your appointed role as an agent, trustee, or function in some other appointed role.

b. Please provide the name, address, and phone number of the company and the person(s) at that company who instructed you to commence this foreclosure process. I deem your receipt of this letter to be receipt by your customer, too, and I require responses by you and your customer accordingly.

Certified Mail 7015 0640 0007 6199 6049

 c. Please describe the portion or text of any document I executed regarding the mortgage loan that authorizes you to perform the foreclosure services you have agreed to perform regarding my Home.

 d. If you claim you received only a verbal instruction to initiate this foreclosure process, please identify the date that instruction, and the name and identity of the person, and phone number of the person who gave that instruction to you.

 e. Please explain everything you did to assure yourself that the company or person who instructed you to initiate the foreclosure process was, in fact, authorized to do so by law. Further, please provide a copy of each document, digital or hardcopy you reviewed when making that assessment.

 f. Please provide a copy of the contract or agreement, and each of them, if there was one, by which you were engaged to act as trustee regarding the foreclosure of my Home.

 g. Please provide a copy of all communications, whether email, fax, letter, or otherwise, that you have received or sent regarding my Home.

 h. If you have an office manual or policy statement about how and when you engage in and prosecute foreclosures, please provide a copy.

 i. Your failure to provide the requested information will be deemed your admission that you have engaged in this foreclosure process without authority and in violation of the terms of the mortgage loan documents and the laws of the state in which the Home is located.

# SECTION 2

**IF YOU ARE** an attorney or law firm that represented a company that was involved with the demands and foreclosure related threats of the Notice:

 a. Identify your client or clients with name, address, phone number, and a description of client's relationship to the mortgage loan and Home.

 b. Identify your contact person for each such identified client, one such his or her name, address, employer, and phone number.

 c. I deem your receipt of this letter to be receipt by your client and I require responses by you and your client(s) accordingly.

# SECTION 3

**IF YOU CLAIM** that you were entitled to enforce the mortgage loan according to the Uniform Commercial Code as adopted by Michigan, and not in the capacity as a servant for whomever might be that person:

Certified Mail 7015 0640 0005 0093 6939

a.  Then explain and identify the circumstances by which you obtained that right and when.

b.  If you claim to have physical possession of the Note I executed, please let me know when you will make the Note available for inspection and copying. The place you select must be close to my Home, unless we all agree otherwise.

c.  Please provide a complete accounting of the amount alleged due under the Note from its inception to the current time, including every credit and debit. Please account for each and any insurance proceeds, claim settlement, or warranty payments made regarding the note and my Home.

d.  If you maintain that no insurance, claim settlement, or warranty payment have been sought or received that involve, directly or indirectly, the mortgage loan and Home, please state so in an affidavit under oath executed by one of your officers who is also your employee.

e.  Please provide a complete history of each transfer of the physical Note and each sale, transfer, exchange or assignment of the mortgage loan in full or in part from its creation to the current time, including but not limited to the name, address, and phone number of each transferor and each transferee in that chain.

f.  Further, for each transfer or transaction, please provide in addition to the acts of the assignment or conveyance instrument, the contracts or agreements associated with the respective transfer or transaction, as made by the parties to each respective transfer or transaction.

g.  Also, please identify the source or sources of your information regarding that chain of activity regarding the mortgage loan.

h.  Please provide a copy of each email, fax, letter, or other communication you sent to or received from any person or company regarding the mortgage loan since its inception.

# SECTION 4

**IF YOU work for a company that claimed the RIGHT TO ENFORCE** the mortgage loan pursuant to the Uniform Commercial Code as adopted by Michigan:

a.  Then identify that company with its name, address, and phone number, and identify the person or persons at that company to whom you report.

b.  If you are an agent or servant, I deem that your receipt of this letter constitutes receipt by the company for which you are working, and we require that company to respond as if it received this letter directly rather than through you.

c.  Please provide the contract, agreement, or document by which you were engaged to provide services for that company regarding my Home.

Certified Mail 7015 0640 0007 0150 0040

d.   If more than one contract or agreement is involved, please provide complete copies of each.

e.   Please admit that you hold no economic interest in the mortgage loan or Home. If you maintain otherwise, please explain and provide each and all documents that you assert create an economic interest in the mortgage loan or Home

f.   Please have the company you claim hired you regarding my Home to provide by the hand of one of its employees, directly to me, its affirmation of your engagement and authority to represent it respecting my Home and the Notice, and all of its documents regarding the mortgage loan

g.   Please provide a copy of the document or instrument on which that company declared a default under the mortgage loan and instructed you or some other person to commence collection actions regarding same

h.   If you claim that instruction was verbal, please identify the person who gave it to you and include the date of that instruction and that person's name, address, employer, and phone number.

You are welcome to answer that you have no such information with which to reply to any particular request.

