# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PJ COTTER,

    Plaintiff,

v.

U.S. BANK, N.A. AS TRUSTEE FOR GREENPOINT MORTGAGE FUNDING TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR4; OCWEN LOAN SERVICING, LLC; and TROTT LAW, P.C.,

    Defendants.

Case No. 16-13080

Honorable Sean F. Cox

Magistrate Judge Anthony P. Patti

## BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO CORRECT CLERICAL ERROR UNDER FRCP 60(A)

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF ISSUE PRESENTED .............................................................. iii

STATEMENT OF CONTROLLING AUTHORITY ............................................. iv

INTRODUCTION .................................................................................................. 1

BACKGROUND .................................................................................................... 1

ARGUMENT .......................................................................................................... 3

    I.    STANDARD OF REVIEW ................................................................... 3

    II.    PLAINTIFF HAS NOT IDENTIFIED ANY MISTAKE, OVERSIGHT, OR OMISSION .............................................................. 3

    III.    THIS COURT SHOULD NOT GRAND PLAINTIFF LEAVE TO AMEND .......................................................................................... 4

CONCLUSION AND RELIEF REQUESTED ...................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Duggins v. Steak 'N Shake, Inc.*,
    195 F.3d 828 (6th Cir. 1999) ................................................................................5

*In re Walter*,
    282 F.3d 434 (6th Cir. 2002) ................................................................................3

*Miller v. Calhoun County*,
    408 F.3d 803 (6th Cir. 2005) ................................................................................5

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*,
    650 F.3d 1046 (6th Cir. 2011) ..............................................................................4

**RULES**

Fed. R. Civ. P. 6(d) ......................................................................................................3

Fed. R. Civ. P. 12(b)(6) ...............................................................................................5

Fed. R. Civ. P. 15 .....................................................................................................4, 5

Fed. R. Civ. P. 60(a) ........................................................................................1, 2, 3, 4

Local Rule 7.1(h) .........................................................................................................4

## **STATEMENT OF ISSUE PRESENTED**

Should this Court deny Plaintiff's Motion (DE 31) where Plaintiff has not identifying any mistake, oversight, or omission, and because Plaintiff improperly seeks reconsideration of the Court's order adopting the Magistrate Judge's Report and Recommendation?

Defendants answer "yes."

Plaintiff would answer "no."

This Court should answer "yes."

## **STATEMENT OF CONTROLLING AUTHORITY**

Defendants rely on Fed. R. Civ. P. 60 and the additional authorities cited below.

## INTRODUCTION

The Court should deny Plaintiff's "Motion to Correct Clerical Error in Order Under FRCP 60(a)" ("Motion") [DE 31]. Plaintiff relies upon Fed. R. Civ. P. 60(a) to request a correction to this Court's May 2, 2017 order adopting the Magistrate Judge's Report and Recommendation (the "Order"), which recommended that Defendants' Motion to Dismiss be granted.

Plaintiff's Motion does not meet the requirements of Rule 60(a). He has not identified any "clerical mistake or a mistake arising from oversight or omission." His Motion is effectively an untimely motion for reconsideration of the Court's Order, and should be denied.

## BACKGROUND

*The Loan, the Default, and the Lawsuits*

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as Trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR4 (the "Trustee") (collectively "Defendants") incorporate by reference the background information set forth in Defendants' Motion to Dismiss (DE 5).

*This Court Grants the Motion to Dismiss*

On April 4, 2017, the Magistrate Judge recommended that Defendants' Motion to Dismiss be granted. (DE 24). The Magistrate Judge's Report and

1

Recommendation ("R&R") explicitly noted that the parties "are required to file any objections within 14 days of service." *Id.* at 20.

Plaintiff filed two sets of objections that addressed the Motion to Dismiss, the first on April 21, 2017, and the second on April 24, 2017. (DE 26, 28).

On May 2, 2017, this Court adopted the R&R in its entirety, granting Defendants' Motion to Dismiss and dismissing Plaintiff's claims with prejudice. (DE 29). The Court found that Plaintiff's objections did not "appear to have been timely filed," but noted that, "more importantly, having reviewed the magistrate judge's two R&Rs and Plaintiff's stated objections to then, the Court concurs with the magistrate judge's careful analysis and finds Plaintiff's objections to be without merit." *Id.* at 2. That same day, the Court entered Judgment in Defendants' favor. (DE 30).

