# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 27, 2017

Mr. P. J. Cotter
P.O. Box 131
Anchorville, MI 48004

Mr. Thomas M. Schehr
Dykema Gossett
400 Renaissance Center
Detroit, MI 48243

Mr. Richard Arthur Welke
Trott & Trott
31440 Northwestern Highway
Suite 200
Farmington Hills, MI 48334

> Re: Case No. 17-1653, *P. Cotter v. U.S. Bank, N.A., et al*
> Originating Case No. : 2:16-cv-13080

Dear Mr. Cotter and Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jeanine R. Hance
Case Manager
Direct Dial No. 513-564-7037

cc: Ms. Nasseem Sara Ramin
   Mr. David J. Weaver

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 17-1653

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|   |   |
|---|---|
| P. J. COTTER, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| U.S. BANK, N.A., as Trustee for GreenPoint | ) THE EASTERN DISTRICT OF |
| Mortgage Funding Trust Mortgage Pass-Through | ) MICHIGAN |
| Certificates, Series 2006-AR4, et al., | ) |
| | ) |
| Defendants-Appellees. | ) |

FILED<br>Dec 27, 2017<br>DEBORAH S. HUNT, Clerk

O R D E R

Before: ROGERS, SUTTON, and BUSH, Circuit Judges.

P.J. Cotter, proceeding pro se, appeals a district court judgment dismissing his complaint filed pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and state law. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Seeking to obtain monetary relief and halt foreclosure proceedings, Cotter filed suit in state court against U.S. Bank, N.A., as Trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR4 ("U.S. Bank"); Ocwen Loan Servicing, LLC ("Ocwen"); and Trott Law, P.C. ("Trott"). Cotter challenged various actions by the defendants on the basis that they had not shown that U.S. Bank was the rightful holder of his note after he sent demand letters pursuant to the Uniform Commercial Code ("UCC"). *See* Mich. Comp. Laws § 440.1101, *et seq.* Specifically, Cotter asserted that the defendants (1) violated the FDCPA by engaging in debt-collection efforts after he sought verification of the

debt; (2) breached written, statutory, and implied contractual obligations of good faith and fair dealing by failing or refusing to prove that U.S. Bank was the rightful holder of the note, by assessing late fees, and by initiating foreclosure proceedings; (3) unjustly enriched themselves; (4) converted his property; (5) slandered his title by attempting to foreclose by advertisement; (6) made misrepresentations regarding his mortgage loan; and (7) unlawfully attempted to foreclose by advertisement.

The defendants removed the action to federal court. Ocwen and U.S. Bank filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Trott filed a "motion for summary judgment/dismissal," construed by the district court as filed pursuant to Rule 12(c). Cotter filed responses, and the defendants filed replies.

With respect to Ocwen and U.S. Bank, the magistrate judge recommended that the claims be dismissed for the reasons that follow. First, the defendants sent adequate, written verification of the debt to Cotter upon his request. Second, no cause of action existed under Michigan law for a breach of an implied covenant of good faith and fair dealing, Michigan's codification of the UCC did not apply to mortgage foreclosures, and the defendants had the authority to foreclose by advertisement under Michigan law. Third, the doctrine of unjust enrichment did not apply because the parties had express contracts, i.e., the note and the mortgage. Fourth, a Michigan plaintiff may bring a cause of action for conversion only for a tort involving personal property, whereas Cotter asserted contractual violations regarding real property. Fifth, the slander-of-title claim failed because U.S. Bank had a right to foreclose and because Cotter admitted that he had ceased making mortgage payments. Sixth, Cotter failed to plead misrepresentation with particularity. Seventh, as stated previously, the defendants had the right to foreclose, and the UCC did not apply.

As for Trott, the magistrate judge reasoned that the firm fulfilled any duty that it had under the FDCPA by timely and adequately verifying Cotter's debt. The magistrate judge further determined that Cotter made conclusory allegations against Trott in the breach-of-contract, conversion, and slander-of-title claims, that Cotter made no allegations against Trott in

the remaining claims, and that Trott was not liable as an agent for U.S. Bank. Cotter filed three sets of objections.

The district court dismissed the complaint on the grounds that the objections did not "appear" to be timely, that it concurred with the magistrate judge's analysis, and that the objections were without merit. Cotter filed a motion to correct a clerical error, *see* Fed. R. Civ. P. 60(a), arguing that his objections were timely when three days were added for service, *see* Fed. R. Civ. P. 6(d). Alternatively, he sought leave to amend his complaint. The district court denied the motion.

In his timely appeal, Cotter reasserts that his objections were timely. He argues that the district court did not review his objections de novo and erred by granting the dispositive motions without considering his UCC arguments, which were intertwined with his FDCPA claims. Additionally, Cotter contends that the district court erred by not giving him an opportunity to amend.