Any delay in providing the required answers and documentation will be deemed your admission, pending proof to the contrary, that the **Notice** was issued by mistake and that neither you nor the company you claim to represent, if applicable, actually had the right by law to make the demands and threats included in the **Notice** or initiate an action against my home.

Respectfully,

*P J Cotter*

P J Cotter

Certified Mail 7015 0640 0007 0199 6100

# FOURTH REQUEST

Nothing under <u>Michigan's Uniform Commercial Code, § 440.1101 et seq.</u>, FDCPA, RESPA, or Regulation X, or any other Act precludes a Qualified Written Request **OR** <u>an inquiry regarding the status of a Note Holder</u> from being sent during litigation or while a borrower's bankruptcy is pending, even if the information sought might be obtained under applicable discovery rules.

## History

On April 9, 2013, I sent you a UCC Demand Letter very similar to the body of this letter. You did not respond. On June 17, 2013, I sent a reminder letter. The second letter was ignored. On February 21, 2014, I sent a third Demand Letter/Inquiry. I received have received no meaningful response from person or entity working in concert with you to enforce my note.

## Nature of Demand/Inquiry

I am seeking records showing the complete evolutionary path of the Note. That is, all negotiations of the Note and transfers of any rights, from its inception through today. This request will not be satisfied with a proffering of the note and allonge showing a blank indorsement and assignment of Mortgage.

## Consequences of Not Responding in Full

IF MY HOME IS SOLD BEFORE I RECEIVE A COMPLETE AND MEANINGFUL RESPONSE FROM YOU, I WILL FILE A FORMAL COMPLAINT WITH THE CONSUMER FINANCIAL PROTECTION BUREAU AND YOU WILL BE NAMED IN A WRONGFUL FORECLOSURE ACTION. It is my contention I have a legal right to challenge the holder of my Note.

July 27, 2016

P J Cotter
P.O. Box 131
Anchorville, MI 48004-0131

Ocwen Loan Servicing, LLC - Research
P.O. Box 24736
West Palm Beach, FL 33416-4736

      Ocwen #:        307722389
      Property Address:   6243 Church Rd. Ira MI 48023-1215

Dear Madam or Sir,

You and others have either declared a default on my Note, or initiated a foreclosure action without demonstrated authority under <u>Michigan's Uniform Commercial Code, § 440.1101 et seq.</u> (UCC).

Case
Cotter v US Bank

Exhibit
Ptf 24

1

Certified Mail 7015 0640 0007 0199 6100

# **FOURTH REQUEST**

A note holder with the aid of its agents and servicers sent various documents to me as notices of intent to accelerate, a notice of default, and subsequent references to the default. You acted as the note holder or an agent who sent documents which made references to a default.

Different parties presented warnings, threats, notices, and ultimately issued a notice of Default (the "**Notice**") then initiated a foreclosure action. This and all other references to such in the public record, if any, have created confusion as to the status of the parties now and then.

I do not know if you had the legal rights alleged in the **Notice**.

Since you initiated or aided others in seeking to enforce my Note, I need to determine whether the **Notice** had any legal validity. I believe you are working in concert with others to initiate wrongful foreclose on my home.

**AS SALE IS IMMINENT**, I am demanding you provide within **SEVEN (7)** calendar days from the **DATE OF RECEIPT** of this letter, the information requested below and any additional information or documents you think established your right to make the demands or carry out the threats of the **Notice**.

Your compliance with this request will not require much time or effort if, in fact, you have or had such rights and you verified the same before sending the Notice to me.

1. **Respond fully to the <u>Sections</u> below that apply to <u>You</u>.**

2. For clarification, let me know which parts you believe do not apply to you. Failure to eliminate any particular level of involvement will be deemed as your admission that you are claiming responsibility for such regarding the mortgage loan.

3. If you have a document that is responsive to this request, please provide a copy of the entire document, including exhibits.

A summary, abstract, or comment about a document is not acceptable, and will not be treated as genuine evidence supporting whatever position you claim regarding the mortgage loan and Home.

Silence or an incomplete response will be deemed as your admission that the Notice was improperly issued and that your office had no right to enforce the mortgage loan pursuant to UCC and therefore, have no right to foreclose on my Home.

2

Certified Mail 7015 0640 0007 0199 6100

# FOURTH REQUEST

## SECTION 1

**IF YOU CLAIM** to be a trustee or agent appointed to conduct a foreclosure of my Home:

a.  Please specify your appointed role as an agent, trustee, or function in some other appointed role.

b.  Please provide the name, address, and phone number of the company and the person(s) at that company who instructed you to commence this foreclosure process. I deem your receipt of this letter to be receipt by your customer, also, and I require responses by you and your customer accordingly.

c.  Please describe the portion or text of any document I executed regarding the mortgage loan that authorizes you to perform the foreclosure services you have agreed to perform regarding my Home.

d.  If you claim you received only a verbal instruction to initiate this foreclosure process, please identify the date of that instruction and the name, address, employer, and phone number of the person who gave that instruction to you.

e.  Please explain everything you did to assure yourself that the company or person who instructed you to initiate the foreclosure process was, in fact, authorized to do so by law. Further, please provide a copy of each document, digital or hardcopy, you reviewed when making that assessment.

f.  Please provide a copy of the contract or agreement, and each of them if more than one, by which you were engaged to act as trustee regarding the foreclosure of my Home.

g.  Please provide a copy of all communications, whether email, fax, letter, or otherwise, that you have received or sent regarding my Home.

h.  If you have an office manual or policy statement about how and when you engage in and prosecute foreclosures, please provide a copy.

i.  Your failure to provide the requested information will be deemed your admission that you have engaged in this foreclosure process without authority and in violation of the terms of the mortgage loan documents and the laws of the state in which the Home is located.

## SECTION 2

**IF YOU ARE** an attorney or law firm that represented a company that was involved with the demands and foreclosure related threats of the Notice:

3

Certified Mail 7015 0640 0007 0199 6100

# FOURTH REQUEST

a.  Identify your client or clients with name, address, phone number, and a description of client's relationship to the mortgage loan and Home.

b.  Identify your contact person for each such identified client, including his or her name, address, employer, and phone number.

c.  I deem your receipt of this letter to be receipt by your client and I require responses by you and your client(s) accordingly.

# SECTION 3

**IF YOU CLAIM** that you were entitled to enforce the mortgage loan according to the Uniform Commercial Code as adopted by Michigan, and not in the capacity as a servant for whomever might be that person:

a.  Then explain and identify the circumstances by which you obtained that right and when.

b.  If you claim to have physical possession of the Note I executed, please let me know when you will make the Note available for inspection and copying. The place you select must be close to my Home, unless we all agree otherwise.

c.  Please provide a complete accounting of the amount alleged due under the Note from its inception to the current time, including every credit and debit. Please account for each and any insurance proceeds, claim settlement, or warranty payments made regarding the note and my Home.

d.  If you maintain that no insurance, claim settlement, or warranty payments have been sought or received that involve, directly or indirectly, the mortgage loan and Home, please state so in an affidavit under oath executed by one of your officers who is also your employee.

e.  Please provide a complete history of each transfer of the physical Note and each sale, transfer, exchange or assignment of the mortgage loan, in full or part, from its creation to the current time, including but not limited to the name, address, and phone number of each transferor and each transferee in that chain.

f.  Further, for each transfer or transaction please provide, in addition to any resulting assignment or conveyance instrument, the contract(s) or agreement(s) involved with the respective transfer or transaction, as made by the parties to each respective transfer or transaction.

g.  Also, please identify the source or sources of your information regarding that chain of activity regarding the mortgage loan.

4

Certified Mail 7015 0640 0007 0199 6100

# **FOURTH REQUEST**

h.   Please provide a copy of each email, fax, letter, or other communication you sent to or received from any person or company regarding the mortgage loan since its inception.

# **SECTION 4**

## **IF YOU work for a company that claimed the RIGHT TO ENFORCE** the mortgage loan pursuant to the Uniform Commercial Code as adopted by Michigan:

a.   Then identify that company with its name, address, and phone number, and identify the person or persons at that company to whom you report.

b.   If you are an agent or servant, I deem that your receipt of this letter constitutes receipt by the company for which you are working, and we require that company to respond as if it received this letter directly rather than through you.

c.   Please provide the contract, agreement, or document by which you were engaged to provide services for that company regarding my Home.

d.   If more than one contract or agreement is involved, please provide complete copies of each.

e.   Please admit that you hold no economic interest in the mortgage loan or Home. If you maintain otherwise, please explain and provide each and all documents that you assert create an economic interest in the mortgage loan or Home.

f.   Please have the company you claim hired you regarding my Home to provide by the hand of one of its employees, directly to me, its affirmation of your engagement and authority to represent it respecting my Home and the Notice, and all of its documents regarding the mortgage loan.

g.   Please provide a copy of the document or documents by which that company declared a default under the mortgage loan and instructed you or some other person to commence collection actions regarding same.

h.   If you claim that instruction was verbal, please identify the person who gave it to you and include the date of that instruction and that person's name, address, employer, and phone number.

You are welcome to answer that you have no such information with which to reply to any particular request.

Certified Mail 7015 0640 0007 0199 6400

# FOURTH REQUEST

Any delay in providing the required answers and documentation will be deemed your admission, pending proof to the contrary, that the **Notice** was issued by mistake and that neither you nor the company you claim to represent, if applicable, actually had the right by law to make the demands and threats included in the **Notice** or initiate an action against my home.

Respectfully,

P J Cotter

P J Cotter

6