*Plaintiff Files His Motion for Relief from Judgment*

On May 18, 2017, Plaintiff filed a Motion "to Correct Clerical Error in Order Under FRCP 60(a)" (the "Motion"). (DE 31). Fed. R. Civ. P. 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found . . . .".

Specifically, Plaintiff asks the Court to "amend its Order to accommodate the timeliness of his Objections and subsequent Amended Objection," or to "vacate

2

its Order and Judgment and grant Plaintiff 28 days to amend his Complaint." (DE 31 at Pg ID 1018).

# ARGUMENT

## I.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 60(a), the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found . . . .". The Court has the power to amend its orders pursuant to Rule 60(a) to correct drafting errors so long as that correction does not affect the parties' substantive rights. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002)

## II.  PLAINTIFF HAS NOT IDENTIFIED ANY MISTAKE, OVERSIGHT, OR OMISSION.

Plaintiff's Motion should be denied for the simple reason that he has not identified any meaningful mistake, oversight, or omission.  Even if Plaintiff's initial Objections (DE 26) were timely filed,[1] his Amended Objections (DE 28), filed twenty days after service of the R&R, were clearly untimely.  Moreover, the Court explicitly noted that, regardless of the timeliness of Plaintiff's filings: "the Court concurs with the magistrate judge's careful analysis and finds Plaintiff's objections to be without merit." (DE 29 at 2).  Thus, Plaintiff's concern that the

---

[1] Plaintiff argues that he was entitled to an additional 3 days to file objections because he received the R&R via U.S. Mail and not via ECF. (DE 31 at Pg ID 1024-25).  *See* Rule 6(d).

3

Court "failed to give full consideration to his objections given they were viewed as late," is unfounded.

Further, if Plaintiff wished to challenge the Order, he should have filed a timely motion for reconsideration under Local Rule 7.1(h). He did not. Having missed that deadline, Plaintiff cannot dress up an untimely motion for reconsideration as a timely motion under Rule 60. *See, e.g.,* DE 31 at Pg ID 1024 ("There is no deadline to file this Motion."). Because Plaintiff has not identified any meaningful mistake, oversight, omission that should be corrected pursuant to Rule 60(a), his Motion should be denied.

## III. THIS COURT SHOULD NOT GRANT PLAINTIFF LEAVE TO AMEND.

Plaintiff has not filed a motion to amend the complaint, nor has he submitted a proposed amended complaint. Even so, Plaintiff still requests leave amend his Complaint (which is the third complaint Plaintiff has filed since 2012 to delay proper foreclosure proceedings). Plaintiff should not be allowed to amend the Complaint. *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.,* 650 F.3d 1046, 1052-53 (6th Cir. 2011) (a party may waive its right to amend when it fails to file a formal motion).

While Fed. R. Civ. P. 15 provides that "leave shall be freely given when justice so requires," a motion to amend a complaint should be denied "in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive,

4

repeated failure to cure deficiencies by amendments previously allowed, or futility." Fed. R. Civ. P. 15 (a); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). A motion to amend a pleading is futile when the proposed amended pleading itself would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

Here, Plaintiff has not identified any proposed amended claims, and the claims recently before this Court were properly dismissed because Plaintiff "failed to state a claim upon which relief can be granted against Defendants U.S. Bank and Ocwen." (DE 24 at 19). This Court should not grant Plaintiff leave to amend.

## **CONCLUSION AND RELIEF REQUESTED**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion and grant such other relief as is appropriate.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ Nasseem S. Ramin
Thomas M. Schehr (P54391)
Nasseem S. Ramin (P73513)
*Attorneys for Defendants Ocwen Loan Servicing, LLC and U.S. Bank National Association, as Trustee*
400 Renaissance Center, 37th Floor
Detroit, MI 48243
(313) 568-5326
tschehr@dykema.com
nramin@dykema.com

Date: May 30, 2017

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all registered recipients, and also upon the following by first-class United States mail, with postage prepaid:

PJ Cotter
PO Box 131
Anchorville, MI 48004

/s/ Nasseem S. Ramin

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243