Ocwen and U.S. Bank argue that Cotter failed to describe any specific error by the district court, that the third set of objections was untimely, and that the district court properly dismissed the claims upon de novo review. They further argue that the district court properly denied leave to amend the complaint. Trott argues that Cotter forfeited his right to appeal because his objections were untimely, and he does not raise specific arguments against the firm on appeal.

Cotter responds that his claims are "UCC centric," not "mortgage-centric," and that he thus is entitled to relief on most of his claims. He concedes that his fifth and sixth claims were not well-pleaded but reasserts that the district court should have granted him leave to amend the complaint.

A petitioner's failure to file timely, specific objections to a magistrate judge's report and recommendation generally forfeits appellate review. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (applying former version of 28 U.S.C. § 636(b)(1)). Where the district court exercised its discretion to consider the

objections on the merits, this court may as well. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). Likewise, this court may reach the merits of the claims where the district court mistakenly concluded that the objections were untimely. *See Mabry v. United States*, No. 90-5270, 1992 WL 1320, at *2 n.1 (6th Cir. Jan. 6, 1992) (unpublished table decision).

We will consider Cotter's appeal on the merits because his first two sets of objections were timely, and, in any event, the district court reviewed all of the objections de novo. The magistrate judge issued the reports and recommendations on April 4, 2017, and April 5, 2017. Cotter then had fourteen days to file a response, plus an additional three days because the objections were served by mail. *See* Fed. R. Civ. P. 6(d), 72(b)(2). Thus, Cotter had until April 21, 2017, and April 22, 2017, respectively, to file objections. But because April 22, 2017, fell on a Saturday, Cotter had until April 24, 2017, to file objections to the latter report. *See* Fed. R. Civ. P. 6(a)(1)(C). Cotter filed his original objections to the earlier report on April 21, 2017, and his objections to the latter report on April 24, 2017. Thus, those objections were timely. His last set of objections, which amended the first set and was not filed until April 24, 2017, was untimely. Nonetheless, the district court exercised its discretion to consider the merits of all of the objections, and we will as well. Although the district court did not explicitly state that it reviewed the objections de novo, we will presume that it did because the parties have not identified any persuasive indication to the contrary. *See Ivy v. Sec'y of Health & Human Servs.*, 976 F.2d 288, 289 (6th Cir. 1992); *see also Baidas v. Jenifer*, 123 F. App'x 663, 667-68 (6th Cir. 2005).

We review de novo a district court judgment dismissing a complaint pursuant to Rule 12(b)(6). *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015). In determining whether a complaint states a claim, a court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Wesley*, 779 F.3d at 428. "[O]nce a claim has been stated adequately,

it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. We also review de novo a complaint dismissed under Rule 12(c). *Wilmington Tr. Co. v. AEP Generating Co.*, 859 F.3d 365, 370 (6th Cir. 2017).

As an initial matter, we observe that Cotter has forfeited all claims not related to the UCC by failing to raise them in his opening brief. Issues raised in the district court but not on appeal are considered abandoned and are not reviewable. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). Thus, we will not consider any non-UCC claims.

The district court properly concluded that Cotter failed to state a claim under the UCC. Michigan's codification of the UCC simply does not apply to mortgages, the underlying promissory notes, or mortgage foreclosures. *See, e.g.*, *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 365-66 (6th Cir. 2014) (holding that Michigan's UCC does not apply to mortgage foreclosures and rejecting claim that mortgagee and its debt collector could not conduct a foreclosure because neither was the holder of the note); *Schare v. Mortg. Elec. Registration Sys., Inc.*, No. 11-CV-11889, 2012 WL 2031958, at *2 (E.D. Mich. June 6, 2012) (unpublished order) (assuming that the Michigan Supreme Court in *Residential Funding Co. v. Saurman*, 805 N.W.2d 183, 183-84 (Mich. 2011), rejected *sub silentio* a proffered argument that a mortgagee could not meet the UCC requirements to enforce a note and thus could not foreclose by advertisement).

Cotter challenges the district court's failure to grant his requests for leave to amend his complaint in his response to Trott's Rule 12(c) motion in his objections to the magistrate judge's recommendation to grant Trott's motion, and in his post-judgment Rule 60(a) motion.

Requests to amend a complaint, whether pre- or post-judgment, are reviewed for abuse of discretion. *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (pre-judgment); *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) (post-judgment). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 433 (6th Cir. 2005) (quoting *Bowling v.*

*Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).  Leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), but a party seeking to amend after the judgment faces a heavier burden and "must meet the requirements for reopening a case established by [Federal Rules of Civil Procedure] 59 or 60."  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).

The district court did not abuse its discretion when it implicitly denied Cotter's requests to amend his complaint.  Cotter never tendered a proposed amendment and therefore did not demonstrate that an amended complaint would withstand a Rule 12(b)(6) motion or meet the requirements of Rule 59 or 60.  *See Beydoun*, 871 F.3d at 469; *Leisure Caviar*, 616 F.3d at 616.

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk